UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JITENDRA JAIN,
MANISH ARORA,
SCARIYA KUMARAMANGALAM,
HARSH DATTA,
BALVANT ARORA,

      Plaintiffs,                                          Case No.: 8:20-cv-02263-VMC-JSS

v.

NEXGEN MEMANTINE, INC.,
SUREN AJJARAPU,
ANNAPURNA GUNDLAPALLI,
GAJAN MAHENDIRAN,
TRXADE, INC., WESTMINSTER
PHARMACEUTICALS, LLC,

      Defendants.
_____/

SUREN AJJARAPU,

      Cross-Plaintiff,

v.

GAJAN MAHENDARIN, and
NEXGEN MEMANTINE, INC.,

      Cross-Defendants.
_____/

**DEFENDANT/CROSS-PLAINTIFF SUREN AJJARAPU'S
VERIFIED CROSSCLAIM AGAINST CO-DEFENDANT GAJAN
MAHENDIRAN AND NOMINAL DEFENDANT NEXGEN MEMANTINE, INC.**

Defendant/Cross-Plaintiff Suren Ajjarapu ("Ajjarapu"), on behalf of all other similarly situated shareholders and derivatively on behalf of Nominal Defendant Nexgen Memantine, Inc. ("Nexgen Memantine" or the "Company"), and pursuant to Federal Rules of Civil Procedure 13(g)

and 23.1(b), files this Crossclaim against Co-Defendant Gajan Mahendiran ("Mahendiran") and Co-Defendant/Nominal Defendant Nexgen Memantine, stating as follows:

## INTRODUCTION

This suit concerns the legally improper acts of president and officer of Nexgen Memantine, Inc., Gajan Mahendiran. Mahendiran wrongfully interfered with the business operations and contracts of the largest shareholder of Nexgen Memantine, Nexgen Life Sciences, LLC, despite Mahendiran's knowledge that his interference would directly and significantly damage Nexgen Memantine shareholders. Mahendiran also misappropriated and wasted corporate assets by taking Company assets in the form of a loan without giving the Company anything of value in exchange and refusing to give said assets back to the Company. Mahendiran's acts were done because he wanted to benefit himself at the expense of the Company, whose best interests he was legally obligated but has failed to serve.

## PARTIES, RELEVANT NONPARTIES, AND JURISDICTION

1. Defendant/Cross-Plaintiff Suren Ajjarapu is a resident of Hillsborough County, Florida. Ajjarapu is a shareholder of Nexgen Memantine.

2. Nominal Defendant Nexgen Memantine, Inc. is a Wyoming corporation, with its principal place of business located at 8913 Regents Park Drive, Suite #550, Tampa, Florida 33647.

3. On information and belief, Defendant Gajan Mahendiran is a resident of Fauquier County, Virginia. Mahendiran is president and officer of Defendant Nexgen Memantine, Inc.

4. Non-party Nexgen Life Sciences, LLC, ("Nexgen Life Sciences"), is a Wyoming corporation, with its principal place of business located at 8913 Regents Park Drive, Suite #550, Tampa, Florida 33647.

5. This Court has jurisdiction under 28 U.S.C. § 1367(a) because this crossclaim is supplemental to the claims over which the Court has original jurisdiction in that the claims set forth below are so related to the claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. This Court has jurisdiction over Mahendiran because the actions that give rise to the Complaint and this Crossclaim were taken by Mahendiran in his position as president and officer of Nexgen Memantine, which has its principal place of business in Hillsborough County, Florida. Mahendiran is subject to the jurisdiction of this Court by virtue of having operated, conducted, engaged in, or carried on a business or business venture in person in this state, and having committed a tortious act within this state. See Fla. Stat. § 48.193(1)(a). The derivative action is not a collusive one to confer jurisdiction that the court would otherwise lack.

7. This District Court is the proper venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Cross-Plaintiffs' claims occurred in Hillsborough County, Florida, and under 28 U.S.C. § 1401 because a civil action by a stockholder on behalf of his corporation may be prosecuted in this district because Nexgen Memantine's principal place of business is in this District.

**GENERAL ALLEGATIONS**

*Background*

8. Non-party Nexgen Life Sciences is a pharmaceutical company that maintains the right to distribute certain FDA-approved pharmaceuticals and compounds within the United States.

9. Nexgen Life Sciences is owned by multiple individuals. The distribution of ownership interests is such that no single individual maintains a controlling or majority voting interest in Nexgen Life Sciences.

