## IN THE UNITED STATE DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MANISH ARORA,
SCARIYA KUMARAMANGALAM,
HARSH DATTA, BALVANT ARORA,
as individuals, and derivatively on behalf
of NEXGEN MEMANTINE INC.,

        Case No.:  8:20-cv-02263-VMC-JSS

        Plaintiffs,

vs.

NEXGEN MEMANTINE INC., SUREN
AJJARAPU, ANNAPURNA GUNDLAPALLI,
GAJAN MAHENDIRAN, NEXGEN
LIFE SCIENCES LLC, TRXADE GROUP, INC.,
And G&S COAL TRADERS, LLC,

        Defendants
_____/

GAJAN MAHENDIRAN

        Defendant/Cross-Claim Plaintiff,

vs.

SUREN AJJARAPU, a Florida resident, and
G&S COAL TRADERS, LLC, a Wyoming
Limited liability company,

        Defendants/Cross-Claim Defendants,
_____/

## DEFENDANT, GAJAN MANENDIRAN'S ANSWER
## AND AFFIRMATIVE DEFENSES TO AMENDED
## COMPLAINT, AND CROSS-CLAIM

Defendant, GAJAN MAHENDIRAN ("Dr. Mahendiran"), by counsel, files

this Answer and Affirmative Defenses, Counterclaim and Cross-Claim in response

ACTIVE:12992546.1

to the Plaintiffs' Amended Complaint filed by Manish Arora, Scariya Kumaramangalam, Harsh Datta and Balvant Arora, as individuals, and derivatively on behalf of Nexgen Memantine, Inc. (collectively "Plaintiffs").  In support, Dr. Mahendiran alleges and states as follows:

## PARTIES AND JURISDICTION

1.      Dr. Mahendiran admits Plaintiffs' Paragraph No. 1.

2.      Dr. Mahendiran admits Plaintiffs' Paragraph No. 2.

3.      Dr. Mahendiran admits Plaintiffs' Paragraph No. 3.

4.      Dr. Mahendiran admits Plaintiffs' Paragraph No. 4.

5.      Dr. Mahendiran admits Plaintiffs' Paragraph No. 5.

6.      Dr. Mahendiran admits Plaintiffs' Paragraph No. 6.

7.      Dr. Mahendiran admits Plaintiffs' Paragraph No. 7.

8.      Dr. Mahendiran admits Plaintiffs' Paragraph No. 8.

9.      Dr. Mahendiran admits Plaintiffs' Paragraph No. 9.

10.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 10.

11.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 11.

12.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 12.

13.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 13 for jurisdictional purposes only.  Otherwise denied.

14.    Dr. Mahendiran admits Plaintiffs' Paragraph No. 14 for venue purposed only.  Otherwise denied.

## GENERAL ALLEGATIONS

15.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 15.

16.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 16.

17.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 17.

18.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 18.

19.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' paragraph 19 and accordingly denies the same.

20.    Dr. Mahendiran admits Plaintiffs' Paragraph No. 20.

21.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 21.

22.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 22.

23.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 23.

24.    Dr. Mahendiran denies the allegations of Plaintiffs' paragraph 24.

25.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 25.

26.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 26.

27.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' paragraph 27 and accordingly denies the same.

28.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 28 and accordingly denies the same.

29.     Dr. Mahendiran states that Exhibit A referenced in Plaintiffs' Paragraph No. 29 speaks for itself and denies any implications to the contrary.

30.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 30.

31.     Dr. Mahendiran states that Exhibit B referenced in Plaintiffs' Paragraph No. 31 speaks for itself and denies any implications to the contrary.

32.     Dr. Mahendiran states that Exhibit B referenced in Plaintiffs' Paragraph No. 32 speaks for itself and denies any implications to the contrary.

33.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 33.

34.     Dr. Mahendiran states that Exhibits C and D referenced in Plaintiffs' Paragraph No. 34 speaks for itself and denies any implications to the contrary.

35.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 35.

36.     Dr. Mahendiran states that Exhibit D referenced in Plaintiffs' Paragraph No. 36 speaks for itself and denies any implications to the contrary.

37.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 37 and accordingly denies the same.

38.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 38 and accordingly denies the same.

39.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 39 as to the assertions attributed to him therein.

40.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 40 and accordingly denies the same.

41.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 41 to the extent of the representations alleged to be attributed to him and as to the remainder of Paragraph 41 Dr. Mahendiran is without sufficient information to admit or deny and accordingly denies the same.

42.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 42 to the extent of the representations alleged to be attributed to him and as to the remainder of Paragraph 42 Dr. Mahendiran is without sufficient information to admit or deny and accordingly denies the same.

43.     Dr. Mahendiran states that Exhibit E referenced in Plaintiffs' Paragraph No. 43 speaks for itself and denies any implications to the contrary.

44.     Dr. Mahendiran states that Exhibit E referenced in Plaintiffs' Paragraph No. 44 speaks for itself and denies any implications to the contrary.

45.     Dr. Mahendiran states that Exhibit E referenced in Plaintiffs' Paragraph No. 45 speaks for itself and denies any implications to the contrary.

46.     Dr. Mahendiran states that Exhibit F referenced in Plaintiffs' Paragraph No. 46 speaks for itself and denies any implications to the contrary.

47.     Dr. Mahendiran states that Exhibit F referenced in Plaintiffs' Paragraph No. 47 speaks for itself and denies any implications to the contrary.

