**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JITENDRA JAIN,
MANISH ARORA,
SCARIYA KUMARAMANGALAM,
HARSH DATTA, and
BALVANT ARORA,

        Plaintiffs,

v.

NEXGEN MEMANTINE INC.,
SUREN AJJARAPU,
GAJAN MAHENDIRAN,
NEXGEN LIFE SCIENCES LLC,
TRXADE GROUP, INC., and
G&S COAL TRADERS, LLC,

        Defendants.

Case No. 8:20-cv-2263-T-33JSS

## **NOTICE OF INTENT TO ISSUE NONPARTY SUBPOENA**

**To:**    Paul B. Thanasides
paul@mcintyrefirm.com
CLService@mcintyrefirm.com
complexlit@mcintyrefirm.com

Kenneth G.M. Mather
kmather@gunster.com
mweaver@gunster.com
tkennedy@gunster.com

Daniel Paul Dietrich
ddietrich@gunster.com
csanders@gunster.com

Garrett Scott Severson
garrett@mcintyrefirm.com

Christa Queen-Sutherland
christa@mcintyrefirm.com

**YOU ARE NOTIFIED** pursuant to Fed. R. Civ. P. 45(a)(4) that after fourteen (14) days from the date of service of this Notice, and if no objection is received from any party, the undersigned will issue or apply to the Clerk of the Court for issuance of the attached Subpoena directed to Truist Bank and Truist Financial Corp., who are not parties, to produce the items listed at the time and place specified in the subpoena.

                                          **FOUR RIVERS LAW FIRM**

                                          By: /s/ Joseph F. Southron
                                          Joseph F. Southron
                                          Florida Bar No. 122109
                                          400 N. Ashley Drive, Suite 1900
                                          Tampa, Florida 33602
                                          Tel. (813) 773-5105
                                          Fax (813) 773-5103
                                          E-Mail: joe@fourriverslaw.com
                                          Secondary E-Mail: eservice@fourriverslaw.com
                                          Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed on March 4, 2021 with the Court via CM/ECF system, which will send notification of such filing to all parties and counsel of record.

                                          /s/ Joseph F. Southron
                                          Joseph F. Southron
                                          Florida Bar No. 122109
                                          For the Firm

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JITENDRA JAIN,
MANISH ARORA,
SCARIYA KUMARAMANGALAM,
HARSH DATTA, and
BALVANT ARORA,

       Plaintiffs,

v.

NEXGEN MEMANTINE INC., et al.

       Defendants.

Case No.  8:20-cv-2263-T-33JSS

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

| | |
|---|---|
| Trust Bank | Truist Financial Corp. |
| c/o its Registered Agent | c/o its Registered Agent |
| CT Corporation System | David Jeckovich |
| 1200 South Pine Island Rd. | 600 Brickell Avenue |
| Plantation, Florida 33324 | Miami, Florida 33131 |

*Production:* **YOU ARE COMMANDED** to produce within thirty (30) days of your receipt of this Subpoena at the place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**REQUESTED MATERIAL:**     See Schedule A attached hereto.

**PLACE OF PRODUCTION:**    Joseph F. Southron, Four Rivers Law Firm, Counsel for Plaintiffs
400 N. Ashley Drive, Suite 1900
Tampa, Florida 33602
joe@fourriverslaw.com
eservice@fourriverslaw.com

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

By: _____
    Joseph F. Southron
    Florida Bar No. 122109

The name, address, e-mail address, and telephone number of the attorney representing Plaintiffs who issues or requests this subpoena, are:

Joseph F. Southron, Four Rivers Law Firm, Counsel for Plaintiffs, 400 N. Ashley Drive, Suite 1900, Tampa, FL 33602
joe@fourriverslaw.com; eservice@fourriverslaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# SCHEDULE A

All records in the names of: Metcure, Inc., Nexgen Lifesciences, LLC, G&S Coal Traders, and Nexgen Memantine, Inc. for the period from January 1, 2015 through the date of production, to include, but not limited to, the following:

1. Checking account records, including signature cards, bank statements, canceled checks, debit and credit memos, deposit tickets and deposited items. The known account numbers to date are:

**Metcure, Inc.**

SunTrust Account Number 100020344-5183

**Nexgen Lifesciences, LLC**

SunTrust Account Number 100018548-4721

**G&S Coal Traders**

SunTrust Account Number 100018546-6710

**Nexgen Memantine, Inc.**

SunTrust Account Number 100019081-3534

2. Loans, to include applications, notes, mortgages, credit cards, or other instruments of indebtedness, ledgers, records of advancing those loans, that is, checks, deposit tickets, debit memos, records of loan payments, including copies of checks and receipts issued thereto, statements of interest paid on each loan per calendar year.

3. Records of savings accounts, certificates of deposits, and other savings instruments by whatever name known, to include application, signature cards, periodic statements, deposit tickets, items deposited, withdrawal slips, checks issued on those withdrawals, debit and credit memos to those accounts, and IRS Forms 4789 (Currency Transfer Report).

4. Records of security purchases, to include applications and financial statements, records of the purchase and sale of those securities and/or bonds, records of receipt of moneys for the purchase of the securities and/or bonds, to include checks and receipts, records of the sale of any securities, including checks or credit memos issued by your firm relative to those sales.

5. Application, records of payment for, and entry records of all safe deposit boxes.

6. Any relevant attachments or supporting documents; especially copies of Federal and State tax returns, financial statements, revenue and expense summaries, sales projections, credit reports and ratings, schedules of assets and liabilities along with applicable bank verifications, and officers' notes, etc.

7. Corporate Resolution documents, collateral cards or register, hypothecation certificates, and Bank's Central File regarding the subject.  All correspondence between the subjects, the bank and any third parties.

8. Any and all other information in your possession not specifically requested above as it relates to Metcure, Inc., Nexgen Lifesciences, LLC, G&S Coal Traders, and/or Nexgen Memantine, Inc.

Case 8:20-cv-02263-VMC-JSS   Document 119   Filed 03/04/21   Page 6 of 7 PageID 1003

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

[Print]  [Save As...]  [Add Attachment]  [Reset]

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).