# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JITENDRA JAIN
MANISH ARORA,
SCARIYA KUMARAMANGALAM,
HARSH DATTA,
BALVANT ARORA,

       Plaintiffs,                     Case No.: 8:20-cv-02263-VMC-JSS

v.

NEXGEN MEMANTINE, INC.,
SUREN AJJARAPU,
ANNAPURNA GUNDLAPALLI,
GAJAN MAHENDIRAN,
NEXGEN LIFESCIENCES, LLC
TRXADE, GROUP, INC.,
G&S COAL TRADERS, LLC,

       Defendants.
_____/

SUREN AJJARAPU,
ANNAPURNA GUNDLAPALLI,
NEXGEN MEMANTINE, INC.,
       Cross-Claim Plaintiffs,

v.

GAJAN MAHENDIRAN

       Defendant.
_____/

TRXADE GROUP, INC.,
       Cross-Claim Plaintiff,

v.

GAJAN MAHENDIRAN

        Defendant.

_____/

**DEFENDANT/CROSS-CLAIM PLAINTIFF TRXADE GROUP, INC.'S CROSSCLAIM AGAINST CO-DEFENDANT GAJAN MAHENDIRAN**

Defendant/Cross-claim Plaintiff Trxade Group, Inc. ("Trxade"), pursuant to Federal Rules of Civil Procedure 13(g) and 15(a), files this Cross-claim against Co-Defendant Gajan Mahendiran ("Mahendiran"), stating as follows:

**PARTIES AND JURISDICTION**

1. Defendant/Cross-Claim Plaintiff Trxade Group, Inc. is a Delaware corporation with its principal place of business located at 3840 Land O'Lakes Blvd., Land O'Lakes, Florida 34639.

2. Defendant Gajan Mahendiran ("Mahendiran") is a resident of Fauquier County, Virginia and is a former President, Director, and Treasurer of Nexgen Memantine, Inc.

3. Defendant Nexgen Memantine, Inc. ("Memantine") is a Wyoming corporation, with its principal place of business located at 8913 Regents Park Drive, Suite #550, Tampa, Florida 33647.

4. This Court has jurisdiction under 28 U.S.C. § 1367(a) because this crossclaim is supplemental to the claims over which the Court has original

2

jurisdiction in that the claims set forth below are so related to the claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

5. This Court has jurisdiction over Mahendiran because the actions that give rise to the Complaint and this Crossclaim were taken by Mahendiran in his position as President, Director, and/or Treasurer of Memantine, which has its principal place of business in Hillsborough County, Florida. Mahendiran is also subject to the jurisdiction of this Court by virtue of having operated, conducted, engaged in, or carried on a business or business venture in this state, and having committed a tortious act within this state. *See* Fla. Stat. § 48.193(1)(a).

6. This District Court is the proper venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Cross-claim Plaintiffs' claims occurred in Hillsborough County, Florida.

**GENERAL ALLEGATIONS**

7. Trxade is a digital technology company that provides access to an online marketplace for pharmaceutical products.

8. Trxade does not manufacture, sell, or distribute pharmaceuticals.

9. Trxade is the owner of a valid and legally protected trademark that it uses in commerce. The Trxade mark has been registered with the United States Patent and Trade Office since 2013.

10. The Plaintiffs in the underlying action, (the "Memantine Investors") have brought claims against multiple parties based on allegedly false representations made prior to their investments in Memantine and transfers of corporate assets to Mahendiran.

11. The Memantine Investors have alleged that prior to their purchase of shares of Memantine, Mahendiran made various false representations when he shared certain information with the Memantine Investors.

12. In particular, the Memantine Investors alleged that Mahendiran falsely represented to them that Memantine had a distribution network that was set up through Trxade Group. This representation was made without Trxade's knowledge, consent, or approval.

13. The Amended Complaint alleges that Mahendiran consistently represented that Memantine was controlled by and partnered with Trxade, and that Trxade would control marketing and distribution of the Memantine drug. These representations were made without Trxade's knowledge, consent, or approval.

14. The Memantine Investors have alleged that Mahendiran sent the Memantine Investors a presentation about Trxade, which included Trxade's

4

protected trademark, and that they relied on this presentation in their belief that Trxade was involved in or controlling Memantine's operations. This presentation was sent to the Memantine Investors without Trxade's knowledge, consent, or approval.

15. Because Mahendiran had no right or authority to use Trxade's protected trademark, his use of Trxade's name and mark was counterfeit.

