## IN THE UNITED STATE DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MANISH ARORA, SCARIYA
KUMARAMANGALAM, HARSH
DATTA, BALVANT ARORA, as
individuals, and derivatively on behalf
of NEXGEN MEMANTINE INC.,
　　　　　　　Plaintiffs,

vs.                                          Case No.:  8:20-cv-02263-VMC-JSS

NEXGEN MEMANTINE INC.,
SUREN AJJARAPU, ANNAPURNA
GUNDLAPALLI, GAJAN MAHENDIRAN,
NEXGEN LIFE SCIENCES LLC, TRXADE
GROUP, INC., and G&S COAL TRADERS, LLC,
　　　　　　　Defendants.
_____/

SUREN AJJARAPU, ANNAPURNA
GUNDLAPALLI, NEXGEN
MEMANTINE, INC.,
　　　　　　Cross-Claim Plaintiffs/
　　　　　　Counter Cross-Claim Defendants,

v.

GAJAN MAHENDIRAN,
　　　　　　Defendant.
_____/

TRXADE GROUP, INC.,
　　　　　　Cross-Claim Plaintiff/
　　　　　　Counter Cross-Claim Defendant,

v.

GAJAN MAHENDIRAN,
　　　　　　Cross-Claim Defendant/
　　　　　　Counter Cross-Claim Plaintiff.
_____/

ACTIVE:13075325.1

### DEFENDANT/CROSS-CLAIM DEFENDANT/COUNTER CROSS-CLAIM PLAINTIFF GAJAN MANENDIRAN'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO TRXADE GROUP, INC.'S CROSS-CLAIM

Defendant/Cross-Claim/Defendant/Counter Cross Claim Plaintiff, GAJAN MAHENDIRAN ("Dr. Mahendiran"), by counsel, files this Answer, Affirmative Defenses and Counterclaim in response to TRXade Group, Inc.'s Cross-claim. ("TRXade").   In support, Dr. Mahendiran alleges and states as follows:

### PARTIES AND JURISDICTION

1.     Dr. Mahendiran admits TRXade's Paragraph No. 1.

2.     Dr. Mahendiran admits that he is a resident of Fauquier County, Virginia but denies the remainder of TRXade's Paragraph No. 2.

3.     Dr. Mahendiran admits TRXade's Paragraph No. 3.

4.     Dr. Mahendiran admits TRXade's Paragraph No. 4 for jurisdictional purposes only.

5.     Dr. Mahendiran denies TRXade's Paragraph No. 5.

6.     Dr. Mahendiran admits TRXade's Paragraph No. 6 for venue purposes only.

### GENERAL ALLEGATIONS

7.     Dr. Mahendiran admits TRXade's Paragraph No. 7.

ACTIVE:13075325.1

8.      Dr. Mahendiran admits TRXade's Paragraph No. 8.

9.      Dr. Mahendiran admits TRXade's Paragraph No. 9.

10.     Dr. Mahendiran admits that the Memantine Investors have brought claims as set forth in the Amended Complaint, to which Dr. Mahendiran has filed an Answer and Affirmative Defenses, and the pleadings speak for themselves, but otherwise denies TRXade's Paragraph No. 10.

11.     Dr. Mahendiran admits that the Memantine Investors have brought claims as set forth in the Amended Complaint, to which Dr. Mahendiran has filed an Answer and Affirmative Defenses, and the pleadings speak for themselves, but otherwise denies TRXade's Paragraph No. 11.

12.     Dr. Mahendiran admits that the Memantine Investors have brought claims as set forth in the Amended Complaint, to which Dr. Mahendiran has filed an Answer and Affirmative Defenses, and the pleadings speak for themselves, but otherwise denies TRXade's Paragraph No. 12.

13.     Dr. Mahendiran admits that the Memantine Investors have brought claims as set forth in the Amended Complaint, to which Dr. Mahendiran has filed an Answer and Affirmative Defenses, and the pleadings speak for themselves, but otherwise denies TRXade's Paragraph No. 13.

