VIRGINIA:

IN THE CIRCUIT COURT FOR FAUQUIER COUNTRY

METCURE, INC.,                          )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )        Civil Action No. CL20-9
                                        )
GAJAN MAHENDIRAN, et al.,               )
                                        )
            Defendants.                 )

## PLEA IN BAR

Defendants, Gajan Mahendiran and Amudha Mahendiran ("Defendants"), by counsel, state

as follows for their Plea in Bar to Count I of the Complaint filed by MetCure, Inc.

## ARGUMENT

A plea in bar is a discrete form of defensive pleading that does not address the merits of

the plaintiff's claim. *See Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996)

("The defensive plea in bar shortens the litigation by reducing it to a distinct issue of fact which,

if proven, creates a bar to the plaintiff's right of recovery."). Thus, a plea in bar "presents a

'single set of facts (although possibly made up of numerous circumstances),'" which acts a bar to

the plaintiff's right of recovery. *Bolling v. General Motors Acceptance Corp.*, 204 Va. 4, 8, 129

S.E.2d 54, 56 (1963) (quoting *Lile's Equity Pleading and Practice*, § 199, p. 114). Its purpose is

"to present a simple issue of fact which operates as a bar to the plaintiff's right of recovery. The

fact put in issue by the plea constitutes in itself a complete defense of the [complaint], or to that

part of the [complaint] to which it is pleaded." *Id.* The moving party bears the burden of proof

on the issue. *Station # 2, LLC v. Lynch*, 280 Va. 166, 175, 695 S.E.2d 537, 542 (2010).

Exhibit "C"

Count I of the Complaint, alleging breach of an oral agreement – specific enforcement, is barred by the Statute of Frauds, Va. Code § 11-2. Plaintiff alleges that it entered into an oral contract to loan Defendants $797,498, which could be repaid either by transferring to Plaintiff a fifty percent ownership interest in Westminster Pharmaceuticals, LLC ("Westminster") or repayment of the principal amount of the loan with interest. (Comp. at ¶ 36). The Virginia Statute of Frauds bars enforcement of any alleged "agreement or promise to lend money or extend credit in an aggregate amount of $25,000 or more" unless there be "some memorandum or note thereof, … in writing and signed by the party to be charged or his agent." Va. Code § 11-2(9).

Here, Plaintiff has alleged an oral contract to lend money. Thus, in order to state a legally viable claim for specific enforcement of the oral contract to loan money, Plaintiff must allege a writing or writings by Defendants, or their agent, that contains all the essential terms of the alleged oral loan agreement. *Moorman v. Blackstock, Inc.*, 276 Va. 64, 75 (2008). The essential terms of the agreement must be "obvious on the face of the writing without recourse to parol evidence." *Janus v.* Sproul, 250 Va. 90, 91 (1995).

The essential terms of an enforceable loan agreement are (1) identification of the lender and borrower, (2) the principal amount of the loan, and (3) how and when the loan is to be repaid. *Faison v. Hughson*, 80 Va. Cir. 96, 2010 WL 7375613, * 3 (Roanoke 2010); *see also Horner v. Holt*, 187 Va. 715, 724 (1948). There is no writing that contains all the essential terms of the alleged oral loan agreement, and therefore, its claim is subject to demurrer.

Plaintiff's claim for breach of an oral contract to lend money is also barred by the statute of frauds because Plaintiff has not alleged and can prove by clear and convincing evidence acts on its part, rather than the conduct of others, that are consistent with no other theory than the existence of the alleged oral contract." *Williams v. Heller Bros. Realty*, 229 Va. 55, 57 (1985); *Pair v. Rook*,

2

195 Va. 196, 207-08 (1953). "Said differently, those acts 'must be such as could be done with no other view or design than to perform the agreement.'" *Id.* (quoting *Plunket v Bryant*, 101 Va. 814, 819 (1903)). Here, MetCure's alleged acts are consistent with any number of theories or possibilities and not just the alleged oral contract. Plaintiff alleges that the alleged loan was "for the purpose of helping Westminster avoid financial failure." (Comp. at ¶ 19). Plaintiff, however, alleges that it did not wire the funds to a Westminster account. Instead, it allegedly wired the funds to an account allegedly owned by Dr. and Mrs. Mahendiran. *Id.* at ¶ 20. That act is wholly inconsistent with the alleged theory of the oral contract. Moreover, the payment of the funds to an account allegedly owned by Dr. and Mrs. Mahendiran is not consistent with a repayment term that included an option to obtain a 50% membership interest in Westminster from Westminster directly, and it is not consistent with a loan to Westminster. Had Westminster been the borrow, it is expected that Westminster would have required the funds to be deposited into its account.

WHEREFORE, for the reasons stated above, Defendants respectfully request that this Court grant their Plea in Bar and dismiss Count I of the Complaint with prejudice.

Dated: August 25, 2020

Respectfully submitted,

**GAJAN MAHENDIRAN
and AMUDHA MAHENDIRAN**

By_____
Charles M. Sims (VSB No. 35845)
O'HAGAN MEYER, PLLC
411 East Franklin Street, Suite 500
Richmond, VA 23219
T: (804) 403-7111
F: (804) 237-0250
CSims@ohaganmeyer.com

*Counsel for Defendants Gajan Mahendiran
and Amudha Mahendiran*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of August, 2020, a true copy of the foregoing was emailed and mailed first class, postage prepaid, to:

Edward S. Rosenthal, Esq.
Lana M. Manitta, Esq.
David C. Rohrbach, Esq.
Rich Rosenthal Brincefield Manitta Dzubin & Kroeger, PLLC
500 Montgomery Street, Suite 600
Alexandria, VA 22314
ESRosenthal@RRBMDK.com
LMManitta@RRBMDK.com
DCRohrbach@RRBMDK.com
*Counsel for Plaintiff*

Brian A. Scotti, Esq.
Gordon & Rees LLP
1101 King Street, Suite 520
Alexandria, VA 22314
bscotti@grsm.com
*Counsel for Defendant Westminster Pharmaceuticals, LLC*

_____
Charles M. Sims, Esq.