VIRGINIA:

IN THE CIRCUIT COURT FOR FAUQUIER COUNTRY

| | | |
|---|---|---|
| METCURE, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. CL20-9 |
| GAJAN MAHENDIRAN, et al., | ) ) ) | |
| Defendants. | ) | |

## DEMURRER

Defendants, Gajan Mahendiran and Amudha Mahendiran ("Defendants"), by counsel, state as follows for their Demurrer to the Complaint filed by MetCure, Inc.

1.  Defendants demur to Count I of the Complaint for breach of an oral agreement – specific enforcement, because the claim is barred by the Statute of Frauds, Va. Code § 11-2. Plaintiff alleges that it entered into an oral contract to loan Defendants $797,498, which could be repaid either by transferring to Plaintiff a fifty percent ownership interest in Westminster Pharmaceuticals, LLC ("Westminster") or repayment of the principal amount of the loan with interest. (Comp. at ¶ 36). The Virginia Statute of Frauds bars enforcement of any alleged "agreement or promise to lend money or extend credit in an aggregate amount of $25,000 or more" unless there be "some memorandum or note thereof, ... in writing and signed by the party to be charged or his agent." Va. Code § 11-2(9).

While the statute of frauds may be raised in a plea in bar, which Defendants have done in this case, it may also be properly raised on demurrer when the Complaint sets out a verbal contract which the Statute requires to be in writing and basis the right to recover upon the breach of that contract. *See Byer v. Virginia Elec. & Power Co.,* 11 Va. Cir. 171, 1988 WL 1052048, * 5

Exhibit "D"

(Richmond 1988); *see also Beach v. Virginia Nat. Bank*, 235 Va. 376, 378 (1988)(affirming Circuit Court's order sustaining demurrer based on statute of frauds). Here, Plaintiff has alleged an oral contract to lend money. Thus, in order to state a legally viable claim for specific enforcement of the oral contract to loan money, Plaintiff must allege a writing or writings by Defendants, or their agent, that contains all the essential terms of the alleged oral loan agreement. *Moorman v. Blackstock, Inc.*, 276 Va. 64, 75 (2008). The essential terms of the agreement must be "obvious on the face of the writing without recourse to parol evidence." *Janus v.* Sproul, 250 Va. 90, 91 (1995).

Plaintiff fails to allege a writing that contains all the essential terms of the alleged oral loan agreement, and therefore, its claim is subject to demurrer.

2. Defendants also demur to Count I for specific enforcement of an alleged oral contract because the alleged oral agreement is too indefinite to be enforced under the Statute of Frauds. "To escape the statute of frauds, the oral agreement 'must be definite, certain, and unequivocal in all its terms." *Beach*, 235 Va. at 378. "Certainty means that each term is expressed in an exact manner; by contrast, uncertainty means that terms are expressed inexactly, indefinitely, and obscurely so that the intent is not ascertainable." *Id.* (citing *Smith v. Farrell*, 199 Va. 121, 127-28 (1957)).

The Complaint fails to allege facts establishing a meeting of the minds on the essential terms of the alleged contract between Plaintiff and each of Dr. and Mrs. Mahendiran. As noted by the Court in *Mormanv. Balckstock, Inc.*, 276 Va. 64, 75 (2008), "'[u]ntil the parties have a distinct intention in common to both . . . there is a lack of mutual assent and therefore, no contract.'" (quoiting *Phillips v. Mazyck*, 273 Va. 630, 636 (2007)). "Mutual assent is determined 'exclusively

2

from those expressions of [the parties'] intentions that are communicated between them.'" *Id.* (quoting *Lucy v. Zehmer,* 196 Va. 493, 503 (1954)).

The essential terms of an enforceable loan agreement are (1) identification of the lender and borrower, (2) the principal amount of the loan, and (3) how and when the loan is to be repaid. *Faison v. Hughson*, 80 Va. Cir. 96, 2010 WL 7375613, * 3 (Roanoke 2010); *see also Horner v. Holt*, 187 Va. 715, 724 (1948). Here, Plaintiff fails to allege with certainty the identity of the borrower. Plaintiff alleges only that Dr. Mahendiran acting "behalf of Defendants" sought Plaintiff's investment of money in Westminster to "avoid financial failure." The Complaint, however, fails to allege who agreed to pay back the alleged loan, much less does the Complaint allege facts establishing Dr. Mahendiran's authority, either express or apparent, to bind his wife or that of Westminster to the alleged oral agreement, or whether he agreed to be personally bound to pay back the loan, as opposed to acting allegedly on behalf of Westminster, for whose benefit the alleged loan was being made.

