UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JITENDRA JAIN, MANISH ARORA,
SCARIYA KUMARAMANGALAM,
HARSH DATTA and BALVANT ARORA,

    Plaintiffs,

Case No. 8:20-cv-02263-VMC-JSS

NEXGEN MEMANTINE, INC.,
SUREN AJJARAPU, ANNAPURNA
GUNDLAPALLI, GAJAN
MAHENDIRAN, NEXGEN LIFE
SCIENCES LLC, TRXADE GROUP,
INC., and G&S COAL TRADERS, LLC,

    Defendants.
_____/

**DEFENDANT NEXGEN LIFE SCIENCES LLC.'s MOTION TO DISMISS COUNTS II AND XIII OF SECOND AMENDED COMPLAINT WITH PREJUDICE, AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant, Nexgen Life Sciences, LLC, ("Life Sciences") moves the Court, pursuant to Fed. R. Civ. P. 12(b)(6), for entry of an order dismissing Counts II and XIII of the Second Amended Complaint because both counts fail to state claims for relief. The grounds for this motion and the reasons this motion should be granted are set forth below.

**Relevant Facts**

On May 14, 2021, Plaintiffs filed their Second Amended Complaint against various individuals and entities arising from a dispute over the loss of their investment in Nexgen Memantine, Inc. ("Memantine"). The Second Amended Complaint asserts two claims against Life Sciences. The first, Count II, is an action for controlling person liability under 15 U.S.C.A. § 78t. (Section 20(a) of the Securities Exchange Act of 1934). Plaintiffs allege that as the majority

shareholder of Memantine, Life Sciences is liable as a "control person" for the acts committed by Memantine (the controlled person) in violation of the Exchange Act.

The second claim, Count XIII, is an action for breach of oral contract. Plaintiffs allege that Life Sciences breached the alleged oral contract when it failed to repay Plaintiffs the amount of their lost investment.

Finally, also in Count XIII, and almost as an afterthought, Plaintiffs also seek to "pierce the company veil" of Life Sciences in order to impose liability on its members for the amount Life Sciences allegedly promised to pay them as "third party beneficiaries".

This motion will address the sufficiency of Counts II and XIII in turn.

## Legal Standard

In order to survive a motion to dismiss, the Federal Rules of Civil Procedure requires that the complaint should provide a "…short and plain statement of the claim that will give the defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *Burgess v. Hogue,* No. 8:07-CIV1612-17-TGW, 2008 WL 906726, at *1 (M.D. Fla. Apr. 3, 2008). Ultimately, the question is not whether the Plaintiffs will win, but whether the complaint is sufficient to meet the threshold pleading requirement. *Skinner v. Switzer,* 562 U.S. 521, 529–30 (2011). Mere recitation of the elements of the cause of action or conclusory statements will not satisfy this requirement. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## Points and Authorities

**I.    Count II Fails to State a Claim for Relief for Controlling Person Liability Under 15 U.S.C. Section 78t**

Controlling person liability under Section 20(a) of the Securities Exchange Act of 1934 (the "Act"), states, in relevant part, that

> "Every person who, directly or indirectly, controls any person liable under any provision of this chapter or any rule or regulation thereunder shall also be liable and jointly and severally with and to the same extent of such controlled person to any person to whom such controlled person is liable, unless the controlling person had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist."

15 U.S.C. Section 78t.

Controlling person liability under the Act is derivative. Thus, to be liable as a controlling person, there must be a primary violation as well as a control relationship. Accordingly, following applicable Eleventh Circuit precedent, in order to state a claim for relief for controlling person liability under the Act, in this case the Plaintiffs must allege:

1) A primary violation of the Exchange Act by the allegedly controlled person or persons;

2) Life Sciences had the power to control the general affairs of the primary violator; and

3) Life Sciences had the power to control the specific corporate policy that resulted in the primary violation.

*Laperriere v. Vesta Ins. Group, Inc.*, 526 F.3d 715, 723 (11th Cir. 2008). In addition, the heightened pleading standards set forth in Fed.R.Civ.P. Rule 9(b) and the Securities Litigation Reform Act of 1995 also apply. *Tellabs, Inc. v. Makor Issues & Rights, Ltd., et al.*, 555 U.S. 308, 321 (2007).