10. Defendant Mahendiran is 50% owner of non-party Nexgen Life Sciences. Other non-party individuals own the other 50%.

11. Nexgen Life Sciences entered into an agreement (the "Agreement") with MSN, an Indian pharmaceutical company, to develop two Molecules and get FDA approval so that Nexgen Life Sciences can distribute those medicines in the US.

12. Nexgen Life Sciences anticipated that it would earn a substantial profit from the Agreement with MSN.

### Nexgen Memantine's Creation and Purpose

13. Nexgen Memantine is a pharmaceutical company incorporated in 2015 to pursue FDA approval to manufacture and distribute a generic Alzheimer's treatment called Memantine (the "Proposed Treatment").

14. Nexgen Life Sciences owns 80% of the outstanding shares of Defendant Nexgen Memantine.

15. The remaining shares of Nexgen Memantine are held by various individuals, including Plaintiffs (the "Memantine Investors").

16. On information and belief, Memantine Investors were aware that the Proposed Treatment was speculative and required FDA approval before any profit could be realized.

17. On information and belief, even though Nexgen Memantine disclosed the speculative nature of the investment undertaken by the Memantine Investors, Nexgen Memantine and Nexgen Life Sciences agreed to a back-up plan to protect the Memantine Investors' principal.

18. On information and belief, Nexgen Memantine and Nexgen Life Sciences agreed to utilize the profits from the Agreement with MSN to return the Memantine Investors' principal if the Proposed Treatment failed to secure FDA approval.

*Mahendiran undermines the interests of*
*Nexgen Life Sciences and Nexgen Memantine*

19. As 50% owner of Nexgen Life Sciences, Mahendiran had intimate knowledge of how lucrative the agreement between MSN and Nexgen Life Sciences would be once the two molecules got approved.

20. On information and belief, Mahendiran also had knowledge of the responsibility that Nexgen Life Sciences had to the Memantine Investors if the FDA did not approve the Proposed Treatment. Namely that, on information and belief, Nexgen Life Sciences had agreed to use the proceeds from its Agreement with MSN to repay the principal to the Memantine Investors, if needed.

21. Instead of protecting Nexgen Memantine, the Memantine Investors, and Nexgen Life Sciences, Mahendiran chose to use this knowledge for his own personal gain.

22. On information and belief, without the knowledge or consent of any other shareholder of Nexgen Life Sciences, Mahendiran contacted MSN and attempted to undermine the Agreement and convert the profits away from Nexgen Life Sciences to his own benefit.

23. MSN interpreted Mahendiran's conduct as an anticipatory breach of the Agreement between it and Nexgen Life Sciences and, as a result, MSN marketed the molecules elsewhere.

24. Following this unauthorized and unjustified action, Mahendiran, as 50% shareholder of Nexgen Life Sciences, deliberately caused a deadlock among the shareholders of Nexgen Life Sciences by refusing to allow Nexgen Life Sciences to pursue a breach of contract claim or any other claim against MSN.

25. On information and belief, had Mahendiran not interfered with the agreement between Nexgen Life Sciences and MSN and had Mahendiran not refused to allow Nexgen Life

Sciences to pursue its claim against MSN, sufficient funds would have been available to repay the Memantine Investors.

*Mahendiran misappropriates and wrongfully withholds Nexgen Memantine Assets*

26. Having failed to abscond with the anticipated profits under the Agreement, Mahendiran next set his sights on the Memantine Investors' funds.

27. Mahendiran transferred certain corporate monetary assets of approximately $1,185,000.00 in a series of wires from Nexgen Memantine's account to his own as loans. Mahendiran represented that this money would be repaid.

28. Since then, Mahendiran, without reason or justification, has flatly refused to return the stolen assets.

29. Mahendiran labeled at least one wire transfer with the words "Trxade Invest", causing Plaintiffs to mistakenly believe that Trxade, Inc. and Ajjarapu, as Trxade's CEO, are responsible for Mahendiran's misappropriation of Nexgen Memantine's corporate assets.

*Mahendiran's actions left the Memantine Investors with nothing*

30. Unfortunately, the Proposed Treatment was not approved by the FDA. Consequently, the anticipated profits never materialized for Nexgen Memantine.

31. Adding insult to injury, Nexgen Memantine was not able to return the Memantine Investors' funds as planned because, on information and belief, Mahendiran had misappropriated the balance of the principal investments from the Nexgen Memantine accounts.