48.   Dr. Mahendiran states that Exhibit F referenced in Plaintiffs' Paragraph No. 48 speaks for itself and denies any implications to the contrary.

49.   Dr. Mahendiran states that Exhibit G referenced in Plaintiffs' Paragraph No. 49 speaks for itself and denies any implications to the contrary.

50.   Dr. Mahendiran admits Plaintiffs' Paragraph No. 50.

51.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 51.

52.   Dr. Mahendiran admits that he did not have a professional valuation of Nexgen Memantine done but is without sufficient information to admit or deny Plaintiffs' Paragraph No. 52 as to what Ajjarapu did or did not do and so he accordingly denies that portion of Plaintiffs' Paragraph No. 52.

53.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 53.

54.   Dr. Mahendiran admits Plaintiffs' Paragraph No. 54.

**Ajjarapu and Mahendiran's False and Misleading Statements
Regarding The Safety and Risk of Investments in Nexgen Memantine**

55.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 55.

56.   Dr. Mahendiran states that Exhibit A referenced in Plaintiffs' Paragraph No. 56 speaks for itself and denies any implications to the contrary.

57.   Dr. Mahendiran states that Exhibit B referenced in Plaintiffs' Paragraph No. 57 speaks for itself and denies any implications to the contrary.

58.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 58.

59.    Dr. Mahendiran states that Exhibit F referenced in Plaintiffs' Paragraph No. 59 speaks for itself and denies any implications to the contrary.

60.    Dr. Mahendiran states that Exhibit H referenced in Plaintiffs' Paragraph No. 60 speaks for itself and denies any implications to the contrary.

61.    Dr. Mahendiran states that Exhibit H referenced in Plaintiffs' Paragraph No. 61 speaks for itself and denies any implications to the contrary.

62.    Dr. Mahendiran states that Exhibit I referenced in Plaintiffs' Paragraph No. 62 speaks for itself and denies any implications to the contrary.

63.    Dr. Mahendiran states that Exhibit I referenced in Plaintiffs' Paragraph No. 63 speaks for itself and denies any implications to the contrary.

64.    Dr. Mahendiran states that Exhibit J referenced in Plaintiffs' Paragraph No. 64 speaks for itself and denies any implications to the contrary.

65.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 65 and accordingly denies the same.

**Plaintiff Investors Invest in Nexgen Memantine**

66.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 66 and accordingly denies the same.

**Plaintiff Investors are Kept Uninformed**

67.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 67 and accordingly denies the same.

68.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 68 and accordingly denies the same.

69.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 69 and accordingly denies the same.

70.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 70 and accordingly denies the same.

71.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 71.

72.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 72.

73.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 73.

74.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 74 and accordingly denies the same.

**The Special Meeting and Discovery of Mahendiran Fraudulent Transfers**

75.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 75 and accordingly denies the same.

76.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 76 and accordingly denies the same.

77.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 77 and accordingly denies the same.

78.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 78 and accordingly denies the same.

79.     Dr. Mahendiran denies that he had the ability to transfer funds out of the Nexgen Memantine bank accounts as alleged in Plaintiffs' Paragraph No. 79. Otherwise, Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 79 and accordingly denies the same.

80.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 80.

81.     Dr. Mahendiran states that Suren Ajjarapu was responsible for and caused the transfers of funds out of Nexgen Memantine and denies Plaintiffs' Paragraph No. 81 to the extent that it implies any responsibility for or causation by Dr. Mahendiran.

82.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 82 and accordingly denies the same.

## COUNT 1 – FRAUD UNDER SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER
(PLAINTIFF INVESTORS AGAINST SUREN AJJARAPU, GAJAN MAHENDIRAN, AND NEXGEN MEMANTINE, INC.)

83.     Plaintiffs' Paragraph No. 83 does not require a response.  To the extent a response is required, Dr. Mahendiran repeats and reallages paragraph 1 through 82 above.

84.     Dr. Mahendiran admits that the Exhibits referenced in Plaintiffs' Paragraph No. 84 speak for themselves, but denies that he made any representations to the contrary.

85.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 85 and accordingly denies the same.

86.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 86 and accordingly denies the same.

87.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 87.

88.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 88 and accordingly denies the same.

89.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 89 and accordingly denies the same.

90.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 90 and accordingly denies the same.

91.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 91 and accordingly denies the same.

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested in Plaintiffs Count I, awarding Dr. Mahendiran his costs, including a reasonable attorney's fee, and such further equitable relief as this Court may award.

<u>**COUNT II – CONTROLLING PERSON LIABILITY UNDER 15 U.S.C §78t**</u>
(PLAINTIFF INVESTORS AGAINST ANNUAPURNA GUNDLAPALLI,
NEXGEN LIFE SCIENCES, LLC, AND TRXADE GROUP, INC)

92.     Plaintiffs' Paragraph No. 92 does not require a response by Dr. Mahendiran.

93.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 93.

94.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 94 and accordingly denies the same.

95.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 95 and accordingly denies the same.

96.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 96 and accordingly denies the same.

97.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 97 and accordingly denies the same.

98.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 98.

99.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 99.

100.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 100.

101.    Dr. Mahendiran admits Plaintiffs' Paragraph No. 101.

102.    Dr. Mahendiran admits Plaintiffs' Paragraph No. 102.

103.    Dr. Mahendiran admits Plaintiffs' Paragraph No. 103.

104.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 104 and accordingly denies the same.