16. The Memantine Investors have also alleged that Mahendiran misappropriated the balance of the principal investments from the Memantine accounts through a series of wires (the "Mahendiran Wires").

17. The Memantine Investors have alleged that at least one of the Mahendiran Wires are labeled "Trxade Invest".

18. The Memantine Investors have alleged Mahendiran has refused to return Memantine's assets.

19. Trxade has done nothing related to the allegations in the Amended Complaint.

20. All of Plaintiffs' allegations relating to Trxade, if true, refer to acts or omissions committed by Mahendiran without Trxade's knowledge, approval, or consent.

21. But for Mahendiran's improper and unlawful acts, Trxade would not be a Defendant in the underlying action nor be forced to publicly disclose the nature of

the damaging allegations against it to its investors, potential investors, business partners, and the general public.

22. All conditions precedent to the maintenance of this action have occurred, have been performed, or have been waived.

## COUNT I
## Indemnification

23. Cross-Claim Plaintiff Trxade Group, Inc. readopts and realleges paragraphs 1 through 22 of this Cross-claim as if fully set forth herein.

24. As set forth above and referenced herein, Cross-Claim Plaintiff is wholly without fault for the actions and events that form the basis of the Complaint and took no part in same.

25. Mahendiran is wholly at fault because the Memantine Investors have alleged that Mahendiran made false representations that Trxade Group was involved in and controlled Memantine and would support Memantine's distribution network, and because any such false representations were made without the knowledge or consent of Trxade.

26. Mahendiran is wholly at fault for Plaintiffs' injuries because Mahendiran improperly took Memantine's corporate assets through a series of wires labeled "Trxade Invest", and Plaintiffs allege that Mahendiran continues to wrongfully withhold Memantine assets.

27. Mahendiran committed these illegal acts while explicitly implicating Trxade Group without its knowledge or consent. Consequently, a special relationship exists between Trxade and Mahendiran such that any liability Trxade may have to Plaintiffs is only because it is purely vicariously, constructively, derivatively, or technically liable for the acts or omissions of Mahendiran.

WHEREFORE, Cross-claim Plaintiff Trxade Group, Inc. respectfully demands full and final judgment against Defendant Gajan Mahendiran, awarding damages together with interest on the judgment at the proper legal rate, plus court and litigation costs, expenses, reasonable attorneys' fees, and for such other relief to which Cross-claim Plaintiff may show itself rightly entitled.

## COUNT II
### Contribution Pursuant to Fla. Stat. § 768.31

28. Cross-Claim Plaintiff Trxade Group, Inc. readopts and realleges paragraphs 1 through 22 of this Crossclaim as if fully set forth herein.

29. Mahendiran is liable to Cross-Claim Plaintiff for all claims asserted by Plaintiffs in this action against Cross-Claim Plaintiffs.

30. Specifically, Mahendiran is wholly at fault for Plaintiffs' injuries because Memantine Investors have alleged that Mahendiran made false representations to them regarding Trxade's involvement in or control of Memantine. Any such false representations were made without the knowledge or consent of Cross-Claim Plaintiff. Additionally, the Memantine Investors allege that

7

Mahendiran took Memantine's corporate assets through a series of wires labeled "Trxade Invest" and continues to withhold Memantine assets.

31. If Cross-Claim Plaintiff Trxade is found to be jointly or severally liable in tort for the same injury, Cross-Claim Plaintiff reserves its right to seek contribution from Mahendiran for his pro rata share of the common liability.

WHEREFORE, Cross-Claim Plaintiff Trxade Group, Inc. respectfully demands full and final judgment against Defendant Gajan Mahendiran, awarding damages together with interest on the judgment at the proper legal rate, plus court and litigation costs, expenses, reasonable attorneys' fees, and for such other relief to which Cross-claim Plaintiff may show itself rightly entitled.

## COUNT III
## Trademark Infringement under 15 U.S.C. § 1114

32. Cross-Claim Plaintiff Trxade Group, Inc. readopts and realleges paragraphs 1 through 22 of this Crossclaim as if fully set forth herein.

33. Trxade has priority in the Trxade mark. Since 2013, Trxade has maintained a valid and legally protected interest in its name and trademark.

34. Mahendiran wrongfully used the Trxade mark in commerce. Mahendiran infringed on Trxade's name and trademark while soliciting the Memantine Investors by using Trxade's name and mark to promote investments in Memantine.