ACTIVE:13075325.1

14.     Dr. Mahendiran admits that the Memantine Investors have brought claims as set forth in the Amended Complaint, to which Dr. Mahendiran has filed an Answer and Affirmative Defenses, and the pleadings speak for themselves, but otherwise denies TRXade's Paragraph No. 14.

15.     Dr. Mahendiran denies TRXade's Paragraph No. 15.

16.     Dr. Mahendiran admits that the Memantine Investors have brought claims as set forth in the Amended Complaint, to which Dr. Mahendiran has filed an Answer and Affirmative Defenses, and the pleadings speak for themselves, but otherwise denies TRXade's Paragraph No. 16.

17.     Dr. Mahendiran admits that the Memantine Investors have brought claims as set forth in the Amended Complaint, to which Dr. Mahendiran has filed an Answer and Affirmative Defenses, and the pleadings speak for themselves, but otherwise denies TRXade's Paragraph No. 17.

18.     Dr. Mahendiran admits that the Memantine Investors have brought claims as set forth in the Amended Complaint, to which Dr. Mahendiran has filed an Answer and Affirmative Defenses, and the pleadings speak for themselves, but otherwise denies TRXade's Paragraph No. 18.

19.     Dr. Mahendiran admits that the Memantine Investors have brought claims as set forth in the Amended Complaint, to which Dr. Mahendiran has filed

4

an Answer and Affirmative Defenses, and the pleadings speak for themselves, but otherwise denies TRXade's Paragraph No. 19.

20.     Dr. Mahendiran admits that the Memantine Investors have brought claims as set forth in the Amended Complaint, to which Dr. Mahendiran has filed an Answer and Affirmative Defenses, and the pleadings speak for themselves, but otherwise denies TRXade's Paragraph No. 20.

21.     Dr. Mahendiran admits that the Memantine Investors have brought claims as set forth in the Amended Complaint, to which Dr. Mahendiran has filed an Answer and Affirmative Defenses, and the pleadings speak for themselves, but otherwise denies TRXade's Paragraph No. 21.

22.     Dr. Mahendiran denies TRXade's Paragraph No. 22.

## COUNT I
## Indemnification

23.     TRXade's Paragraph No. 23 does not require a response by Dr. Mahendiran. To the extent a response is required, Dr. Mahendiran repeats and reallages paragraphs 1 through 22 above.

24.     Dr. Mahendiran denies TRXade's Paragraph 24.

25.     Dr. Mahendiran admits that the Memantine Investors have brought claims as set forth in the Amended Complaint, to which Dr. Mahendiran has filed

ACTIVE:13075325.1

an Answer and Affirmative Defenses, and the pleadings speak for themselves, but otherwise denies TRXade's Paragraph No. 25.

26.     Dr. Mahendiran admits that the Memantine Investors have brought claims as set forth in the Amended Complaint, to which Dr. Mahendiran has filed an Answer and Affirmative Defenses, and the pleadings speak for themselves, but otherwise denies TRXade's Paragraph No. 26.

27.     Dr. Mahendiran admits that the Memantine Investors have brought claims as set forth in the Amended Complaint, to which Dr. Mahendiran has filed an Answer and Affirmative Defenses, and the pleadings speak for themselves, but otherwise denies TRXade's Paragraph No. 27.

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested against him in TRXade's Count I, awarding Dr. Mahendiran his costs, including a reasonable attorney's fee, and such further relief as this Court may award.

## COUNT II
## Contribution Pursuant to Fla. Stat. §768.31

28.     TRXade's Paragraph No. 28 does not require a response from Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and reallages paragraphs 1 through 22 above.

29.     Dr. Mahendiran denies TRXade's Paragraph No. 29.

6

30.     Dr. Mahendiran admits that the Memantine Investors have brought claims as set forth in the Amended Complaint, to which Dr. Mahendiran has filed an Answer and Affirmative Defenses, and the pleadings speak for themselves, but otherwise denies TRXade's Paragraph No. 30.