The Complaint also fails to specify when the alleged loan was to be repaid and the interest to be paid. *See Coley v. Herpst*, CL -2016-5590, 2017 WL 2494423, * 4 (Fairfax, Jan. 10, 2017)(essential terms of a financial agreement "include the interest rate, the amount of the loan, the principal balance, and the repayment schedule or the collateral.")(citations omitted). The Complaint further fails to allege who was obligated to provide the fifty percent ownership interest in Westminster to Plaintiff in repayment of the loan. That is, was it Westminster's obligation to issue a 50% membership interest in the company to MetCure, thereby diluting the ownership interests held by Defendants, or was the obligation of Dr. Mahendiran or his Wife to transfer all or part of their ownership in the company to MetCure. The alleged agreement fails to specify who

or how the ownership interest was to be conveyed to MetCure, much less when it had to be conveyed. Accordingly, the alleged oral contract is too indefinite to be enforced.

3. The Defendants also demur to Count I for specific enforcement of an oral loan agreement that provides for repayment of the loan, at the option of Plaintiff, by transferring to Plaintiff a 50% membership interest in Westminster, because Plaintiff has failed to allege facts to establish part performance by MetCure that would be sufficient to take the alleged oral contract out of the statute of frauds.

A party seeking to avoid the statute of frauds based on part performance must allege and prove by clear and convincing evidence acts on its part, rather than the conduct of others, that are consistent with no other theory than the existence of the alleged oral contract." *Williams v. Heller Bros. Realty*, 229 Va. 55, 57 (1985); *Pair v. Rook*, 195 Va. 196, 207-08 (1953). "Said differently, those acts 'must be such as could be done with no other view or design than to perform the agreement.'" *Id.* (quoting *Plunket v Bryant*, 101 Va. 814, 819 (1903)). Here, MetCure's alleged acts are consistent with any number of theories or possibilities and not just the alleged oral contract. Plaintiff alleges that the alleged loan was "for the purpose of helping Westminster avoid financial failure." (Comp. at ¶ 19). Plaintiff, however, alleges that it did not wire the funds to a Westminster account. Instead, it allegedly wired the funds to an account allegedly owned by Dr. and Mrs. Mahendiran. *Id.* at ¶ 20. That act is wholly inconsistent with the alleged theory of the oral contract. Moreover, the payment of the funds to an account allegedly owned by Dr. and Mrs. Mahendiran is not consistent with a repayment term that included an option to obtain a 50% membership interest in Westminster from Westminster directly, and it is not consistent with a loan to Westminster. Had Westminster been the borrow, it is expected that Westminster would have required the funds to be deposited into its account.

4

4.    Defendants further demur to Count I for specific performance enforcement of an alleged oral loan agreement, because the Plaintiff has an adequate remedy at law. *See Chattin v. Chaittin,* 245 Va. 302, 306 (1993)("Specific performance is an equitable remedy, which may be considered by the trial court where the remedy at law is inadequate and the nature of the contract is such that specific performance of it will not result in great practical difficulties."). Plaintiff alleges that the oral agreement provided that, at its option, Plaintiff could demand repayment of the loan with interest or transfer of a 50% membership interest in Westminster. Accordingly, Plaintiff can be made whole in an action at law by an award of damages.

A membership interest in a limited liability company is "'personal property.'" *Erie Ins. Exch. v. EPC MD 15, LLC,* 297 Va. 21, 31 (2019)(quoting Va. Code § 13.1-1038). To the extent that a 50% membership interest in Westminster exceeded the principal amount of the loan plus interest when the loan was due to be repaid, then Plaintiff can determine its damages by offering testimony as to the value of the 50% membership interest when the loan was due and payable to Plaintiff. To the extent that the 50% membership interest was less than the value of the principal and interest due on the loan, the Plaintiff's damages are measured by the amount of the loan plus interest.