### a) Primary Violation of the Exchange Act

As a matter of law, control person liability cannot exist absent a primary violation. See *In re Galectin Therapeutics, Inc. v. Securities Litig.*, 843 F.3d 1257 (11th Cir. 2016). Thus, to the

extent any allegedly controlled person successfully challenges the existence of a primary violation of the Exchange Act, a Section 20(a) claim is unenforceable.

### b) Failure to Plead Control Person Liability

Despite their fifty-four page, 210 paragraph Second Amended Complaint alleging various frauds and other wrongs, Life Sciences is mentioned only seven times. More specifically, in Count II, aside from the concluding "wherefore" clause, Life Sciences is mentioned only three times. Moreover, not only is there sparse mention of Life Sciences, the allegations against it are both confusing and contradictory.

More specifically, paragraph 105 alleges that Life Sciences is controlled by two individual defendants, Gajan Mahendiran and Suren Ajjarapu and that Life Sciences owns 80% of the shares of Memantine, a corporate entity. In paragraph 107, Plaintiffs further allege that Memantine is a corporation "dominated by Life Sciences", presumably because it is the alleged majority shareholder of Memantine. Neither of these allegations are sufficient to invoke Section 20(a) liability. Instead, paragraph 106 is the only allegation that – apparently – attempts to satisfy the pleading requirements necessary to allege Section 20(a) control person liability. But paragraph 106 fails as well. It fails because it alleges merely that:

> "With far more shares than all other shareholders combined, Nexgen Life Sciences possesses the ability to control the directors, policies and management of Nexgen Memantine."

As noted above, to state a claim for Section 20(a) liability the plaintiff must allege, *inter alia*, 1) A primary violation of the Exchange Act, 2) The Defendant had the power to control the general affairs of the primary violator and, 3) The Defendant had the power to control the specific corporate policy that resulted in the primary violation. Even if Plaintiffs have adequately alleged a primary violation of the Exchange Act, they have failed to allege ultimate facts that satisfy the

second and third requirements.  Instead, Plaintiffs only allege that Life Sciences "possessed the ability" to control the directors, policies and management of Memantine.  *Laperriere*, supra, requires much more specificity.  The bare assertion that Life Sciences could control the general overall policies or management of Memantine is insufficient on its face.  *Laperriere* requires or mandates that to adequately allege Section 20(a) liability, the Plaintiffs must allege that Life Sciences had the power to control the specific corporate policy that resulted in the primary violation.  *Laperriere,* supra, at 723.[*]  On its face, Count II fails to make that allegation and, therefore, also fails to state a claim for relief under Section 20(a).

  c) **Plaintiffs' Breach of Oral Contract Claim in Count XIII Fails to Satisfy The Statute Of Frauds**

Florida law provides:

> "No action shall be brought whereby… to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person … unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.

Fla. Stat. Ann. § 725.01.  The Plaintiffs allege that the Life Sciences breached the alleged oral contract when it failed to repay Plaintiffs after their investment was lost.  But because, on the face of the pleading, the alleged oral contract is a contract for the repayment of a debt, the above-quoted statute of frauds requires that that the contract be in writing and be signed by the party to be charged. Here, the Plaintiffs failed to attach any contract or offer any evidence indicating that Life

---

[*] Arguably, the Plaintiffs are also required to allege that Life Sciences acted recklessly in failing to do what it could have done to prevent the alleged primary violation.  *Laperriere*, supra at 725.  In *Laperriere*, the 11th Circuit declined to adopt the so-called "culpable person" standard applied in other circuits but also indicated that a controlling person is derivatively liable only if that person acted recklessly.  However, given the facial deficiencies of Count II of this complaint, the court need not address that question.

Sciences agreed in writing to repay the Memantine's debt. Indeed, Plaintiffs even admit that the contract was never memorialized in writing. Instead, it was oral.

A contract that fails to meet the statute of frauds is unenforceable as a matter of law. *City of Orlando v. W. Orange Country Club, Inc.*, 9 So. 3d 1268, 1271 (Fla. 5th DCA 2009) (highlighting that "the statute of frauds plainly bars enforcement of the contract" where the contract, which called for performance for more than one year, was not signed by the party to be charged.) Because the alleged contract is a contract to pay Memantine's debt that is not in writing and not signed by the party to be charged i.e., Life Sciences, Count XIII should be dismissed with prejudice.