32. Mahendiran's unilateral and illegal actions created an unjustified windfall for himself and caused significant damages to Nexgen Memantine, the Memantine Investors, and Nexgen Life Sciences.

33. Mahendiran has deliberately acted to deprive Nexgen Memantine shareholders of their rights to the benefits, privileges, and responsibilities of stock ownership by wasting and misusing corporate assets and other similar actions as described above.

*Derivative and demand futility allegations*

34. Plaintiff, Ajjarapu, brings derivative claims in the right and for the benefit of Nexgen Memantine to redress injuries suffered and to be suffered by Nexgen Memantine as a direct result of Mahendiran's wrongful actions. Nexgen Memantine is named as a nominal party solely in a derivative capacity.

35. Ajjarapu, who is an owner of Nexgen Memantine stock, has standing to bring this action and will adequately and fairly represent the interests of Nexgen Memantine in enforcing and prosecuting its rights.

36. The derivative Defendant sued herein cannot exercise independent objective judgment in deciding whether to bring this action or whether to vigorously prosecute this action, and shareholders' demand upon Nexgen Memantine to take the action requested herein is excused as futile because: (1) Mahendiran owns 50% of Nexgen Life Sciences, is himself a defendant, and is the instigator and beneficiary of the wrongs alleged; therefore in order for Nexgen Life Sciences to vote to approve the action, Mahendiran would have to institute suit against himself, (2) by reason of equal division, Nexgen Life Sciences, which owns 80% of the outstanding shares of Nexgen Memantine, is deadlocked and unable to vote, and (3) because Nexgen Life Sciences cannot vote, Nexgen Memantine is unable to reach a quorum or majority to authorize action.

37. Cross-Plaintiff has retained the services of undersigned attorneys and is obligated to pay a reasonable attorneys' fee for the services rendered on Cross-Plaintiff's behalf, for which

Crossclaim Defendant is liable pursuant to the terms of the parties' agreements or other applicable law.

38. All conditions precedent to the filing and maintenance of this action have been performed, have occurred, or were waived.

## COUNT I
### Breach of Fiduciary Duty
*(Derivative action by Cross-Plaintiff Suren Ajjarapu on behalf of Nexgen Memantine against Gajan Mahendiran)*

39. Cross-Plaintiff Suren Ajjarapu readopts and realleges paragraphs 1 through 38 of this Crossclaim as if fully set forth herein.

40. As president and officer of Nexgen Memantine, Inc., Mahendiran owed a fiduciary duty of loyalty and care in conducting the business of Nexgen Memantine and conserving its assets. Additionally, as a fiduciary, Mahendiran was bound to act toward and deal with Nexgen Memantine and its shareholders with the utmost fidelity, loyalty, care and good faith.

41. By virtue of his conduct described above, Mahendiran willfully breached his fiduciary duty of loyalty and care by knowingly and recklessly causing MSN to breach its agreement with Nexgen Life Sciences and then refusing to allow Nexgen Life Sciences to assert its rightful claims against MSN, despite knowing such actions would directly damage Nexgen Memantine and its shareholders.

42. Mahendiran also breached his fiduciary duty of loyalty and care by transferring assets from Nexgen Memantine to himself with no consideration exchanged and by refusing to relinquish said assets with no justification despite repeated demand.

43. As a direct and proximate result of his breach of fiduciary duties, Nexgen Memantine shareholders have suffered damages and Nexgen Memantine is a Defendant in this litigation. But for the abdication of Mahendiran's fiduciary duties, Nexgen Memantine and its

shareholders would not have been damaged, and Nexgen Memantine would never have been made a Defendant in this suit.

WHEREFORE, Cross-Plaintiff Suren Ajjarapu, on behalf of all similarly situated shareholders of Nexgen Memantine, respectfully demands full and final judgment against Defendant Gajan Mahendiran, awarding damages together with interest on the judgment at the proper legal rate, plus court and litigation costs, expenses, reasonable attorneys' fees, and for such other relief to which the shareholders are rightly entitled.

## COUNT II
**Waste, Misuse, and Misappropriation of Corporate Assets**
(*Derivative action by Cross-Plaintiff Suren Ajjarapu on behalf of the shareholders of Nexgen Memantine against Gajan Mahendiran*)

50. Cross-Plaintiff Suren Ajjarapu, on behalf of the shareholders of Nexgen Memantine, Inc., readopts and realleges paragraphs 1 through 38 of this Crossclaim as if fully set forth herein.