105.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 105 and accordingly denies the same.

WHEREFORE, Plaintiffs Count II does not seek a judgment against Dr. Mahendiran.

## COUNT III – FRAUDULENT  SECURITIES TRANSACTIONS UNDER FLA.STAT.§§ 517.301, 517.211
### (PLAINTIFF INVESTORS AGAINST SUREN AJJARAPU, GAJAN MAHENDIRAN, AND NEXGEN MEMANTINE)

106.    Plaintiffs' Paragraph No. 106 does not require a response by Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and reallages paragraph 1 through 82 above.

107.    Plaintiffs' Paragraph No. 107 is a legal argument and does not require a response by Dr. Mahendiran.

108.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 108.

109.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 109 and accordingly denies the same.

110.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 110.

111.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 111.

112.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 112.

113.   Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 113 and accordingly denies the same.

114.   Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 114 and accordingly denies the same.

115.   Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 115 and accordingly denies the same.

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested against him in Plaintiffs Count III, awarding Dr. Mahendiran his costs, including a reasonable attorney's fee, and such further equitable relief as this Court may award.

## COUNT IV – COMMON LAW FRAUD
### (PLAINTIFF INVESTORS AGAINST SUREN AJJARAPU, GAJAN MAHENDIRAN, AND NEXGEN MEMANTINE)

116.   Plaintiffs' Paragraph No. 116 doesn't require a response by Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and reallages paragraph 1 through 82 above.

117.   Plaintiffs' Paragraph No. 117 is a legal argument and does not require a response by Dr. Mahendiran.

118.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 118.

119.   Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 119 and accordingly denies the same.

120.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 120.

121.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 121.

122.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 122.

123.    Plaintiffs Paragraph 123 is blank and doesn't require a response by Dr. Mahendiran.

124.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 124 and accordingly denies the same.

125.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 125 and accordingly denies the same.

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested against him in Plaintiffs Count IV, awarding Dr. Mahendiran his costs, including a reasonable attorney's fee, and such further equitable relief as this Court may award.

### COUNT V – CIVIL CONSPIRACY
(PLAINTIFF INVESTORS AGAINST SUREN AJJARAPU, GAJAN MAHENDIRAN, ANNAPURNA GUNDLAPALLI, NEXGEN MEMANTINE INC., NEGEN LIFE SCIENCES LLC, TRXADE GROUP, INC., AND G&S COAL TRADERS LLC)

126.    Plaintiffs' Paragraph No. 126 doesn't require a response by Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and reallages paragraph 1 through 82 above.

127.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 127.

128.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 128 and accordingly denies the same.

129.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 129.

130.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 130.

131.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 131.

132.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 132.

133.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 133 and accordingly denies the same.

134.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 134.

135.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 135.

136.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 136.

137.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 137.

138.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 138.

139.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 139.

140.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 140.

141.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 141.

142.    Dr. Mahendiran admits that Suren Ajjarapu had access to Nexgen Memantine's bank accounts but denies the remainder of Plaintiffs' Paragraph No. 142.

143.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 143.

144.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 144.

145.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 145.

146.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 146.

147.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 147.

148.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 148.

149.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 149.

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested against him in Plaintiffs Count V, awarding Dr. Mahendiran his costs, including a reasonable attorney's fee, and such further equitable relief as this Court may award.

### <u>COUNT VII – CIVIL THEFT</u>
(PLAINTIFFS AGAINST SUREN AJJARAPU AND GAJAN MAHENDIRAN)

150.    Plaintiffs' Paragraph No. 150 does not require a response by Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and reallages paragraph 1 through 82 above.

151.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 151.

152.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 152 and accordingly denies the same.

153.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 153.

154.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 154.

155.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 155.

156.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 156.

157.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 157.

158.   Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 158 and accordingly denies the same.

159.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 159.

160.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 160.

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested against him in Plaintiffs Count VII, awarding Dr. Mahendiran his costs, including a reasonable attorney's fee, and such further equitable relief as this Court may award.

## COUNT VIII – UNJUST ENRICHMENT
### (IN THE ALTERNATIVE TO COUNT VII)
### (PLAINTIFF INVESTORS AGAINST
### GAJAN MAHENDIRAN AND SUREN AJJARAPU)

161.   Plaintiffs' Paragraph No. 161 does not require a response by Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and reallages paragraph 1 through 82 above.

162.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 162.

163.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 163.

164.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 163.

165.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 165.

166.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 166.

167.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 167.

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested against him in Plaintiffs Count VIII, awarding Dr. Mahendiran his costs, including a reasonable attorney's fee, and such further equitable relief as this Court may award.

**COUNT IX – PROMISSORY ESTOPPEL**
(IN THE ALTERNATIVE TO COUNT VII)
(PLAINTIFFS AGAINST GAJAN MAHENDIRAN)

168.   Plaintiffs' Paragraph No. 168 does not require a response by Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and reallages paragraph 1 through 82 above.

169.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 169.

170.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 170.

171.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 171.

172.   Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 172 and accordingly denies the same.

173.   Dr. Mahendiran denies that he made any unauthorized wire transfers as alleged in paragraph 173.  Otherwise, Dr. Mahendiran is without sufficient

information to admit or deny Plaintiffs' Paragraph No. 173 and accordingly denies the same.

174.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 174.