35. Trxade never authorized Mahendiran to use its mark in his communications with the Memantine Investors, was not aware of Mahendiran's use of its mark, and never had any involvement with Nexgen Memantine.

36. Mahendiran's unauthorized use of Trxade's mark was likely to deceive, cause consumer confusion, or cause a mistake. In fact, consumers, the Memantine Investors, have alleged that Mahendiran's use of the Trxade mark has caused confusion and made them wrongly believe that Trxade was involved with Nexgen Memantine.

37. Trxade has been directly and proximately damaged by Mahendiran's trademark infringement because Trxade is a defendant in the underlying action and must report same in its public filings.

WHEREFORE, Cross-Claim Plaintiff Trxade Group, Inc. respectfully demands injunctive relief to protect from further infringement of its trademark, full and final judgment against Defendant Gajan Mahendiran, awarding damages together with interest on the judgment at the proper legal rate, plus court and litigation costs, expenses, reasonable attorneys' fees, and for such other relief to which Cross-claim Plaintiff may show itself rightly entitled.

### COUNT IV
### Trademark Dilution under 15 U.S.C. § 1125

38. Cross-Claim Plaintiff Trxade Group, Inc. readopts and realleges paragraphs 1 through 22 of this Crossclaim as if fully set forth herein.

39. Trxade's mark is the mark of a publicly traded company and is famous as a valid and legally protected trademark since 2013.

40. In 2015 and 2016, Mahendiran used Trxade's mark after it was famous as part of his effort to encourage the Memantine Investors to invest in Nexgen Memantine.

41. Mahendiran's use of Trxade's mark was made for commercial purposes and in commerce to solicit investment capital from the Memantine Investors in Memantine, a company Trxade had no connection with.

42. Mahendiran's use of Trxade's mark has caused dilution of Trxade's mark and harmed its reputation by causing Trxade to be a defendant in this litigation. As a publicly traded company, Trxade was required to publicly file its status as a Defendant in this matter.

WHEREFORE, Cross-Claim Plaintiff Trxade Group, Inc. respectfully demands injunctive relief to protect from further dilution of its trademark, full and final judgment against Defendant Gajan Mahendiran, awarding damages together with interest on the judgment at the proper legal rate, plus court and litigation costs, expenses, reasonable attorneys' fees, and for such other relief to which Cross-claim Plaintiff may show itself rightly entitled.

## COUNT V
## False Advertising under 15 U.S.C. § 1125

43. Cross-Claim Plaintiff Trxade Group, Inc. readopts and realleges paragraphs 1 through 22 of this Crossclaim as if fully set forth herein.

44. Mahendiran made multiple false and misleading representations to the Memantine Investors related to Trxade's involvement with Nexgen Memantine in various communications and documents provided to the Memantine Investors. Mahendiran's representations were false or misleading because Trxade was never involved in Memantine.

45. Mahendiran's false representations had the capacity to, and did, deceive the Memantine Investors because he held himself out as the principal of Memantine and used Trxade's name and presentation without Trxade's permission to persuade the Memantine Investors to invest in Memantine.

46. Mahendiran's false representations had a material effect on the Memantine Investors' decision to invest in Nexgen Memantine because the Memantine Investors have alleged that without their belief of Trxade's involvement, they would not have invested in Memantine.

47. Mahendiran's false representations affected interstate commerce as they were made in connection with a capital investment between residents and entities of multiple states.

48. Mahendiran's false representations have directly and proximately resulted in injury to Trxade because Trxade is a defendant in the underlying action and must report same in its public filings.

WHEREFORE, Cross-Claim Plaintiff Trxade Group, Inc. respectfully demands injunctive relief to protect from further false advertising with the use of its trademark, full and final judgment against Defendant Gajan Mahendiran, awarding damages together with interest on the judgment at the proper legal rate, plus court and litigation costs, expenses, reasonable attorneys' fees, and for such other relief to which Cross-claim Plaintiff may show itself rightly entitled.

## COUNT VI
## VIOLATION OF FLORIDA COMMON LAW TRADEMARK INFRINGMENT

49. Cross-Claim Plaintiff Trxade Group, Inc. readopts and realleges paragraphs 1 through 22 of this Crossclaim as if fully set forth herein.

50. Trxade Group has common law trademark rights in the Trxade mark and/or name. Trxade has used the mark since 2013 and has priority in the mark.