31.     Dr. Mahendiran admits that the Memantine Investors have brought claims as set forth in the Amended Complaint, to which Dr. Mahendiran has filed an Answer and Affirmative Defenses, and the pleadings speak for themselves, but otherwise denies TRXade's Paragraph No. 31.

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested against him in TRXade's Count II, awarding Dr. Mahendiran his costs, including a reasonable attorney's fee, and such further relief as this Court may award.

## COUNT III
## Trademark Infringement under 15 U.S. C. §1114

32.     TRXade's Paragraph No. 32 does not require a response from Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and reallages paragraphs 1 through 22 above.

33.     Dr. Mahendiran is without sufficient information to admit or deny TRXade's Paragraph No. 33 and accordingly denies the same.

34.     Dr. Mahendiran denies TRXade's Paragraph No. 34.

7

35.     Dr. Mahendiran denies TRXade's Paragraph No. 35.

36.     Dr. Mahendiran denies TRXade's Paragraph No. 36.

37.     Dr. Mahendiran denies TRXade's Paragraph No. 37.

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested against him in TRXade's Count III, awarding Dr. Mahendiran his costs, including a reasonable attorney's fee, and such further relief as this Court may award.

## COUNT IV
## Trademark Dilution under 15 U. S. C. §1125

38.     TRXade's Paragraph No. 38 does not require a response from Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and reallages paragraphs 1 through 22 above.

39.     Dr. Mahendiran is without sufficient information to admit or deny TRXade's Paragraph 39 and accordingly denies the same.

40.     Dr. Mahendiran denies TRXade's Paragraph 40.

41.     Dr. Mahendiran denies TRXade's Paragraph 41.

42.     Dr. Mahendiran is without sufficient information to admit or deny TRXade's Paragraph 42 and accordingly denies the same.

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested against him in TRXade's Count IV, awarding Dr. Mahendiran his

ACTIVE:13075325.1

costs, including a reasonable attorney's fee, and such further relief as this Court may award.

## COUNT V
## False Advertising under 15 U. S. C. §1125

43.     TRXade's Paragraph No. 43 does not require a response from Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and reallages paragraphs 1 through 22 above.

44.     Dr. Mahendiran denies TRXade's Paragraph 44.

45.     Dr. Mahendiran denies TRXade's Paragraph 45.

46.     Dr. Mahendiran denies TRXade's Paragraph 46.

47.     Dr. Mahendiran denies TRXade's Paragraph 47.

48.     Dr. Mahendiran denies TRXade's Paragraph 48.

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested against him in TRXade's Count V, awarding Dr. Mahendiran his costs, including a reasonable attorney's fee, and such further relief as this Court may award.

ACTIVE:13075325.1

## COUNT VI
## VIOLATION OF FLORIDA COMMON LAW
## TRADEMARK INFRINGEMENT

49.     TRXade's Paragraph No. 49 does not require a response from Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and reallages paragraphs 1 through 22 above.

50.     Dr. Mahendiran is without sufficient information to admit or deny TRXade's Paragraph 50 and accordingly denies the same.

51.     Dr. Mahendiran denies TRXade's Paragraph 51.

52.     Dr. Mahendiran denies TRXade's Paragraph 52.

53.     Dr. Mahendiran denies TRXade's Paragraph 53.

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested against him in TRXade's Count VI, awarding Dr. Mahendiran his costs, including a reasonable attorney's fee, and such further relief as this Court may award.

## COUNT VII
## VIOLATION OF FLORIDA DECEPTIVE
## AND UNFAIR TRADE PRACTICES ACT

54.     TRXade's Paragraph No. 54 does not require a response from Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and reallages paragraphs 1 through 22 above.