5.    Defendants demur to Count II for unjust enrichment – constructive trust, because "a constructive trust is not a cause of action, but rather a means to reach certain property so as to have it available to satisfy an award under some valid cause of action." *Wells Fargo Bank, N.A. v. Hall,* 95 Va. Cir. 377, 2017 WL 10966797, * 3 (Chesapeake 2017)(citing *in re Multi-Circuit Church Prop. Litig.,* 84 Va. Cir. 105, 203 (Fairfax 2012)(quoting *Pair v. Rook,* 195 Va. 196, 213 (1953)); *see also Jones v. Jones*, 206 F. Supp. 3d 1098, 1114 (E.D.Va. 2016)(noting "[s]everal courts have found that a claim for a constructive trust under Virginia law is an equitable remedy,

dependent on another stated cause of action, and not an independent claim."). Plaintiff has failed to allege an independent claim for which the remedy of constructive trust is appropriate.

6. Defendants demur to Count II for imposition of a constructive trust "upon a fifty percent (50%) ownership interest in Westminster," because Plaintiff has not alleged any basis to trace its money that was allegedly wired into an account owned by Dr. and Mrs. Mahendiran to the subject of the alleged constructive trust, which is a 50% membership interest in Westminster. It is well-established that "'in order to be entitled to the benefit of a constructive trust, a claimant's [interest] must be 'distinctly traced' into the chose in action, fund, or other property which is to be made the subject of the trust.'" *Bank of Hampton Roads v. Powell*, 292 Va. 10, 16 (2016)(quoting *Crestar v. Williams*, 250 Va. 198, 204 (1995)).

7. Defendants demurrer to Count III for unjust enrichment-restitution because Plaintiff did not confer a benefit upon Defendants. By it allegations, Plaintiff conferred a benefit on Westminster. A cause of action for unjust enrichment arises when "(1) "[plaintiff] conferred a benefit on [defendant]; (2) [defendant] knew of the benefit and should reasonably have expected to repay [plaintiff]; and (3) [defendant] accepted or retained the benefit without paying for its value.'" *T. Musgrove Construction Co., Inc. v. Young*, -- Va. --, 840 S.E.2d 337, 341 (2020)(quoting *Schmidt v. Household Fin. Corp., II*, 276 Va. 108, 116, 661 S.E.2d 834 (2008) (citing *Nedrich v. Jones*, 245 Va. 465, 476, 429 S.E.2d 201 (1993)). Here, Plaintiff alleges that (i) MetCure was requested to invest money "in Westminster in order to keep it afloat (the "Westminster Investment");" (ii) MetCure transferred funds to an account owned by Defendants, which funds were then transferred to Westminster, and (ii) the funds provided by MetCure supposedly enabled Westminster "to stave off the financial failure." Comp.at ¶¶ 18, 23-24. The "measure of recovery for unjust enrichment is limited to the benefit realized and retained by the

6

defendant." *Id.* Plaintiff has not alleged that Defendants retained any benefit. Moreover, it is well-established that "'a limited liability company is a legal entity entirely separate and distinct from the ... the members who compose it.'" *Remora Investments, LLC v. Orr*, 277 Va. 316, 321-322 (2009); *Mission Residential, LLC v. Triple Net Properties, LLC*, 275 Va. 157, 161 (2008). Accordingly, this Court should sustain Defendants' demurrer to Count III.

    8.    Defendants also demurrer to Count III for unjust enrichment-restitution, because Plaintiff seeks punitive damages and attorneys' fees incurred by MetCure in this action based upon Defendants' allegedly inequitable conduct. Under the American Rule, and the Supreme Court of Virginia's "strong adherence" to that rule, "'ordinarily, attorneys' fees are not recoverable by a prevailing litigant in the absence of a specific contractual or statutory provision to the contrary.'" *Nusbaum v. Berlin*, 273 Va. 385, 400 (2007)(quoting *Lannon v. Lee Conner Realty Corp.*, 238 Va. 590, 593 (1989)). While the Supreme Court has recognized limited exceptions to the American Rule, it has never recognized an exception to the American Rule for alleged inequitable conduct. *See Carlson v. Wells*, 281 Va. 173, 188-89 (2011)(listing limited exceptions to the American Rule recognized by the Supreme Court of Virginia). "'[A]uthority for awarding costs and attorney's fees is in derogation of common law, and therefore, subject to strict interpretation.'" *Sherman v. Southern Grading, Inc.*, 96 Va. Cir. 262, 2017 WL 9887538, * 1 (2017)(quoting *Reineck v. Lemen*, 292 Va. 710, 721 (2016) (quoting *Chacey v. Garvey*, 291 Va. 1,10 (2015). "The purpose of the American Rule 'is to avoid stifling legitimate litigation by the treat of the specter of burdensome expenses being imposed on an unsuccessful party.'" *Id.* (quoting *Tonti v. Akbari*, 262 Va. 681, 685 (2001)). Accordingly, no exception to the American Rule exists for unjust enrichment claims. Moreover, as explained by the court in *Zawhorodny v. Virginia Distillery Co., LLC*, 101 Va. Cir.