Furthermore, the Plaintiffs' apparent effort to pierce the corporate veil should also be rejected. Florida jurisprudence clearly holds that the corporate veil can only be pierced in "exceptional circumstances." *Molenda v. Hoechst Celanese Corp.,* 60 F. Supp. 2d 1294, 1300 (S.D. Fla. 1999), *aff'd*, 212 F.3d 600 (11th Cir. 2000). When making a claim to pierce the corporate veil, the Plaintiffs must allege sufficient facts to justify disregarding the corporate form. *Wholesale Stone, LLC v. Stone-Mart Marble & Travertine Grp. LLC*, No. 13-24342-CIV, 2014 WL 11906611, at *4 (S.D. Fla. Mar. 10, 2014). That is, the Plaintiffs must plead and prove "deliberate misuse of the corporate form — tantamount to fraud .... [A]bsent proof of fraud or ulterior motive by the shareholder, the corporate veil shall not be pierced." *Id.*; See also *John Daly Enterprises, LLC v. Hippo Golf Co.*, 646 F. Supp. 2d 1347, 1353 (S.D. Fla. 2009); *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1119–20 (Fla. 1984). "[M]ere ownership of a corporation by a few shareholders, or even one shareholder, is an insufficient reason to pierce the corporate veil." *Gasparini v. Pordomingo,* 972 So. 2d 1053, 1055 (Fla. 3rd DCA 2008)

Here, the Plaintiffs alleged that, as the majority shareholder of Memantine, Defendant's company form (it is a limited liability company) should be set aside to satisfy Memantine's debt. However, this claim fails because the Plaintiffs have alleged no facts even suggesting that Life Sciences was used to mislead or defraud the Plaintiffs, nor have the Plaintiffs alleged that Life Sciences was involved in any attempts to mislead or defraud the Plaintiffs.

Put simply, absent a showing that Defendant intended to defraud or misuse the corporate form, the company veil should not be pierced and the Plaintiffs' request for that extraordinary relief should be denied.

Finally, the Plaintiffs allege that they are third party beneficiaries. However, a party may not simply claim third party beneficiary status; instead, they must plead: (1) the existence of the contract; (2) clear or manifest intent of the parties that the contract primarily and directly benefits the third party; (3) breach of a contact by a contracting party; and (4) damages to the third-party resulting from the breach. *Steadfast Ins. Co. v. Corp. Prot. Sec. Grp., Inc.*, 554 F. Supp. 2d 1335, 1338 (S.D. Fla. 2008). "If the contract does not expressly provide for the third party beneficiary, however, the litigant must clearly show that both parties to the contract intended its beneficiary status." *Id.*

Here, Plaintiffs have not alleged any facts that there was a contract between the Defendant and Memantine or that there was a breach of any kind. In fact, the Complaint is devoid of any allegations that the Defendant had any intent to create a benefit for the Plaintiffs. Absent allegations that a contract existed, that a breach occurred or that Defendant intended to create a contract that benefits the Plaintiffs, the Plaintiffs have failed to sufficiently plead third party beneficiary status.

**Conclusion**

Plaintiffs' claims against Nexgen Life Sciences, LLC should be dismissed with prejudice.

**Certificate of Good Faith Conference**

Pursuant to Local Rule 3.01(g), I hereby certify that the undersigned, on behalf of Life Sciences, attempted to confer with counsel for Plaintiffs in good faith to resolve the issues raised in the above motion but was unsuccessful in effectuating that conference.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the Florida Courts CM/ECF on June 7, 2021, which will provide electronic notice to all counsel of record.

>  */s/ Robert V. Williams*
>  Robert V. Williams, Esq.
>  Florida Bar No.: 144720
>  **BURR & FORMAN LLP**
>  P.O. Box 380
>  Tampa, Florida 33601-0380
>  TEL: (813) 221-2626
>  FAX: (813) 221-7335
>  Primary email:  rwilliams@burr.com
>  Secondary email:  pturner@burr.com
>
>  *Attorneys for Defendant Nexgen Life Sciences, LLC*