51. Mahendiran, in his capacity as president and officer of Nexgen Memantine, has misappropriated corporate assets for his own use, used corporate property and funds to his personal benefit and misapplied and wasted corporate assets to the financial loss and detriment of Nexgen Memantine and its shareholders by transferring Company assets in the amount of approximately $1,185,000.00 in the form of a loan, but recklessly refusing to return the funds or provide the Company with anything of value in exchange for the loan.

52. As a direct and proximate result of the misappropriation and waste of corporate assets, Nexgen Memantine has been harmed because it cannot repay the Memantine Investors.

WHEREFORE, Cross-Plaintiff Suren Ajjarapu, on behalf of all similarly situated shareholders of Nexgen Memantine, respectfully demands full and final judgment against Defendant Gajan Mahendiran, awarding damages together with interest on the judgment at the

proper legal rate, plus court and litigation costs, expenses, reasonable attorneys' fees, and for such other relief to which the shareholders are rightly entitled.

## COUNT III
### Unjust Enrichment / Constructive Trust
*(Derivative action by Cross-Plaintiff Suren Ajjarapu on behalf of the shareholders of Nexgen Memantine against Gajan Mahendiran)*

50. Cross-Plaintiff Suren Ajjarapu, on behalf of the shareholders of Nexgen Memantine, Inc., readopts and realleges paragraphs 1 through 38 of this Crossclaim as if fully set forth herein.

51. On information and belief, Mahendiran made an express or implied promise to the Company that the transfers were loans and would be repaid to the Company.

52. In reliance on Mahendiran's promise of repayment, the Company transferred corporate assets in the amount of approximately $1,185,000.00 to Mahendiran.

53. A confidential relationship exists between the Company and Mahendiran because Mahendiran is president and officer of Nexgen Memantine.

54. By virtue of Mahendiran taking approximately $1,185,000.00 in Nexgen Memantine corporate assets and not providing anything in exchange for same, and by refusing to return said corporate funds, Mahendiran has been unjustly enriched because Nexgen Memantine has conferred a benefit on Mahendiran who has knowledge thereof because Mahendiran transferred said funds to himself, and Mahendiran voluntarily accepts and retains the benefit conferred because he has refused to give the corporate assets back to the Company or offer anything of value in exchange for the corporate assets.

55. The circumstances are such that it would be inequitable for Mahendiran to retain the benefit without first paying the value thereof to the Company.

WHEREFORE, Cross-Plaintiffs respectfully demand full and final judgment against Defendant Gajan Mahendiran, awarding damages together with interest on the judgment at the proper legal rate, plus court and litigation costs, expenses, reasonable attorneys' fees, and for such other relief to which Cross-Plaintiffs may show themselves rightly entitled.

### DEMAND FOR JURY TRIAL

Cross-Plaintiff demands a trial by jury of all matters so triable in this cause.

### DEMAND FOR ATTORNEYS' FEES

Defendant/Cross-Plaintiff has retained undersigned counsel to bring this case and is obligated to pay them their reasonable fee. Defendant/Cross-Plaintiff hereby demands an award of his reasonable attorneys' fees as allowed by law.

Respectfully submitted this 29th day of October 2020.

> */s/ Paul Thanasides*
> Paul B. Thanasides
> Florida Bar No.: 103039
> paul@mcintyrefirm.com
> CLService@mcintyrefirm.com
> Christa Queen-Sutherland
> Florida Bar No. 0091204
> christa@mcintyrefirm.com
> Garrett S. Severson
> Florida Bar No. 108259
> garrett@mcintyrefirm.com
> McIntyre Thanasides Bringgold Elliott
>   Grimaldi Guito & Matthews, P.A.
> 500 E. Kennedy Blvd., Suite 200
> Tampa, FL 33602
> Telephone: 813.223.0000
> Facsimile: 813.225.1221
> **Attorneys for Suren Ajjarapu, Annapurna Gundlapalli, Trxade, Inc.**

## VERIFICATION BY PLAINTIFF

I declare under penalty of perjury, that the foregoing is true and correct to the best of my personal knowledge and belief.

_____
Suren Ajjarapu

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 29, 2020, a true and correct copy of the foregoing document has been filed via the CM/ECF electronic filing system, and thereby served upon all counsel of record.

                /s/ Paul Thanasides
                Attorney