175.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 175.

176.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 176.

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested against him in Plaintiffs Count IX, awarding Dr. Mahendiran his costs, including a reasonable attorney's fee, and such further equitable relief as this Court may award.

## COUNT X – BREACH OF FIDUCIARY DUTY
(PLAINTIFFS ON BEHALF OF NEXGEN MEMANTINE INC. AGAINST SUREN AJARPU, GAJAN MAHENDIRAN AND ANNAPURNA GUNDLAPALLI)

177.   Plaintiffs' Paragraph No. 177 does not require a response by Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and reallages paragraph 1 through 82 above.

178.   Dr. Mahendiran admits that Plaintiffs characterize Count X as a derivative action but denies the remainder of Paragraph No. 178.

179.   Dr. Mahendiran admits Plaintiffs' Paragraph No. 179.

180.   Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 180 and accordingly denies the same.

181.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 181.

182.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 182 and accordingly denies the same.

183.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 183 and accordingly denies the same.

184.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 184 and accordingly denies the same.

185.    Plaintiffs' Paragraph No. 185 states a legal argument and does not require a response by Dr. Mahendiran.

186.    Plaintiffs' Paragraph No. 186 states a legal argument and does not require a response by Dr. Mahendiran.

187.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 187.

188.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 188.

189.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 189.

190.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 190 and accordingly denies the same.

191.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 191 and accordingly denies the same.

192.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 192.

193.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 193 and accordingly denies the same.

194.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 194 and accordingly denies the same.

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested against him in Plaintiffs Count X, awarding Dr. Mahendiran his costs, including a reasonable attorney's fee, and such further equitable relief as this Court may award.

## COUNT XI – BREACH OF ORAL CONTRACT
(PLAINTIFF INVESTORS AGAINST NEXGEN LIFE SCIENCES LLC)

195.    Plaintiffs' Paragraph No. 195 does not require a response by Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and reallages paragraph 1 through 82 above.

196.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 196.

197.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 197.

198.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 198.

199.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 199.

200.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 200.

201.    Dr. Mahendiran denies that he made any unauthorized transactions as alleged in paragraph 201.  Otherwise, Dr. Mahendiran is without sufficient

information to admit or deny Plaintiffs' Paragraph No. 201 and accordingly denies the same.

202.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 202.

203.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 203.

204.    Dr. Mahendiran admits that the State of Wyoming currently designates Nexgen LifeSciences as being administratively dissolved, but Dr. Mahendiran is in the process of re-instating it.

205.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 205.

206.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 206.

207.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 207.

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested against him in Plaintiffs Count XI, awarding Dr. Mahendiran his costs, including a reasonable attorney's fee, and such further equitable relief as this Court may award.

## **GENERAL DENIAL**

All allegations not specifically addressed are denied.

## **DEFENSES**

### **FIRST DEFENSE**
### **(Failure to State A Claim Upon Which Relief Can Be Granted)**

For the reasons explained below, which are not exclusive, Plaintiffs have failed to state a claim upon which relief can be granted.

Plaintiffs fail to plead the fraud-based claims (Counts I, III and IV) with particularity, instead choosing to lump the defendants together and rely upon conclusory and indefinite allegations. Their complaint is precisely the type of pleading that Rule 9(b) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA") were designed to prevent. The complaint is also devoid of any specific allegations with respect to communications Dr. Mahendiran had with any other plaintiffs besides Harsh Datta, or otherwise improperly lumps Plaintiffs together without identifying which of the Plaintiffs Dr. Mahendiran allegedly engaged, when he engaged the unidentified individuals, or even where or how they were engaged.

Similarly, Plaintiffs' fraud claims fail because they impermissibly argue fraud by hindsight, and the corporate materials do not support allegations of individual liability. Further, the complaint either states in conclusory fashion that the supposed statements were false without any explanation as to why or how they were false as required under the PSLRA or even when Dr. Mahendiran knew they were false, or alleges "upon information and belief." Allegations of fraud based on information and belief do not satisfy fraud pleading rule's heightened standard of pleading.

Plaintiffs fail to plead a claim for civil conspiracy (Count V) by, among other things, failing to plead conspiracy to commit fraud with specificity for the same

reasons that they have failed to plead their fraud claim. They also fail to sufficiently plead any conspiracy based on civil theft for the reasons explained below and in the Tenth Defense.

Plaintiffs fail to plead a claim for civil theft (Count VII) by, among other things, failing to allege the necessary elements.

Plaintiffs fail to plead a claim for unjust enrichment (Count VIII) because there are no benefits that were conferred by Plaintiffs on Dr. Mahendiran. As alleged, the assets at issue were allegedly conferred on Dr. Mahendiran by Nexgen Memantine.

Plaintiffs fail to plead a claim for promissory estoppel (Count IX) because of the existence of a contractual relationship, lack of a clear and unequivocal promise, and/or lack of any reasonable reliance on the alleged promise.

Plaintiffs fail to plead a derivative claim for breach of fiduciary duty (Count X) because they have failed to comply with the applicable Wyoming statutory requirements.

Plaintiffs' derivative claims also fail for failure to comply with the necessary pleading requirements and prerequisites necessary to bring a claim.