51. Mahendiran used the Trxade mark or name that was the same or confusingly similar to its mark in commerce to solicit Memantine Investors when he shared a Trxade presentation and used the Trxade mark and name to falsely represent to that Trxade would be involved in or control Memantine's business and that Trxade would support Memantine's distribution network.

52. Mahendiran's use of Trxade's mark or name was such that consumers were likely to confuse the two because the Memantine Investors have alleged that they would not have invested in Memantine if they had not believed that Trxade was involved.

53. Trxade has been damaged by Mahendiran's trademark infringement because it is now a Defendant in the underlying lawsuit and must report such involvement in the public filings despite not having been involved at all in Memantine.

WHEREFORE, Cross-Claim Plaintiff Trxade Group, Inc. respectfully demands injunctive relief to protect from further false advertising with the use of its trademark, full and final judgment against Defendant Gajan Mahendiran, awarding damages together with interest on the judgment at the proper legal rate, plus court and litigation costs, expenses, reasonable attorneys' fees, and for such other relief to which Cross-claim Plaintiff may show itself rightly entitled.

### COUNT VII
### VIOLATION OF FLORIDA DECEPTIVE
### AND UNFAIR TRADE PRACTICES ACT

54. Cross-Claim Plaintiff Trxade Group, Inc. readopts and realleges paragraphs 1 through 22 of this Crossclaim as if fully set forth herein.

55. Mahendiran committed deceptive acts and unfair practices when he, without Trxade's knowledge or consent, sent a Trxade presentation to Memantine

Investors and falsely represented to Memantine Investors that Trxade was involved in and controlled Memantine and that Trxade would support Memantine's distribution network.

56.     Mahendiran's acts caused injury to Memantine Investors, who are consumers, because they allege that they invested in Memantine because they believed Trxade was involved in and controlled Memantine.

57.     Mahendiran's actions have directly and proximately damaged Trxade because Trxade is a defendant in the underlying action and must report same in its public filings.

WHEREFORE, Cross-Claim Plaintiff Trxade Group, Inc. respectfully demands injunctive relief to protect from further false advertising with the use of its trademark, full and final judgment against Defendant Gajan Mahendiran, awarding damages together with interest on the judgment at the proper legal rate, plus court and litigation costs, expenses, reasonable attorneys' fees, and for such other relief to which Cross-claim Plaintiff may show itself rightly entitled.

## **DEMAND FOR JURY TRIAL**

Cross-claim Plaintiff demands a trial by jury of all matters so triable in this cause.

## **DEMAND FOR ATTORNEYS' FEES**

Defendant/Cross-claim Plaintiff has retained undersigned counsel to defend them in this case and is obligated to pay them their reasonable fee. Defendant/Cross-claim Plaintiff hereby demands an award of their reasonable attorneys' fees as allowed by law.

Respectfully submitted this 9th day of March 2021.

*/s/ Paul Thanasides*
Paul B. Thanasides
Florida Bar No.: 103039
paul@mcintyrefirm.com
CLService@mcintyrefirm.com
Christa Queen-Sutherland
Florida Bar No. 0091204
christa@mcintyrefirm.com
Garrett S. Severson
Florida Bar No.: 108259
garrett@mcintyrefirm.com
McIntyre Thanasides Bringgold Elliott
   Grimaldi Guito & Matthews, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602
Telephone: 813.223.0000
Facsimile: 813.225.1221
***Attorneys for Suren Ajjarapu, Annapurna Gundlapalli, Trxade Group, Inc., and Nexgen Memantine, Inc.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 9, 2021, a true and correct copy of the foregoing document was electronically filed using the Court's CM/ECF system, which will provide electronic notice to the following:

Joseph F. Southron
Florida Bar No. 122109
joe@fourriverslaw.com
eservice@fourriverslaw.com
Four Rivers Law Firm
400 N. Ashley Drive, Suite 1900
Tampa, Florida 33602
Telephone (813) 773-5105
Facsimile (813) 773-5103
*Attorney for Plaintiffs*

Kenneth G.M. Mather, Esq.
Florida Bar No. 619647
kmather@gunster.com
tkennedy@gunter.com
eservice@gunster.com
Gunster, Yoakley & Stewart, P.A.
401 E. Jackson Street, Suite 2500
Tampa, FL 33602
Telephone (813) 222-6630;
Facsimile (813) 228-6739
*Attorneys for Defendants Gajan Mahendiran*

                                                                       */s/ Paul Thanasides*
                                                                       Attorney