ACTIVE:13075325.1

55.    Dr. Mahendiran denies TRXade's Paragraph 55.

56.    Dr. Mahendiran denies TRXade's Paragraph 56.

57.    Dr. Mahendiran denies TRXade's Paragraph 57.

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested against him in TRXade's Count VII, awarding Dr. Mahendiran his costs, including a reasonable attorney's fee, and such further relief as this Court may award.

## GENERAL DENIAL

All allegations not specifically addressed are denied.

## DEFENSES

## FIRST DEFENSE
## (Failure to State A Claim Upon Which Relief Can Be Granted)

For the reasons explained below, which are not exclusive, TRXade has failed to state a claim upon which relief can be granted.

Count I (indemnification) fails because where the intentional torts allege and involve wrongdoing by the person or entity seeking indemnification, as Plaintiffs' claims do, the elements of common law indemnity cannot be satisfied. To support the claim, TRXade alleges that "the Memantine Investors have alleged that Mahendiran made false representations that Trxade Group was involved in and controlled Memantine and would support Memantine's distribution

11

network….."   ¶25.  Plaintiffs' specifically allege in the Amended Complaint that Ajjarapu, TRXade's CEO, consistently made these representations.  Plaintiffs have also asserted claims against TRXade for control person liability and civil conspiracy.  In connection with the claim for control person liability, Plaintiffs allege, among other things, that "Ajjarapu is also the CEO of Trxade Group, Inc.," "Ajjarapu…provided Plaintiff Investors with materials regarding Trxade Group to influence their decision to invest…," and "Trxade Group, its board of directors, and shareholders possess, directly or indirectly, the power to cause the direction of the management of policies employed by TRXade Group's CEO and agent, Ajjarapu."  Accordingly, it is the acts of Ajjarapu, not Dr. Mahendiran, that give rise to the claim against TRXade; Dr. Mahendiran is not a named defendant in the count for control person liability.

For the same reasons explained, Count II (contribution) also fails.

Counts III and VI (trademark infringement) fail because, among other things, Dr. Mahendiran is, or was at all relevant times, an owner of TRXade and had its consent.  Further, there is no likelihood of confusion since there is no other or similar mark that is at issue or that is being used by Dr. Mahendiran. And as Plaintiffs allege, it was Ajjarapu that presented the TRXade Presentation to Plaintiffs for the purposes of soliciting the sale of securities.

ACTIVE:13075325.1

Count IV (trademark dilution) fails because, among other things, Dr. Mahendiran was at all relevant times an owner of TRXade, the TRXade Presentation was given to him by TRXade's CEO Suren Ajjarapu, Ajjarapu presented the TRXade Presentation to Plaintiffs, Dr. Mahendiran is not competing with TRXade, and there is no actual dilution.

Count V (false advertising) fails because, among other things, TRXade does not allege what Dr. Mahendiran was falsely advertising that would support a claim under the Lanham Act. Instead, TRXade alleges that Dr. Mahendiran made false and misleading misrepresentations, which is contradicted by the allegations in the Amended Complaint and in these defenses.

For the same reasons explained above, Count VII (deceptive and unfair trade practices act) fails.

### SECOND DEFENSE
### (License)

Dr. Mahendiran is, or was during all relevant time periods, an owner of TRXade and was acting with its consent and, accordingly, has a license to use TRXade's mark.

### THIRD DEFENSE
### (Nominative Fair Use)

Dr. Mahendiran's use of the TRXade Presentation, which was given to him by TRXade's CEO Suren Ajjarapu, constituted a non-infringing, non-trademark

13

fair use since his use was other than as a mark, in a descriptive sense, and used in good faith. The TRXade mark is included in the TRXade Presentation which was presented to Plaintiffs by Suren Ajjarapu. To the extent that any claim is made regarding Dr. Mahendiran's providing the presentation to Plaintiffs, or use of the mark otherwise, TRXade's mark was necessary to identify TRXade's products or services, and in using the mark, Dr. Mahendiran did not use more of TRXade's mark than necessary, and Dr. Mahendiran's conduct reflected a true and accurate representation of TRXade as further represented and directed by Suren Ajjarapu.