7

350, 2019 WL 4170175, * 2 (2019), in sustaining a demurrer to a claim for punitive damages in a count for unjust enrichment:

> Punitive damages are inappropriate here, as unjust enrichment seeks to correct an inequity – retaining a benefit without paying for its value. *Schmidt [v. Household Finance Corp.]*, 276 Va. 108, 116 (2008)("Household Finance accepted or retained the benefit without paying for its value); *Online Resources Corp. v. Lawlor*, 285 Va. 40, 61 (2013) ("We cannot say that ... the jury's award on the unjust enrichment claim, based on the instruction it was given, that [ORC] "accepted or retained the benefit under circumstances which would make it inequitable for [ORC] to retain the benefit without paying for its value' " was plainly wrong or without evidence to support it."); *Kamlar Corp. v. Haley*, 224 Va. 699, 707 (1983)("We adhere to the rule of *Wright v. Everett* in requiring proof of an independent, willful tort, beyond the mere breach of a duty imposed by contract, as a predicate for an award of punitive damages, regardless of the motives underlying the breach.").

9. Defendants demur to Count IV for assumpsit/quasi-contract claim, because an action for "*indebitatus* assumpsit for money had and received will lie whenever one has the money of another which he has no right to retain, but which *ex aequo et bono,* he should pay over to that other." *Lawson's Executor v. Lawson*, 57 Va. 230, 232 (1861); *Robertson v. Robertson*, 137 Va. 378 (1923). As with its unjust enrichment claim, Plaintiff's claim sounding in assumpsit fails to state a claim against Defendants because Plaintiff alleges that Defendants were mere conduits for transferring Plaintiff's investment money to Westminster. Plaintiff does not allege that the money allegedly transferred by Plaintiff was ever intended to benefit the Defendants, or that they retain the funds or have benefited in any way personally. Accordingly, MetCure's claim for assumpsit fails as a matter of law. Likewise, Plaintiff's claim for attorneys fees fails for the reasons stated above.

WHEREFORE, for the reasons stated above, Defendants respectfully request that this Court sustain their Demurrer to the Complaint and dismiss the Complaint against them with prejudice.

Dated: August 25, 2020

Respectfully submitted,

**GAJAN MAHENDIRAN
and AMUDHA MAHENDIRAN**

By_____
Charles M. Sims (VSB No. 35845)
O'HAGAN MEYER, PLLC
411 East Franklin Street, Suite 500
Richmond, VA 23219
T: (804) 403-7111
F: (804) 237-0250
CSims@ohaganmeyer.com

*Counsel for Defendants Gajan Mahendiran
and Amudha Mahendiran*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2020, a true copy of the foregoing was emailed and mailed first class, postage prepaid, to:

Edward S. Rosenthal, Esq.
Lana M. Manitta, Esq.
David C. Rohrbach, Esq.
Rich Rosenthal Brincefield Manitta Dzubin & Kroeger, PLLC
500 Montgomery Street, Suite 600
Alexandria, VA 22314
ESRosenthal@RRBMDK.com
LMManitta@RRBMDK.com
DCRohrbach@RRBMDK.com
*Counsel for Plaintiff*

Brian A. Scotti, Esq.
Gordon & Rees LLP
1101 King Street, Suite 520
Alexandria, VA 22314
bscotti@grsm.com
*Counsel for Defendant Westminster Pharmaceuticals, LLC*

_____
Charles M. Sims, Esq.

10