### SECOND DEFENSE
### (No Scienter)

Plaintiffs have failed to state a claim upon which relief can be granted because Dr. Mahendiran acted in good faith at all times during the relevant period,

based on, among other things, reasonable reliance upon the work, opinions, information, representations, and advice of others upon whom he was entitled to rely. Dr. Mahendiran made no material misrepresentations or omissions, was not a participant in any alleged wrongful conduct, and the complaint fails to plead facts giving rise to a strong inference of scienter. In addition, general conclusory allegations do not suffice to satisfy the stringent test of pleading scienter under the PSLRA.

### THIRD DEFENSE
### (Exhibits Control)

In support of their claims, Plaintiffs rely on certain exhibits attached to the complaint. When the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern. For example, the email attached as Exhibit A, was sent to only one of the Plaintiffs (Harsh Datta), not all Plaintiffs. Further, Harsh Datta is listed on the Nexgen Memantine presentation attached as Exhibit E as the point of contact regarding the investment at issue.

Exhibit C to the complaint is also an e-mail from Dr. Mahendiran to Harsh Datta, but it contains no statements complained of by Plaintiffs as it simply references a "presentation for Trxade (Suren's company)."

### FOURTH DEFENSE
### (Puffery and Forward-Looking Statements are not Actionable)

25

Plaintiffs have failed to state a claim upon which relief can be granted because forward-looking statements or a promise to do a future act are not actionable. The allegations also contain statements that are mere puffery and also not actionable. For example, Exhibits B and E contain forward-looking statements and expressly provides that no such statements should be relied upon as follows:

THIS COMPANY OVERVIEW IS NOT AN OFFER TO SELL OR A SOLICITATION TO BUY ANY SECURITIES OF THE COMPANY. IT CONTAINS FORWARD LOOKING STATEMENTS, IT IS ONLY A BRIEF SUMMARY, IS INHERENTLY INCOMPLETE, IS FOR INFORMATION PURPOSES ONLY, IS SUBJECT TO CHANGE, AND SHOULD NOT BE CONSIDERED AS PROVIDING SUFFICIENT INFORMATION TO EVALUATE ANY INVESTMENT IN THE COMPANY. ANY SECURITIES WHICH MAY BE OFFERED BY THE COMPANY SHALL BE DONE SO ONLY BY MEANS OF A CONFIDENTIAL PRIVATE PLACEMENT MEMORANDUM AND OTHER DEFINITIVE DOCUMENTS IN COMPLIANCE WITH APPLICABLE SECURITIES LAWS.

## FIFTH DEFENSE
### (There is no Justifiable Reliance)

Plaintiffs' claims are barred because no act or omission attributed to Dr. Mahendiran was the actual or proximate cause of any injury allegedly suffered by Plaintiffs. The cautionary language included in the documents establishes that any reliance upon statements contained therein by Plaintiffs was not and could not have been justified. In addition, Plaintiffs cannot rely on any purported representations when they either know they are false or the falsity is obvious. For example, Plaintiffs acknowledge that any representations regarding FDA

approval are obviously false since, as they allege, Dr. Mahendiran could not have known what the FDA would do.

## SIXTH DEFENSE
### (Lack of Supplemental Jurisdiction)

Given that Plaintiffs have inadequately pled their federal securities laws claim, which would provide subject matter jurisdiction, this Court should decline to exercise its discretion to entertain any remaining state law claims, which are best addressed by state courts.  28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) . . . if the district court has dismissed all claims over which it has original jurisdiction . . . .").

## SEVENTH DEFENSE
### (Estoppel)

Plaintiffs are sophisticated and accredited investors who understand the risks associated with investing.  To the extent that Plaintiffs can satisfy their burden to evidence Dr. Mahendiran's involvement in this matter, Plaintiffs are estopped from passing liability off onto Dr. Mahendiran.  Plaintiffs made a number of representations as to material facts, which are contrary to Plaintiffs' later-asserted position, and which were relied on by Dr. Mahendiran who detrimentally changed his position in reliance on Plaintiffs' representations.  In addition, Harsh Datta communicated with Plaintiffs, and was a point of contact

(see, for example, Exhibit E), and accordingly Plaintiffs are estopped from attributing any statements made by Harsh Datta on to Dr. Mahendiran.

## EIGHTH DEFENSE
### (Intervening or Superseding Causes)

Dr. Mahendiran maintains that he did not engage in any wrongful acts as alleged in this matter.  However, to the extent that Plaintiffs can prove any improper activity with respect to their investments, Plaintiffs may not recover from Dr. Mahendiran any losses caused by intervening or superseding acts of others, including defendant Suren Ajjarapu and Plaintiff Harsh Datta.  By way of example, both Suren Ajjarapu and Harsh Datta disseminated statements and information in connection with the investments at issue, and Harsh Datta invited the plaintiffs to contact him for further information.  See Exhibit E to the complaint.

## NINTH DEFENSE
### (Promissory Estoppel is barred by the Statute of Frauds and Void)

Plaintiffs' investment is with Nexgen Memantine.  In count IX, Plaintiffs rely on an alleged "oral promise" made by Dr. Mahendiran.  Plaintiffs' claims against Dr. Mahendiran for payment of another's debt are barred by the Statute of Frauds and void.

## TENTH DEFENSE
### (Failure to Satisfy Condition Precedent)

Count VII is for civil theft pursuant to Florida Statute §772.11.  Pursuant to §772.11(1), "[b]efore filing an action for damages under this section, the person

claiming injury must make a written demand…."  Plaintiffs have not made a written demand and, therefore, have not complied with the statutory requirement.