### FOURTH DEFENSE
### (Estoppel)

Dr. Mahendiran is, or was during all relevant time periods, an owner of TRXade and was acting with its consent. Suren Ajjarapu is the CEO of TRXade, and provided the TRXade Presentation to Dr. Mahendiran. In addition, as alleged by Plaintiffs, Suren Ajjarapu, acting as TRXade's CEO, presented the TRXade Presentation to the Plaintiff Investors. TRXade, through its CEO, made a number of representations as to material facts and took actions comporting with those representation, which are contrary to TRXade's later-asserted position, and which were relied on by Dr. Mahendiran who detrimentally changed his position in reliance on TRXade's representations. TRXade implicitly or explicitly permitted

ACTIVE:13075325.1

use of its mark.  Accordingly, TRXade's claims are barred by the doctrine of estoppel.

## FIFTH DEFENSE
### (*In Pari Delicto*)

TRXade's claims are barred by the doctrine of *in pari delicto*.

## SIXTH DEFENSE
### (Ratification)

TRXade's claims are barred by the doctrine of ratification.  By way of example, Suren Ajjarapu, acting as CEO of TRXade, provided the TRXade Presentation to Dr. Mahendiran.  At all relevant times, Dr. Mahendiran, as an owner of TRXade, was acting with TRXade's consent.  TRXade had knowledge of all the material facts, was fully informed, and approved and ratified all of Dr. Mahendiran's actions.  Dr. Mahendiran did not engage in any wrongful acts as alleged in this matter, nor did he take any actions without the consent of other representatives or agents of TRXade.

## SEVENTH DEFENSE
### (Laches)

TRXade's claims are barred by the doctrine of laches.  TRXade delayed in asserting its claims, such delay is not excusable, and as a result there is undue prejudice to Dr. Mahendiran.

15

### EIGHTH DEFENSE
### <u>(Unclean Hands)</u>

TRXade's claims are barred by the doctrine of unclean hands.

### NINTH DEFENSE
### <u>(Statute of Limitations)</u>

TRXade's claims are barred by the applicable statute of limitations.

### TENTH DEFENSE
### <u>(Failure to Mitigate)</u>

TRXade's has failed to mitigate its purported damages.

### ELEVENTH DEFENSE
### <u>(Waiver)</u>

TRXade has waived its purported claims. The rights, privileges, advantages, or benefits that may have existed may be waived; TRXade had actual or constructive knowledge of the rights; and TRXade intentionally relinquished the rights.

### ELEVENTH DEFENSE
### <u>(TRXade's Mark Is Not Famous)</u>

The TRXade mark is not famous since, among other things, it is not prominent nor renowned, is widely recognized by the general consuming public nor does the public otherwise associate the mark with TRXade.

ACTIVE:13075325.1

## TWELFTH DEFENSE
## (Intervening or Superseding Causes)

Dr. Mahendiran maintains that he did not engage in any wrongful acts as alleged in this matter, nor did he take any actions without the express consent of other representatives or agents of TRXade.  To the extent that TRXade can prove any improper activity, TRXade may not recover from Dr. Mahendiran any losses caused by intervening or superseding acts of others, including defendant Suren Ajjarapu.

## THIRTEENTH DEFENSE
## (Set Off)

Dr. Mahendiran is entitled to set off claims that he holds against TRXade against claims that TRXade asserts against him, as well as for claims that he may pay to Plaintiffs.

## RESERVATION OF DEFENSES

Dr. Mahendiran gives notice that he intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further proceedings of this case, and reserves the right to amend this answer and assert such defenses.

## DEMAND FOR ATTORNEYS' FEES

Dr. Mahendiran has retained counsel to defend him in this matter and is obligated to pay his counsel their reasonable fees.  Dr. Mahendiran demands an

ACTIVE:13075325.1

award of his reasonable attorneys' fees, as provided by law or in the applicable statutes, for having to defend the claims asserted by TRXade.