## ELEVENTH DEFENSE
### (Due Diligence)

Plaintiffs conducted, or were permitted to conduct, their own diligence on the investments and their claims are barred by their failure to investigate.

## TWELFTH DEFENSE
### (*In Pari Delicto*)

Plaintiffs' claims are barred by the doctrine of *in pari delicto*.

## THIRTEENTH DEFENSE
### (Assumption of Risk)

Plaintiffs' claims are barred because they knowingly assumed all risks associated with the investments.

## FOURTEENTH DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred by the applicable statute of limitations.

## FIFTEENTH DEFENSE
### (Laches, Unclean Hands, Ratification)

Plaintiffs' claims are barred by the doctrines of laches, ratification and unclean hands.

## SIXTEENTH DEFENSE
### (Failure to Mitigate)

Plaintiffs have failed to mitigate their purported damages.

**RESERVATION OF DEFENSES**

Dr. Mahendiran gives notice that he intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further proceedings of this case, and reserves the right to amend this answer and assert such defenses.

**DEFENDANT GAJAN MAHENDIRAN'S CROSS-CLAIM AGAINST SUREN AJJARAPU AND G&S COAL TRADERS, LLC**

Defendant Gajan Mahendiran ("Dr. Mahendiran"), by counsel, files this cross-claim against Suren Ajjarapu ("S. Ajjarapu") and G&S Coal Traders, LLC ("G&S Coal" and collectively with S. Ajjarapu "Cross-Claim Defendants"), as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Dr. Mahendiran is a resident of Virginia.

2.      S. Ajjarapu is a resident of Hillsborough County, Florida.

3.      G&S Coal is a Wyoming limited liability company with a principal office in Hillsborough County, Florida.

4.      This Court has jurisdiction over Cross-Claim Defendants pursuant to 28 U.S.C. §1367(a).

5.       Venue is proper pursuant to 28 U.S.C. 1391(b)(1) and (2).

## GENERAL ALLEGATIONS

6.      At all times relevant to the issues herein, S. Ajjarapu dominated and controlled Nexgen Memantine including all of the finances of Nexgen Memantine and the bank accounts located at SunTrust, to that extent that the existence of Nexgen Memantine was in fact non-existent and S. Ajjarapu was in fact an alter ego of Nexgen Memantine.

7.      S. Ajjarapu collected and deposited the funds attributable to Nexgen Memantine from Plaintiffs, as well as other investors.

8.      Dr. Mahendiran never invested in Nexgen Memantine and has never claimed an ownership interest therein.

9.      Upon information and belief, Nexgen LifeSciences does not own any interest in Nexgen Memantine.

10.      At all times relevant to the issues herein, S. Ajjarapu dominated and controlled G&S Coal including all of the finances of G&S Coal and the bank accounts located at SunTrust, to that extent that the existence of G&S Coal was in fact non-existent and S. Ajjarapu was in fact an alter ego of G&S Coal.

11.      S. Ajjarapu has exercised complete authority over the finances of Nexgen Memantine and G&S Coal and he has caused transfers of funds by and among these and other entities which he has controlled.

31

12.     Nexgen Memantine is the alter ego of S. Ajjarapu based upon his control over the finances and other business activities thereof, and his disregard of the corporate formalities for Nexgen Memantine.

13.     G&S Coal is an entity controlled by S. Ajjarapu but which was funded by third party investors or loans, which included loans from Dr. Mahendiran.

14.     S. Ajjarapu coerced Dr. Mahendiran to loan money to G&S Coal.

15.     A non-party to this litigation, Dr. Binoy Jani, loaned Two Hundred and Fifty Thousand and NO/100 Dollars ($250,000.00) to G&S Coal, the repayment of which was guaranteed by Dr. Mahendiran.

16.     G&S Coal defaulted on the debt obligation to Dr. Jani.

17.     Dr. Jani made demand for repayment upon G&S Coal and Dr. Mahendiran.

18.     Dr. Mahendiran satisfied the claims of Dr. Binoy Jani in the aggregate amount of $270,000.

19.     By virtue of his $270,000 payment of the G&S Coal debt owed to Dr. Jani, Dr. Mahendiran is subrogated to Dr. Jani's claim against G&S Coal.

20.     S. Ajjarapu and G&S Coal settled the obligations owed to Dr. Mahendiran existing by virtue of the loans made by Dr. Mahendiran, as well as his payment of the debt owed by G&S Coal to Dr. Jani, by transferring funds out of the G&S Coal bank account to Dr. Mahendiran (the "G&S Coal Settlement").

21.     Dr. Mahendiran relied upon and verily believed that S. Ajjarapu had the authority to enter into the G&S Coal Settlement by the transfer of funds to him.

22.     G&S Coal is the alter ego of S. Ajjarapu based upon his control over the finances and other business activities thereof, and his disregard of the corporate formalities for G&S Coal.

23.     Upon information and belief, S. Ajjarapu caused Nexgen Memantine to transfer funds to, or on behalf of G&S Coal without the knowledge, consent or participation of Dr. Mahendiran (the "Memantine Transfers").

24.     Upon information and belief, some portion of the funds from the Memantine Transfers to G&S Coal are the subject of this Amended Complaint (the "Memantine Litigation").

25.     S. Ajjarapu and G&S Coal breached the G&S Coal Settlement by taking actions, or failing to take actions to preserve and protect the G&S Coal Settlement.