## DEFENDANT GAJAN MAHENDIRAN'S
## COUNTERCLAIM AGAINST TRXADE GROUP, INC

Defendant Gajan Mahendiran ("Dr. Mahendiran"), by counsel, files this counterclaim against Counter-Defendant, TRXade Group, Inc. ("TRXade"), and states as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Dr. Mahendiran is a resident of Virginia.

2.      TRXade Group, Inc. is a Delaware corporation with a principal address of 3840 Land O' Lakes Blvd., Land O' Lakes, Florida 34639.

3.      This Court has jurisdiction over Counterclaim Defendant pursuant to 28 U.S.C. §1367(a).

4.       Venue is proper pursuant to 28 U.S.C. 1391(b)(1) and (2).

## GENERAL ALLEGATIONS

5.      In the Amended Complaint, Plaintiffs complain of actions taken by the Defendants during the period of time commencing in November of 2015 and continuing through February of 2016.

ACTIVE:13075325.1

6.      TRXade's Cross-claim against Dr. Mahendiran is dependent upon and relies upon allegations tied to the same time frames of November of 2015 through February of 2016 set forth in Plaintiffs' Amended Complaint.

7.      On or around December 31, 2016, a Purchase and Sale Agreement (the "Settlement Agreement") was executed by and between Dr. Mahendiran, his spouse, Amudha Mahendiran, and TRXade.   A true and correct copy of the Settlement Agreement is attached as Exhibit "A."

8.      A principal purpose of the Settlement Agreement was to resolve the obligations owed to Dr. Mahendiran by TRXade and its wholly owned subsidiary, Westminster Pharmaceuticals, LLC ("Westminster"), resulting from the loans made by Dr. Mahendiran during 2015 and 2016 totaling One Million Five Hundred Thousand and NO/100 Dollars ($1,500,000.00).   See Exhibit "B" attached to Exhibit "A"

9.      To settle the debts owed to Dr. Mahendiran, TRXade caused its one hundred percent (100%) ownership of Westminster to be transferred to Dr. Mahendiran in exchange for his cancellation of the $1,500,000.00 of the principal outstanding senior secured debt, plus the payment of cash in the amount of One Hundred Thousand Dollars ($100,000.00).   See Attached Exhibit "A."

19

10.    The Settlement Agreement required TRXade to indemnify, defend and hold Dr. Mahendiran, and others "harmless from any and all liabilities, obligations, claims, contingencies, damages, costs, deficiencies and expenses, including all investigative costs, court costs, litigation expenses and reasonable attorneys' and accountants' fees .  .  ." as detailed in Section 7.2 thereof.  See Attached Exhibit "A."

11.    Following the transfer of ownership of Westminster to Dr. Mahendiran by TRXade, Dr. Mahendiran discovered that Westminster's true financial position had been materially misrepresented by S. Ajjarapu and TRXade in that Westminster was in severe financial jeopardy.

12.    Dr. Mahendiran financially assisted Westminster and saved it from failing financially by making further loans or investments totaling hundreds of thousands of dollars.

13.    Due to the misrepresentations made to him as to the financial condition of Westminster, Dr. Mahendiran made demand upon S. Ajjarapu, individually and in his capacity as the majority owner of TRXade and its Chief Executive Officer, to cure the breach of the Settlement Agreement.

14.    In an effort to resolve the issues surrounding the breach of the Settlement Agreement, S. Ajjarapu, individually and on behalf of TRXade, caused

20

approximately $790,000.00 to be transferred to Dr. Mahendiran and to Westminster from an entity controlled by S. Ajjarapu and known as Metcure, Inc. (the "Second TRXade Settlement").