26.     Dr. Mahendiran has been damaged by the breach of the G&S Coal Settlement.

27.     S. Ajjarapu used the corporate form of Nexgen Memantine fraudulently or for an improper purpose.

28.     S. Ajjarapu used the corporate form of G&S Coal fraudulently or for an improper purpose.

29.     The fraudulent or improper use of the corporate forms of Nexgen Memantine and G&S Coal has caused injury to Dr. Mahendiran.

30.     Dr. Mahendiran is entitled to recover damages from S. Ajjarapu and G&S Coal Settlement for their breach of the G&S Coal Settlement.

<u>**COUNT I – Claim for Indemnity by**</u>
<u>**Dr. Mahendiran against G&S Coal and Suren Ajjarapu**</u>

31.     Dr. Mahendiran references and incorporates Paragraph Nos. 1 through 30 as though fully set out herein.

32.     S. Ajjarapu controlled all of the finances of Nexgen Memantine, including control over the bank accounts thereof.

33.     S. Ajjarapu controlled all aspects of the corporate governance of Nexgen Memantine and ignored the formal requirements thereof.

34.     S. Ajjarapu controlled all of the finances of G&S Coal, including control over the bank accounts thereof.

35.     S. Ajjarapu controlled all aspects of the corporate governance of G&S Coal and ignored the formal requirements thereof.

36.     S. Ajjarapu treated Nexgen Memantine as being one and the same as himself by exclusively controlling the assets, including cash, while ignoring liabilities, corporate formalities, and ownership of Nexgen Memantine.

37.     S. Ajjarapu treated G&S Coal as being one and the same as himself by exclusively controlling the assets, including cash, while ignoring liabilities, corporate formalities, and ownership of G&S Coal.

38.     S. Ajjarapu enticed and deceived Dr. Mahendiran into loaning money to G&S Coal, an entity owned or controlled by S. Ajjarapu.

39.     Dr. Binoy Jani loaned Two Hundred and Fifty Thousand and NO/100 Dollars ($250,000.00) to G&S Coal, the repayment of which was guaranteed by Dr. Mahendiran.

40.     G&S Coal defaulted on the debt obligation to Dr. Jani.

41.     Dr. Jani made demand for repayment upon G&S Coal and Dr. Mahendiran.

42.     Dr. Mahendiran satisfied the claims of Dr. Binoy Jani in the aggregate amount of $270,000.

43.     By virtue of his payment of the G&S Coal debt owed to Dr. Jani, Dr. Mahendiran is subrogated to Dr. Jani's claim against G&S Coal and S. Ajjarapu.

44.     Following demand by Dr. Mahendiran, S. Ajjarapu caused G&S Coal to pay Dr. Mahendiran to settle the obligations owed by S. Ajjarapu and G&S Coal to Dr. Mahendiran (the "G&S Coal Settlement").

45.     Dr. Mahendiran relied upon and verily believed that S. Ajjarapu had the authority to enter into the G&S Coal Settlement by the transfer of funds to him.

46. Upon information and belief, S. Ajjarapu caused Nexgen Memantine to transfer funds to, or on behalf of G&S Coal without the knowledge, consent or participation of Dr. Mahendiran (the "Memantine Transfers").

47. Upon information and belief, some portion of the funds from the Memantine Transfers to G&S Coal may be claimed to be the subject of this Amended Complaint (the "Memantine Litigation").

48. The Plaintiffs in the Memantine Litigation seek recovery from Dr. Mahendiran in Counts I, III, IV, V, VII, VIII, and IX.

49. The filing of the Memantine Litigation against Dr. Mahendiran and the other Defendants constituted a breach of the G&S Coal Settlement by G&S Coal and S. Ajjarapu.

50. Dr. Mahendiran has been damaged by virtue of the breach of the G&S Coal Settlement in an amount equal to the damages claimed by the Plaintiffs in the Memantine Litigation.

WHEREFORE, Dr. Mahendiran prays for a judgment in his favor finding that G&S Coal is the alter ego of Suren Ajjarapu and, further, awarding Dr. Mahendiran a judgment against Suren Ajjarapu and G&S Coal indemnifying him for any amount awarded in favor of Plaintiffs against Dr. Mahendiran personally, and awarding costs, including a reasonable attorney's fee and for such other relief as this Court might equitably order.

## <u>COUNT II – Breach of G&S Coal</u>
## <u>Settlement Agreement by G&S Coal and Suren Ajjarapu</u>

51.     Dr. Mahendiran references and incorporates Paragraph Nos. 1 through 30 as though fully set out herein.

52.     S. Ajjarapu controlled all of the finances of Nexgen Memantine, including control over the bank accounts thereof.

53.     S. Ajjarapu controlled all aspects of the corporate governance of Nexgen Memantine and ignored the formal requirements thereof.

54.     S. Ajjarapu controlled all of the finances of G&S Coal, including control over the bank accounts thereof.

55.     S. Ajjarapu controlled all aspects of the corporate governance of G&S Coal and ignored the formal requirements thereof.

56.     S. Ajjarapu treated Nexgen Memantine as being one and the same as himself by exclusively controlling the assets, including cash, while ignoring liabilities, corporate formalities, and ownership of Nexgen Memantine.

57.     S. Ajjarapu treated G&S Coal as being one and the same as himself by exclusively controlling the assets, including cash, while ignoring liabilities, corporate formalities, and ownership of G&S Coal.