15.    On or around January 9, 2020, S. Ajjarapu caused Metcure, Inc. to file a Complaint in Fauquier County, Virginia against Dr. Mahendiran, Amudha Mahendiran and Westminster (the "Metcure Complaint") in an attempt to unwind the Second TRXade Settlement.  See Attached Exhibit "B."

16.    In paragraph 1 of the Metcure Complaint, S. Ajjarapu described himself as being the President and sole Director of Metcure.  See Attached Exhibit "B."

17.    In paragraph 16 of the Metcure Complaint, S. Ajjarapu described himself as " .  .  .  the sole officer and director of Metcure.  He has significant experience, contacts, and acumen in the pharmaceutical industry."  See Attached Exhibit "B."

18.    On or around August 25, 2020, Dr. Mahendiran, Amudha Mahendiran, and Westminster filed a Plea in Bar and a Demurrer to the Metcure Complaint.  See Attached Exhibits "C" and "D."

19.    In response, S. Ajjarapu caused Metcure to Nonsuit the proceeding pursuant to Virginia Code § 8.01-380.  See Attached Exhibit "E."

21

20.     S. Ajjarapu caused TRXade to breach the Settlement Agreement and the Second TRXade Settlement when he caused Metcure to file the Metcure Complaint in Virginia.

21.     TRXade also breached the Settlement Agreement and the Second Settlement Agreement when S. Ajjarapu caused TRXade to Cross-claim against Dr. Mahendiran in the case at bar.

22.     Dr. Mahendiran is entitled to recover damages from TRXade as a result of its breach of the Settlement Agreement and the Second TRXade Settlement caused by the filing of its Cross-claim against Dr. Mahendiran.

## Count I – Accord and Satisfaction

23.     Dr. Mahendiran references and incorporates Paragraph Nos. 1 through 22 as though fully set out herein.

24.     Prior to the Settlement Agreement, Dr. Mahendiran was owed a debt by TRXade of One Million Five Hundred Thousand and NO/100 Dollars ($1,500,000.00) which TRXade was unable to pay.  See Attached Exhibit "A."

25.     TRXade settled its obligation via the Settlement Agreement by transferring ownership of Westminster to Dr. Mahendiran.   See Attached Exhibit "A."

ACTIVE:13075325.1

26.     TRXade breached the Settlement Agreement by misrepresenting the financial condition of Westminster as of the time of the execution of the Settlement Agreement.

27.     TRXade purported to settle its breach of the Settlement Agreement through transfers totaling $790,000.00 that S. Ajjarapu caused to be transferred from Metcure, Inc.

28.     S. Ajjarapu caused TRXade to breach the Settlement Agreement and the Second TRXade Settlement when he caused Metcure, Inc. to file the Virginia Litigation.

29.     The Metcure nonsuit of the Virginia Litigation did not resolve the TRXade breaches of the Settlement Agreement and the Second TRXade Settlement.

30.     TRXade breached the Settlement Agreement and the Second TRXade Settlement by filing its Cross-claim against Dr. Mahendiran.

31.     Under the law of accord and satisfaction, Dr. Mahendiran is entitled to elect to claim under the Settlement Agreement, the Second TRXade Settlement Agreement, or under the original $1,500,000.00 claim.

WHEREFORE, Dr. Gajan Mahendiran prays for a judgment in his favor and against TRXade Group, Inc., for its breach of the Settlement Agreement and the Second TRXade Settlement in an amount equal to the damages caused to

ACTIVE:13075325.1

Dr. Mahendiran as a result of the breaches, or in the amount of $1,500,000.00, plus pre- and post-judgment interest and costs, including a reasonable attorney's fee and such other relief as this Court may award.

**Count II – Indemnification for Breach of the Settlement Agreement**

32.    Dr. Mahendiran references and incorporates Paragraph Nos. 1 through 22 as though fully set out herein.

33.    Prior to the Settlement Agreement, Dr. Mahendiran was owed a debt by TRXade of One Million Five Hundred Thousand and NO/100 Dollars ($1,500,000.00) which TRXade was unable to pay.  See Attached Exhibit "A."