58.     S. Ajjarapu enticed and deceived Dr. Mahendiran into loaning money to G&S Coal, an entity owned or controlled by S. Ajjarapu.

59.     A non-party to this litigation, Dr. Binoy Jani, also loaned money to G&S Coal, the repayment of which was guaranteed by Dr. Mahendiran.

60.     G&S Coal defaulted on the debt obligation to Dr. Jani.

61.     Dr. Jani made demand for repayment upon G&S Coal and Dr. Mahendiran.

62.     Dr. Mahendiran satisfied the claims of Dr. Binoy Jani in the aggregate amount of $270,000.

63.     By virtue of his payment of the G&S Coal debt owed to Dr. Jani, Dr. Mahendiran is subrogated to Dr. Jani's claim against G&S Coal and S. Ajjarapu.

64.     Following demand by Dr. Mahendiran, S. Ajjarapu caused G&S Coal to pay Dr. Mahendiran to settle the obligations owed by S. Ajjarapu and G&S Coal to Dr. Mahendiran, referred to herein as the "G&S Coal Settlement."

65.     Dr. Mahendiran relied upon and verily believed that S. Ajjarapu had the authority to enter into the G&S Coal Settlement and to cause G&S Coal to pay him.

66.     Upon information and belief, S. Ajjarapu caused Nexgen Memantine to transfer funds to, or on behalf of G&S Coal without the knowledge, consent or participation of Dr. Mahendiran (the "Memantine Transfers").

67.     Upon information and belief, some portion of the funds from the Memantine Transfers to G&S Coal may be claimed to be the subject of this Amended Complaint (the "Memantine Litigation").

68.     The Plaintiffs in the Memantine Litigation seek recovery from Dr. Mahendiran in Counts I, III, IV, V, VII, VIII, and IX variously alleging that Dr. Mahendiran benefitted from transfers of Nexgen Memantine funds made and controlled by S. Ajjarapu.

69.     In the event or to the extent that Plaintiffs successfully recover against Dr. Mahendiran relating to the funds that he received from G&S Coal as part of the G&S Coal Settlement, then Dr. Mahendiran's claims against G&S Coal and S. Ajjarapu must be reinstated under the contract of accord and satisfaction.

70.     Under the contract of accord and satisfaction, Dr. Mahendiran may, under those circumstances, elect to reinstate the original obligation amounts that were settled by virtue of the G&S Coal Settlement, or sue for breach of the G&S Coal Settlement itself.

71.     Dr. Mahendiran has been damaged by virtue of the breach of the G&S Coal Settlement in an amount equal to the damages claimed by the Plaintiffs in the Memantine Litigation.

WHEREFORE, Dr. Mahendiran prays for a judgment in his favor and against Suren Ajjarapu and G&S Coal for any amount awarded in favor of

Plaintiffs against Dr. Mahendiran personally, and awarding costs, including a reasonable attorney's fee and for such other relief as this Court might equitably order.

    Dated: March 1, 2021

                        Respectfully submitted,

                        By: */s/ Kenneth G.M. Mather*
                        Kenneth G.M. Mather, Esq.
                        Florida Bar No. 619647
                        Daniel P. Dietrich, Esq.
                        Florida Bar No. 0934461
                        Gunster, Yoakley & Stewart, P.A.
                        401 E. Jackson Street, Suite 2500
                        Tampa, FL 33602
                        (813) 222-6630; Fax No.: (813) 228-6739
                        Email:      kmather@gunster.com
                                          ddietrich@gunster.com
                                          tkennedy@gunter.com
                                          eservice@gunster.com

                        ***Attorneys for Defendant, Gajan Mahendiran***

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2021, a true and accurate copy of the

foregoing has been served via electronic mail to the following:

Joseph F. Southron
Florida Bar No. 122109
**Four Rivers Law Firm**
400 N. Ashley Drive, Suite 1900
Tampa, Florida 33602
Tel. (813) 773-5105
Fax (813) 773-5103
E-Mail: joe@fourriverslaw.com
Secondary E-Mail:
eservice@fourriverslaw.com
**Counsel for Plaintiffs**

**Grimaldi Guito & Matthews, P.A.**
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602
Telephone: 813.223.0000
Facsimile: 813.225.1221
**Counsel for Nexgen Memantine Inc., Suren Ajjarapu and Trxade, Inc.**

Paul B. Thanasides
Florida Bar No.: 103039
paul@mcintyrefirm.com
CLService@mcintyrefirm.com
Christa Queen-Sutherland
Florida Bar No. 0091204
christa@mcintyrefirm.com
Garrett S. Severson
Florida Bar No. 108259
garrett@mcintyrefirm.com
**McIntyreThanasides Bringgold Elliott**

By: _/s/ Kenneth G.M. Mather_
Kenneth G.M. Mather, Esq.
Florida Bar No. 619647

41

## <u>VERIFICATION</u>

I, Gajan Mahendiran, hereby state under penalty of perjury under the laws of the United States of America, that I am familiar with the facts surrounding this Answer, Affirmative Defenses and Cross-claims and have full knowledge of same. I have reviewed the contents of the foregoing Answer, Affirmative Defenses and Cross-claims and the statements are true upon my information and belief and I believe them to be true and accurate.

By: Gajan Mahendiran

Executed on March 1, 2021.

42