34.    TRXade settled its obligation via the Settlement Agreement by transferring ownership of Westminster to Dr. Mahendiran.   See Attached Exhibit "A."

35.    TRXade breached the Settlement Agreement by misrepresenting the financial condition of Westminster as of the time of the execution of the Settlement Agreement.

36.    TRXade purported to settle its breach of the Settlement Agreement through transfers totaling $790,000.00 that S. Ajjarapu caused to be transferred from Metcure, Inc.

24

37.     S. Ajjarapu caused TRXade to breach the Settlement Agreement and the Second TRXade Settlement when he caused Metcure, Inc. to file the Virginia Litigation.

38.     The Metcure nonsuit of the Virginia Litigation did not resolve the TRXade breaches of the Settlement Agreement and the Second TRXade Settlement.

39.     TRXade breached the Settlement Agreement and the Second TRXade Settlement again by filing its Cross-claim against Dr. Mahendiran.

40.     Pursuant to Section 7.2 of the Settlement Agreement, TRXade is obligated to indemnify Dr. Mahendiran.

WHEREFORE, Dr. Mahendiran, prays for a judgment in his favor and against TRXade Group, Inc., for indemnity pursuant to Section 7.2 of the Settlement Agreement resulting from TRXade's breach of the Settlement Agreement and the Second TRXade Settlement in an amount equal to the damages caused to Dr. Mahendiran as a result of the breaches, or in the amount of $1,500,000, plus pre- and post-judgment interest and costs, including a reasonable attorney's fee and such other relief as this Court may award.

25

Dated: March 30, 2021

Respectfully submitted,

By: */s/ Kenneth G.M. Mather*

Kenneth G.M. Mather, Esq.
Florida Bar No. 619647
Daniel P. Dietrich, Esq.
Florida Bar No. 0934461
Gunster, Yoakley & Stewart, P.A.
401 E. Jackson Street, Suite 2500
Tampa, FL 33602
(813) 222-6630; Fax No.: (813) 228-6739
Email:   kmather@gunster.com
ddietrich@gunster.com
tkennedy@gunter.com
eservice@gunster.com

***Attorneys for Defendant, Gajan Mahendiran***

26

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 30, 2021, a true and accurate copy of the

foregoing has been served via electronic mail to the following:

Joseph F. Southron
Four Rivers Law Firm
400 N. Ashley Drive, Suite 1900
Tampa, Florida 33602
(813) 773-5105; Fax (813) 773-5103
E-Mail:      joe@fourriverslaw.com
             eservice@fourriverslaw.com


***Counsel for Plaintiffs, Manish
Arora, Scariya Kumaramangalam,
Harsh Datta, Balvant Arora, as
individuals and derivatively on
behalf of Nexgen Memantine Inc***.

Paul B. Thanasides
Christa Queen-Sutherland
Garrett S. Severson
McIntyre, Thanasides, et al.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602
(813) 223-0000; Fax: (813) 225-1221
Email:  paul@mcintyrefirm.com
         CLService@mcintyrefirm.com
         christa@mcintyrefirm.com
         garrett@mcintyrefirm.com

***Counsel for Nexgen Memantine Inc.,
Annapurna    Gundlapalli,    Suren
Ajjarapu and TRXade, Inc.***


By: */s/ Kenneth G.M. Mather*
Kenneth G.M. Mather, Esq.
Florida Bar No. 619647

27

## <u>VERIFICATION</u>

I, Gajan Mahendiran, hereby state under penalty of perjury under the laws of the United States of America, that I am familiar with the facts surrounding this Answer, Affirmative Defenses and Counterclaim and have full knowledge of same. I have reviewed the contents of the foregoing Answer, Affirmative Defenses and Counterclaim and the statements are true upon my information and belief and I believe them to be true and accurate.

By: _____

               Gajan Mahendiran

Executed on March 30, 2021.

ACTIVE:13075325.1