# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JITENDRA JAIN,
MANISH ARORA,
SCARIYA KUMARAMANGALAM,
HARSH DATTA, and
BALVANT ARORA, as individuals and derivatively
on behalf of NEXGEN MEMANTINE, INC.,

          Plaintiffs,           Case No.: 8:20-cv-02263-T-33JSS

v.

NEXGEN MEMANTINE, INC.,
SUREN AJJARAPU,
ANNAPURNA GUNDLAPALLI,
GAJAN MAHENDIRAN,
NEXGEN LIFESCIENCES, LLC,
TRXADE GROUP, INC.,
G&S COAL TRADERS, LLC,

          Defendants.

_____/

## DEFENDANTS SUREN AJJARAPU, NEXGEN MEMANTINE, INC., AND TRXADE GROUP, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

Defendants Suren Ajjarapu ("Ajjarapu"), Nexgen Memantine, Inc. ("Memantine"), and Trxade Group, Inc. ("Trxade") (hereinafter collectively, "Defendants"), hereby file their Answer and Affirmative Defenses to Plaintiffs' Amended Complaint, stating as follows:

## PARTIES AND JURISDICITON

1.      Admitted on information and belief for jurisdictional purposes only.

2.      Admitted on information and belief for jurisdictional purposes only.

3.      Admitted on information and belief for jurisdictional purposes only.

4.      Admitted on information and belief for jurisdictional purposes only.

5.      Admitted on information and belief for jurisdictional purposes only.

6.      Admitted for jurisdictional purposes only.

7.      This paragraph is not directed to these Defendants, and therefore no response is required. To the extent a response is required, admitted for jurisdictional purposes only.

8.      This paragraph is not directed to these Defendants, and therefore no response is required. To the extent a response is required, admitted on information and belief for jurisdictional purposes only.

9.      Admitted for jurisdictional purposes only.

10.     This paragraph is not directed to these Defendants, and therefore no response is required. To the extent a response is required, admitted for jurisdictional purposes only.

11.     Admitted for jurisdictional purposes only.

12.     This paragraph is not directed to these Defendants, and therefore no response is required. To the extent a response is required, admitted for jurisdictional purposes only.

13.     Admitted for jurisdictional purposes only.

14.     Admitted for jurisdictional purposes only.

15.     This paragraph asserts a legal conclusion to which a response is not required. To the extent this paragraph is not directed to these Defendants, no response is required or given. To the extent a response is required, denied as framed.

16.     This paragraph asserts a legal conclusion to which a response is not required. To the extent this paragraph is not directed to these Defendants, no response is required or given. To the extent a response is required, denied as framed.

17.     To the extent this paragraph is not directed to these Defendants, no response is required or given. Otherwise, denied.

18.     To the extent this paragraph is not directed to these Defendants, no response is required or given. Otherwise, denied.

19.     To the extent this paragraph is not directed to these Defendants, no response is required or given. Otherwise, denied as framed.

20.     This paragraph is not directed to these Defendants, and therefore no response is required. To the extent a response is required, without knowledge.

21.     This paragraph is not directed to these Defendants, and therefore no response is required. To the extent a response is required, without knowledge.

22.     This paragraph is not directed to these Defendants, and therefore no response is required. To the extent a response is required, without knowledge.

23.     This paragraph is not directed to these Defendants, and therefore no response is required. To the extent a response is required, without knowledge.

24.     To the extent this paragraph is not directed to these Defendants, no response is required or given. Admitted that a meeting with Datta took place at a Panera Bread on or about November 15, 2015, between Mahendiran, Ajjarapu, and Datta. Otherwise, denied.

25.     Denied as framed.

26.     To the extent this paragraph is not directed to these Defendants, no response is required or given. Without knowledge as to Datta's state of mind. Denied that Ajjarapu asked Datta to reach out to the other Plaintiff Investors about the opportunity.

27.     Without knowledge.

28.     Admitted that the Plaintiff Investors had discussions with Ajjarapu and Mahendiran. Otherwise, denied as framed.

29.     To the extent this paragraph is not directed to these Defendants, no response is required. To the extent a response is required, admitted to the extent this paragraph asserts that Ajjarapu is not a broker. Otherwise, denied as framed.

30.     This paragraph is not directed to these Defendants, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit A in a way that is contrary to its plain terms.

31.     Denied to the extent this paragraph seeks to characterize Exhibit A in a way that is contrary to its plain terms. Otherwise, denied as framed.

32.      This paragraph is not directed to these Defendants, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit A in a way that is contrary to its plain terms. Otherwise, denied.

33.     This paragraph is not directed to these Defendants, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit B in a way that is contrary to its plain terms. Denied to the extent this paragraph implies that Nexgen Memantine had no relationshipwith a pharmaceutical manufacturer in Hyderbad, India. Otherwise, denied as framed.

34.     Denied to the extent this paragraph seeks to characterize Exhibit B in a way that is contrary to its plain terms.

35.     Denied to the extent this paragraph seeks to characterize Exhibits A and B in a way that is contrary to their plain terms. Otherwise, denied as framed.

36.     This paragraph is not directed to these Defendants, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit C and Exhibit D in a way that is contrary to their plain terms. Otherwise, without knowledge.

37.     Denied to the extent this paragraph seeks to characterize Exhibit D in a way that is contrary to its plain terms. Admitted that Ajjarapu is CEO of Trxade Group, Inc.

38.     To the extent this paragraph is not directed to these Defendants, no response is required or given. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibits C and D in a way that is contrary to their plain terms. Otherwise, denied as framed.

39.     Denied.

40.     Denied.

41.     To the extent this paragraph is not directed to these Defendants, no response is required or given. Otherwise, denied.

42.     Admitted that Ajjarapu stated he was the CEO of Trxade Group. Otherwise, denied.

43.     To the extent this paragraph is not directed to these Defendants, no response is required or given. Denied that any representations made by Ajjarapu were false or misleading. Otherwise, denied as framed.

44.     To the extent this paragraph is not directed to these Defendants, no response is required or given. Otherwise, denied as framed.

45.     This paragraph is not directed to these Defendants, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit E in a way that is contrary to its plain terms.

46.      To the extent this paragraph is not directed to these Defendants, no response is required. Denied to the extent this paragraph seeks to characterize Exhibit F in a way that is contrary to its plain terms. Denied that Ajjarapu made any representations purported to be in the Second Nexgen Presentation. Denied that Exhibit F purports to show that Ajjarapu was a party to an email attaching Exhibit E. Otherwise, denied.

47.     Denied to the extent this paragraph seeks to characterize Exhibit E in a way that is contrary to its plain terms. Denied that Ajjarapu made any misrepresentations purported to be in the Second Nexgen Presentation. Denied that

Ajjarapu made any representations to Plaintiff Investors that the FDA already approved the molecule. Otherwise, denied.

48. Denied to the extent this paragraph seeks to characterize Exhibit E in a way that is contrary to its plain terms. Denied that Ajjarapu made any misrepresentations purported to be in the Second Nexgen Presentation. Otherwise, denied.

49. This paragraph is not directed to these Defendants, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit G in a way that is contrary to its plain terms.

50. Denied to the extent this paragraph seeks to characterize Exhibit G in a way that is contrary to its plain terms. Otherwise, denied as framed.

51. To the extent this paragraph is not directed to these Defendants, no response is required or given. Denied to the extent this paragraph seeks to characterize Exhibit G in a way that is contrary to its plain terms. Denied that Exhibit G purports to claim that Memantine was guaranteed some amount of success because of its ties to Trxade Group. Denied that Ajjarapu represented to Plaintiff Investors that Nexgen Memantine was guaranteed some amount of success because of its ties to Trxade Group. Otherwise, denied as framed.

52.     Denied to the extent this paragraph seeks to characterize Exhibit H in a way that is contrary to its plain terms. Denied that Ajjarapu communicated with Plaintiff Investors through Mahendiran. Otherwise, denied as framed.

53.     Admitted that on or about January 4, 2016, Ajjarapu and Mahendiran held a telephone call with Plaintiff Investors.

54.     This paragraph does not assert any allegations to which a response is required.

a.  Admitted on information and belief.

b.  Denied.

c.  Admitted that certain statements were made related to the future expectations of the manufacturing of the generic memantine drug through an Indian pharmaceutical manufacturer. Denied that these statements were false or misleading. Otherwise, denied as framed.

d.  Admitted that certain statements were made related to the future expectations of the potential for distribution of the generic memantine drug contingent on FDA approval. Denied that these statements were false or misleading. Otherwise, denied as framed.

e.  Denied.

f.  Denied.

g.  Admitted that Ajjarapu and Mahendiran had personally invested in Memantine through LifeSciences. Otherwise, denied as framed.

h.  Denied as framed.

i.  Denied.

55.  To the extent this paragraph is not directed to these Defendants, no response is required or given. Denied that Ajjarapu made any false statements to Plaintiff Investors. Otherwise, denied as framed.

56.  Denied.

57.  Admitted that Memantine was a functioning business. Otherwise, denied.

58.  Denied to the extent this paragraph seeks to characterize Exhibits B and H in a way that is contrary to their plain terms. Otherwise, denied as framed.

59.  To the extent this paragraph is not directed to these Defendants, no response is required or given. Otherwise, denied.

60.  This paragraph is not directed to these Defendants, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit A in a way that is contrary to its plain terms. Otherwise, denied as framed.

61.  This paragraph is not directed to these Defendants, and therefore no response is required. To the extent a response is required, denied to the extent this

paragraph seeks to characterize Exhibit B in a way that is contrary to its plain terms. Otherwise, denied.

62.    This paragraph is not directed to these Defendants, and therefore no response is required. To the extent a response is required, denied.

63.    To the extent this paragraph is not directed to these Defendants, no response is required. Denied to the extent this paragraph seeks to characterize Exhibit G in a way that is contrary to its plain terms. Otherwise, denied.

64.    Denied to the extent this paragraph seeks to characterize Exhibit I in a way that is contrary to its plain terms. Admitted that Ajjarapu emailed Plaintiff Datta an option to structure Plaintiffs' investments as a loan. Otherwise, denied.

65.    Denied to the extent this paragraph seeks to characterize Exhibit I in a way that is contrary to its plain terms. Otherwise, denied.

66.    Denied to the extent this paragraph seeks to characterize Exhibit J in a way that is contrary to its plain terms.

67.    Denied to the extent this paragraph seeks to characterize Exhibit J in a way that is contrary to its plain terms. Otherwise, denied.

68.    Denied to the extent this paragraph seeks to characterize the purported corporate guarantee in a way that is contrary to its plain terms. Otherwise, denied.

69.    To the extent this paragraph is not directed to these Defendants, no response is required or given. Denied that Ajjarapu or Memantine made promises

to Plaintiff Investors or entered into any agreements with Plaintiff Investors that included a guarantee. Otherwise, denied as framed.

70. Admitted that Plaintiff Investors executed certain investment documents. Denied that the executed investment documents included a guaranteed return. Denied that the executed investment documents included a loan structure with a guaranteed return.

   a. Denied to the extent this paragraph seeks to characterize Exhibit K in a way that is contrary to its plain terms. Admitted that Harsh Datta invested $100,000.00 in capital and executed certain investment documents. Otherwise, denied as framed.

   b. Denied to the extent this paragraph seeks to characterize Exhibit L in a way that is contrary to its plain terms. Otherwise, admitted that Manish Arora invested $100,000 in capital and executed certain investment documents. Otherwise, denied as framed.

   c. Denied to the extent this paragraph seeks to characterize Exhibit M in a way that is contrary to its plain terms. Otherwise, admitted that Jitendra Jain invested $75,000 in capital and executed certain investment documents. Otherwise, denied as framed.

   d. Denied to the extent this paragraph seeks to characterize Exhibit N in a way that is contrary to its plain terms. Otherwise, admitted that

Scariya Kumaramangalam invested $100,000 in capital and executed certain investment documents. Otherwise, denied as framed.

e. Without knowledge. Otherwise, denied as framed.

71. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, without knowledge.

72. Objection. This is not a short and plain statement as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Due to the lengthy, compound, and vague allegations in this paragraph, it is nearly impossible for Defendants to respond to the allegations in this paragraph. Accordingly, Defendants reserve the right to supplement this Answer consistent with the Rules. Subject to and without waiving the foregoing objection, to the extent this paragraph is not directed to these Defendants, no response is required or given. Without knowledge how the business appeared to Plaintiff Investors. Without knowledge regarding Plaintiff Investors' expectations. Without knowledge whether Plaintiff Investors had ever been part of a business involved in pharmaceuticals. Otherwise, denied as framed.

73. Admitted on information and belief that Plaintiff Investors asked for updates. Denied to the extent this paragraph asserts or implies that Plaintiff Investors were promised 12% annual interest payments or any guaranteed payments.

74.     Objection. This is not a short and plain statement as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Due to the lengthy, compound, and vague allegations in this paragraph, it is nearly impossible for Defendants to respond intelligently to the allegations in this paragraph. Accordingly, Defendants reserve the right to supplement this Answer consistent with the Rules. Subject to and without waiving the foregoing objection, this paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, without knowledge whether Plaintiff Investors were satisfied by Mahendiran's explanations. Without knowledge whether Plaintiff Investors trusted and relied on Mahendiran's statements. Without knowledge whether Plaintiff Investors' confidence was kept strong by Mahendiran. Otherwise, denied as framed.

75.     This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, without knowledge.

76.     This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, without knowledge.

77.     This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, without knowledge.

78.     This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, without knowledge.

79.     Admitted.

80.     Admitted that on November 27, 2018, a special meeting was held. Admitted that Ajjarapu presided over the meeting in Defendant Gundlapalli's stead. Denied to the extent this paragraph asserts or implies any prior notice to or approval by Plaintiff Investors was required. Otherwise, denied as framed.

81.     Without knowledge as to when Plaintiff Investors first learned of the referenced transfers. Denied that Plaintiff Investors were defrauded by these Defendants.

82.     Admitted.

     a.  Admitted.

     b.  Admitted.

     c.  Admitted.

     d.  Admitted.

     e.  Admitted.

83.     Denied that Defendant Gundlapalli had the ability to transfer money out of Memantine's accounts. Admitted that Mahendiran and Ajjarapu had the ability to transfer money out of Memantine's accounts. Otherwise, denied as framed.

84. Admitted that Ajjarapu and Keeto Sabharwal, attorney for Mahendiran, made certain statements during the special meeting on November 27, 2018. Otherwise, denied as framed.

85. Admitted that G&S Coal is a Wyoming limited liability company with a principal place of business listed at the same location as Memantine and LifeSciences. Denied that any transfers from Memantine to G&S Coal were illegal or unauthorized. Admitted that Ajjarapu, at the direction of Mahendiran, moved funds from Memantine through G&S Coal to Mahendiran under the belief that it was a loan that Mahendiran would repay.

86. Admitted on information and belief.

## COUNT I – FRAUD UNDERS SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10B-5 THEREUNDER
(PLAINTIFF INVESTORS AGAINST SUREN AJJARAPU, GAJAN MAHENDIRAN, AND NEXGEN MEMANTINE INC.)

87. Defendants Ajjarapu, Memantine, and Trxade reincorporate their responses contained in paragraphs 1 through 86 as though set forth fully herein.

88. Denied as framed:

a. Admitted that Memantine was a properly organized corporation. Denied to the extent this paragraph asserts or implies that Memantine was not a properly organized corporation. Otherwise, denied as framed.

b. Denied as framed.

c. Denied to the extent this paragraph seeks to characterize Exhibits A, B, E, and F in a way that is contrary to their plain terms. Denied to the extent this paragraph alleges or implies that Ajjarapu made any misstatement to Plaintiff Investors. Denied that Memantine did not have a manufacturer relationship in India. Otherwise, denied as framed.

d. Denied to the extent this paragraph seeks to characterize Exhibits E and F in a way that is contrary to their plain terms. Denied to the extent this paragraph alleges or implies that Ajjarapu made any misstatement to Plaintiff Investors. Denied that Memantine did not have distribution relationships in the United States. Otherwise, denied.

e. Denied.

f. Denied to the extent this paragraph seeks to characterize Exhibits A, B, H, I, J, and K in a way that is contrary to their plain terms. Otherwise, denied.

g. Admitted on information and belief that Ajjarapu believed he invested in Memantine through his investments in Nexgen LifeSciences. Denied to the extent this paragraph alleges or implies that Ajjarapu made any misstatement of material fact to Plaintiff Investors. Otherwise, denied as framed.

h.  Denied.

i.  Denied as framed.

89.  Objection. This is not a short and plain statement as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Due to the lengthy, compound, and vague allegations in this paragraph, it is nearly impossible for Defendants to respond to the allegations in this paragraph. Accordingly, Defendants reserve the right to supplement this Answer consistent with the Rules. Subject to and without waiving the foregoing objection, admitted that Ajjarapu was present during some in-person and telephone conversations with Mahendiran and Plaintiff Investors. Denied to the extent this paragraph alleges or implies that Ajjarapu was present during all telephone conversations with Mahendiran and Plaintiff Investors. Denied to the extent this paragraph seeks to characterize Exhibits A, B, E, and F in a way that is contrary to their plain terms. Admitted that Ajjarapu was included on some email chains between Mahendiran and Plaintiff Investors. Denied that Ajjarapu was included on all email chains between Mahendiran and Plaintiff Investors. Denied that Ajjarapu was aware of or ratified misrepresentations made by Mahendiran, if any. Denied that Ajjarapu made material omissions by intentionally failing to correct Mahendiran's misrepresentations, if any. Denied that representations that Memantine had access to an existing distribution network or a manufacturer in India were false. Denied that Ajjarapu made or was aware of or

ratified any representations that Memantine's generic memantine drug was FDA approved, or that such representations were made. Otherwise, denied as framed.

90. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, without knowledge whether Mahendiran made any false or misleading statements:

    a. Denied to the extent this paragraph asserts or implies that Memantine was not a properly organized corporation. Otherwise, denied as framed.

    b. Without knowledge.

    c. Denied to the extent this paragraph seeks to characterize Exhibits B and E in a way that is contrary to their plain terms. Denied as framed.

    d. Denied to the extent this paragraph seeks to characterize Exhibits A, E, and F in a way that is contrary to their plain terms. Denied as framed.

    e. Denied to the extent this paragraph seeks to characterize Exhibits C, D, and G in a way that is contrary to their plain terms. Without knowledge whether Mahendiran represented that Memantine was associated with Trxade Group, would support Memantine's business and growth, or that Trxade had a pecuniary interest in Memantine. To the extent any of these statements, if any, were made by Mahendiran,

denied that Mahendiran had any approval or authority to make such representations or any other representation about Trxade Group.

f.  Denied to the extent this paragraph seeks to characterize Exhibits A, B, and G in a way that is contrary to their plain terms. Without knowledge whether Mahendiran represented that the investments in Memantine were low-risk, safe, and guaranteed. To the extent any of these statements were made by Mahendiran, denied that Mahendiran had any approval or authority to make such representations.

g.  Without knowledge. To the extent any of these statements were made by Mahendiran, denied that Mahendiran had any approval or authority to make such representations.

h.  Without knowledge.

i.  Without knowledge.

91.  Denied.

92.  Denied.

a.  Denied.

b.  Denied.

c.  Denied.

d.  Admitted.

e.  Denied as framed.

f. Admitted.

g. Denied as framed.

h. Denied as framed.

93. Denied.

94. Denied as framed.

95. To the extent this paragraph is not directed to these Defendants, without knowledge. Otherwise, denied.

96. Admitted that Plaintiff Investors invested a combined total of $425,000 into Memantine, purchasing preferred stock. Denied that Plaintiff Investors had a corporate guarantee or executed any loan instrument. Otherwise, denied as framed.

97. Denied as framed.

98. Denied as framed.

## COUNT II – CONTROLLING PERSON LIABILITY
## UNDER 15 U.S.C. § 78t
(PLAINTIFF INVESTORS AGAINST ANNAPURNA GUNDLAPALLI, NEXGEN LIFE SCIENCES, LLC, AND TRXADE GROUP, INC.)

99. Defendants Trxade, Memantine, and Ajjarapu reincorporate their responses contained in paragraphs 1 through 86 as though set forth fully herein.

100. Admitted that at certain times, Gundlapalli was Vice President and/or Secretary of Memantine. Otherwise, denied as framed.

101. Admitted that Gundlapalli notified Plaintiff Investors of a special meeting of shareholders for Memantine. Admitted that when the meeting occurred on November 27, 2018, Ajjarapu was acting as a proxy for Gundlapalli only for purposes of that meeting.

102. Admitted that other than email notifications of meetings, Plaintiff Investors have never communicated directly with Gundlapalli. Otherwise, denied.

103. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied as framed.

104. Denied.

105. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, admitted that Nexgen LifeSciences is an 80% shareholder of Nexgen Memantine. Otherwise, denied as framed.

106. Denied.

107. Deneid.

108. Admitted.

109. Denied that Ajjarapu made any representation that he was acting as Trxade's agent with regard to matters relating to Memantine. Otherwise, denied.

110. Denied.

111. Denied.

112.   Denied.

## COUNT III – FRAUDULENT SECURITIES TRANSACTIONS UNDER FLA. STAT. §§ 517.301, 517.211
### (PLAINTIFF INVESTORS AGAINST SUREN AJJARAPU, GAJAN MAHENDIRAN, AND NEXGEN MEMANTINE)

113.   Defendants Ajjarapu, Trxade, and Memantine incorporate their responses contained in paragraphs 1 through 86 as though set forth fully herein.

114.   To the extent this paragraph asserts a conclusion of law, no response is required. To the extent this paragraph is not directed to these Defendants, no response is required or given. Admitted that the principal place of Memantine is in Florida. Admitted that Ajjarapu is a Florida resident. Otherwise, denied as framed.

115.   Denied as framed.

   a.   Denied to the extent this paragraph asserts or implies that Memantine was not a functioning corporation. Otherwise, denied as framed.

   b.   Denied to the extent this paragraph seeks to characterize Exhibits A, B, E, and F in a way that is contrary to their plain terms. Denied to the extent this paragraph alleges or implies that Ajjarapu made any misstatement to Plaintiff Investors. Otherwise, denied.

   c.   Denied to the extent this paragraph seeks to characterize Exhibits E and F in a way that is contrary to their plain terms. Denied to the extent this paragraph alleges or implies that Ajjarapu made any misstatement to Plaintiff Investors. Otherwise, denied.

  d. Denied.

  e. Denied to the extent this paragraph seeks to characterize Exhibits A, B, H, I, J, and K in a way that is contrary to their plain terms. Otherwise, denied.

  f. Denied to the extent this paragraph alleges or implies that Ajjarapu made any misstatement to Plaintiff Investors. Otherwise, denied as framed.

  g. Denied.

  h. Denied to the extent this paragraph seeks to characterize Exhibits A, B, E, and F in a way that is contrary to their plain terms. Otherwise, denied.

116. Objection. This is not a short and plain statement as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Due to the lengthy, compound, and vague allegations in this paragraph, it is nearly impossible for Defendants to respond intelligently to the allegations in this paragraph. Accordingly, Defendants reserve the right to supplement this Answer consistent with the Rules. Subject to and without waiving the foregoing objection, admitted that Ajjarapu was present during some in-person and telephone conversations with Mahendiran and Plaintiff Investors. Denied to the extent this paragraph alleges or implies that Ajjarapu was present during all in-person and telephone conversations with Mahendiran and

Plaintiff Investors. Denied to the extend this paragraph seeks to characterize Exhibits A, B, and F in a way that is contrary to their plain terms. Admitted that Ajjarapu was included on some email chains between Mahendiran and Plaintiff Investors. Denied that Ajjarapu was included on all email chains between Mahendiran and Plaintiff Investors. Denied that Ajjarapu was aware of misrepresentations made by Mahendiran, if any. Otherwise, denied.

117. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, without knowledge what Mahendiran represented on numerous occasions to Plaintiff Investors:

a. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, admitted on information and belief that Mahendiran represented that Memantine was a properly organized corporation. Denied to the extent this paragraph asserts or implies that Memantine was not a properly organized corporation. Otherwise, denied as framed.

b. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibits B and E in a way that is contrary to their plain terms. Otherwise, denied as framed.

c. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibits A, E, and F in a way that is contrary to their plain terms. Otherwise, denied as framed.

d. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibits C, D, and G in a way that is contrary to their plain terms. Without knowledge whether Mahendiran represented that Memantine was associated with Trxade Group, would support Memantine's business and growth, or that Trxade had a pecuniary interest in Memantine. To the extent any of these statements were made by Mahendiran, denied that Mahendiran had any approval or authority to make such representations or any other representation about Trxade Group.

e. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibits A, B, and G in a way that is contrary to their plain terms. Without knowledge whether Mahendiran represented that the investments in Memantine

were low-risk, safe, and guaranteed. To the extent any of these statements were made by Mahendiran, denied that Mahendiran had any approval or authority to make such representations.

f.  This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, without knowledge whether Mahendiran represented that Memantine had an agreement with the VA to distribute its generic memantine drug. To the extent any of these statements were made by Mahendiran, denied that Mahendiran had any approval or authority to make such representations.

g.  This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, on information and belief, denied as framed.

h.  This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibits B and E in a way that is contrary to their plain terms. Otherwise, denied as framed.

118.  This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied as framed.

119.    To the extent this paragraph is not directed to these Defendants, no response is required. To the extent this paragraph is directed to these Defendants, denied.

    a.  To the extent this paragraph is not directed to these Defendants, no response is required. To the extent this paragraph is directed to these Defendants, admitted that Ajjarapu represented that Memantine was a properly organized corporation. Denied to the extent this paragraph asserts or implies that Memantine was not a properly organized corporation. Otherwise, denied as framed.

    b.  To the extent this paragraph is not directed to these Defendants, no response is required. To the extent this paragraph is directed to these Defendants, denied as framed.

    c.  To the extent this paragraph is not directed to these Defendants, no response is required. To the extent this paragraph is directed to these Defendants, denied to the extent this paragraph seeks to characterize Exhibits A, B and E in a way that is contrary to their plain terms. Otherwise, denied as framed.

    d.  To the extent this paragraph is not directed to these Defendants, no response is required. To the extent this paragraph is directed to these Defendants, denied to the extent this paragraph seeks to characterize

Exhibits A, E, and F in a way that is contrary to their plain terms. Otherwise, denied as framed.

e. To the extent this paragraph is not directed to these Defendants, no response is required. To the extent this paragraph is directed to these Defendants, denied to the extent this paragraph seeks to characterize Exhibits C, D, and G in a way that is contrary to their plain terms. Otherwise, denied.

f. To the extent this paragraph is not directed to these Defendants, no response is required. To the extent this paragraph is directed to these Defendants, denied to the extent this paragraph seeks to characterize Exhibits A, B, and G in a way that is contrary to their plain terms. Otherwise, denied.

g. To the extent this paragraph is not directed to these Defendants, no response is required. To the extent this paragraph is directed to these Defendants, denied.

h. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, on information and belief, denied as framed.

i. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied to

the extent this paragraph seeks to characterize Exhibits B and E in a way that is contrary to their plain terms. Denied as framed.

120. Denied.

121. Denied.

122. Admitted that Plaintiff Investors purchased $425,000 of preferred stock in Memantine. Denied that Plaintiff Investors had a corporate guarantee or executed any loan instrument such as convertible debt. Otherwise, denied as framed.

123. Denied as framed.

124. Denied as framed.

## COUNT V[1] – BREACH OF COMMON LAW FIDUCIARY DUTY
### (PLAINTIFF INVESTORS AGAINST SUREN AJJARAPU, GAJAN MAHENDIRAN, AND NEXGEN MEMANTINE, INC.)

125. Defendants Trxade, Memantine, and Ajjarapu reincorporate their responses contained in paragraphs 1 through 86 as though set forth fully herein.

126. This paragraph asserts a conclusion of law and therefore no response is required.

127. Denied as framed.

128. To the extent this paragraph is not directed to these Defendants, no response is required. Denied to the extent this paragraph alleges or implies that

---

[1] Count IV appears to have been inadvertently excluded from Plaintiffs' Second Amended Verified Complaint.

Ajjarapu made any misrepresentation or omission of fact to Plaintiff Investors. Otherwise, denied as framed.

129.   Denied to the extent this paragraph seeks to characterize Exhibits A, B, C, D, E, F, I, J, and K in a way that is contrary to their plain terms. Otherwise, denied.

130.   This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibits A, B, and D in a way that is contrary to their plain terms. Without knowledge whether Mahendiran made any misrepresentations or omissions to Plaintiff Investors. Denied that misrepresentations or omissions made by Mahendiran, if any, were made with the knowledge, authority, or consent of Memantine or any of these Defendants.

131.   To the extent this paragraph is not directed to these Defendants, no response is required. To the extent a response is required, denied.

132.   Denied.

## COUNT VI – VIOLATION OF FLORIDA RICO ACT
### (PLAINTIFFS AGAINST SUREN AJJARAPU, GAJAN MAHENDIRAN AND ANNAPURNA GUNDLAPALLI)

133.   Defendants Ajjarapu, Trxade, and Memantine reincorporate their responses contained in paragraphs 1 through 86 as though set forth fully herein.

134. Denied that Plaintiffs have sufficiently alleged the cause of action asserted. Denied that these Defendants are liable to Plaintiffs pursuant to same.

135. Denied.

136. This paragraph asserts a legal conclusion for which no response is required. To the extent a response is required, denied.

137. Denied.

    a. Denied.

    b. Denied.

138. Denied.

139. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

140. Denied.

141. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

## COUNT IX[2] – DECLARATORY JUDGMENT (CONTRACT *VOID AB INITIO*)
### (PLAINTIFF INVESTORS AGAINST NEXGEN MEMANTINE)

146.  Defendants Ajjarapu, Trxade, and Memantine reincorporate their responses contained in paragraphs 1 through 86 as though set forth fully herein.

147.  Denied to the extent this paragraph seeks to characterize Exhibits L, M, N, and O in a way that is contrary to their plain terms. Otherwise, denied.

148.  Denied to the extent this paragraph seeks to characterize Exhibits L, M, N, and O in a way that is contrary to their plain terms.

149.  Denied to the extent this paragraph seeks to characterize Exhibits L, M, N, and O in a way that is contrary to their plain terms.

150.  Without knowledge and therefore denied.

151.  This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize the Verified Amended Complaint in a way that is contrary to its plain terms.

  a.  This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, admitted that Plaintiff Investors made certain allegations regarding Mahendiran's representations and status with Memantine in their

---

[2] It appears that Counts VII and VIII were inadvertently excluded from Plaintiffs' Second Amended Complaint.

Verified Amended Complaint. Denied to the extent this paragraph seeks to characterize the Verified Amended Complaint in a way that is contrary to its plain terms.

b. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, admitted that Plaintiff Investors made certain allegations regarding Mahendiran's representations and status with Memantine in their Verified Amended Complaint. Denied to the extent this paragraph seeks to characterize the Verified Amended Complaint in a way that is contrary to its plain terms.

c. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, admitted that Plaintiff Investors made certain allegations regarding Mahendiran's representations and status with Memantine in their Verified Amended Complaint. Denied to the extent this paragraph seeks to characterize the Verified Amended Complaint in a way that is contrary to its plain terms.

152. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, admitted that Mahendiran filed an Answer containing responses to Plaintiffs' Verified Amended

Complaint. Denied to the extent this paragraph seeks to characterize the Answer in a way that is contrary to its plain terms.

    a. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, admitted that Mahendiran filed an Answer containing responses to Plaintiffs' Verified Amended Complaint. Denied to the extent this paragraph seeks to characterize the Answer in a way that is contrary to its plain terms.

    b. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, admitted that Mahendiran filed an Answer containing responses to Plaintiffs' Verified Amended Complaint. Denied to the extent this paragraph seeks to characterize the Answer in a way that is contrary to its plain terms.

    c. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, admitted that Mahendiran filed an Answer containing responses to Plaintiffs' Verified Amended Complaint. Denied to the extent this paragraph seeks to characterize the Answer in a way that is contrary to its plain terms.

153. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, admitted that Mahendiran filed an Answer containing responses to Plaintiffs' Verified Amended Complaint. Denied to the extent this paragraph seeks to characterize the Answer in a way that is contrary to its plain terms.

154. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied on information and belief.

155. This paragraph asserts a conclusion of law for which no response is required. To the extent a response is required, denied as framed.

156. This paragraph is not directed to these Defendants and therefore no response is required. This paragraph asserts a conclusion of law for which no response is required. To the extent a response is required, denied as framed.

157. Denied.

158. Denied to the extent this paragraph seeks to characterize the Subscription Agreements in a way that is contrary to their plain terms. Otherwise, denied.

   a. Objection. This is not a short and plain statement as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Due to the lengthy, compound, and vague allegations in this paragraph, it is nearly

impossible for Defendants to respond intelligently to the allegations. Accordingly, Defendants reserve the right to supplement this Answer consistent with the Rules. Subject to and without waiving the foregoing objection, denied to the extent this paragraph seeks to characterize Exhibits K and O in a way that is contrary to their plain terms. Otherwise, denied.

b. Denied to the extent this paragraph seeks to characterize Exhibit K in a way that is contrary to its plain terms. Otherwise, denied as framed.

159. Denied as framed.

160. Denied as framed.

## COUNT XI[3] – BREACH OF FIDUCIARY DUTY
(PLAINTIFFS ON BEHALF OF NEXGEN MEMANTINE INC. AGAINST SUREN AJJARAPU, GAJAN MAHENDIRAN, AND ANNAPURNA GUNDLAPALLI)

161. Defendants Trxade, Memantine, and Ajjarapu reincorporate their responses contained in paragraphs 1 through 86 as though set forth fully herein.

162. This paragraph alleges a conclusion of law for which no response is required. Admitted that Plaintiff Investors sent a demand to counsel for Memantine on May 14, 2021. Otherwise, denied as framed.

---

[3] It appears that Count X was inadvertently skipped in Plaintiffs' Second Amended Verified Complaint.

163.   This paragraph alleges a conclusion of law for which no response is required.

164.   Denied that these Defendants are liable for the cause of action attempted to be brought in this count.

165.   Denied.

166.   Admitted that Memantine is a Wyoming corporation with its principal place of business in Florida. To the extent this paragraph alleges a conclusion of law, no response is required.

167.   Admitted.

168.   Admitted that Plaintiff Investors are current shareholders. Otherwise, denied as framed.

169.   This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, admitted on information and belief.

170.   This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied.

171.   Denied to the extent this paragraph seeks to characterize Exhibits H-K in a way that is contrary to their plain terms. Otherwise, denied.

172.   This paragraph asserts a conclusion of law for which no response is required.

173. This paragraph asserts a conclusion of law for which no response is required.

174. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, without knowledge.

    a. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, without knowledge. Denied that Mahendiran's breach during the solicitation period, if any, was done with the knowledge or consent of Memantine or any other Defendants.

    b. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, without knowledge. Denied that Mahendiran's breach during the solicitation period, if any, was done with the knowledge or consent of Memantine or any other Defendants.

    c. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied as framed.

    d. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied as framed.

175. This paragraph asserts a legal conclusion to which no response is required. Otherwise, denied as framed.

176. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied.

    a. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied.

    b. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied.

    c. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied.

177. Denied.

    a. Denied to the extent this paragraph seeks to characterize Exhibits A-K in a way that is contrary to their plain terms. Otherwise, denied.

    b. Denied.

178. To the extent this paragraph asserts conclusions of law, no response is required. Otherwise, denied as framed.

179. To the extent this paragraph is not directed to these Defendants, no response is required or given. To the extent a response is required, denied.

180. To the extent this paragraph is not directed to these Defendants, no response is required or given. To the extent a response is required, denied.

181. To the extent this paragraph is not directed to these Defendants, no response is required or given. To the extent a response is required, denied.

## COUNT XIII[4] – BREACH OF ORAL CONTRACT
(PLAINTIFF INVESTORS AGAINST NEXGEN LIFESCIENCES LLC)

182. Defendants Ajjarapu, Memantine, and Trxade reincorporate their responses contained in paragraphs 1 through 86 as though set forth fully herein.

183. To the extent this paragraph is not directed to these Defendants, no response is required. To the extent a response is required, denied.

184. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied as framed.

185. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Doc. 32 in a way that is contrary to its plain terms. Otherwise, denied.

186. This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Doc. 32 in a way that is contrary to its plain terms. Otherwise, denied.

---

[4] It appears that Count XII was inadvertently skipped in Plaintiffs' Second Amended Verified Complaint.

187.   This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied.

188.   This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied as framed.

189.   This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied.

190.   This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied as framed.

191.   This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize documents found on the Wyoming Secretary of State website in a way that is contrary to their plain terms.

192.   This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied as framed.

193.   This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied that Plaintiff Investors are owed repayment.

194.   This paragraph is not directed to these Defendants and therefore no response is required. To the extent a response is required, denied.

## COUNT XIV – APPOINTMENT OF RECEIVER
### (PLAINTIFF INVESTORS AGAINST NEXGEN MEMANTINE, INC.)

195.  Defendants Ajjarapu, Memantine, and Trxade reincorporate their responses contained in paragraphs 1 through 86 as though set forth fully herein.

196.  Admitted that Plaintiff Investors purport to bring a claim for the appointment of an equitable receiver to assume control of the operations of Memantine, the nominal defendant. Denied that Plaintiffs have sufficiently alleged same. Denied that Plaintiff Investors have any right or grounds to do so.

197.  Admitted that Plaintiff Investors purport to bring a claim for the appointment of an equitable receiver to assume control of the operations of other corporate or unincorporated legal entities. Denied that Plaintiffs have sufficiently alleged same. Denied that Plaintiff Investors have any standing, right, or grounds to do so. Otherwise, denied.

198.  Denied.

199.  This paragraph asserts a legal conclusion for which no response is required. To the extent a response is required, denied.

200.  Admitted for jurisdiction purposes only. Otherwise, denied as framed.

201.  Denied.

202.  Denied.

## COUNT XV – "BAD ACTOR" INJUNCTION
### (PLAINTIFF INVESTORS AGAINST GAJAN MAHENDIRAN AND SUREN AJJARAPU)

203.  Defendants Ajjarapu, Memantine, and Trxade reincorporate their responses contained in paragraphs 1 through 86 as though set forth fully herein.

204.  To the extent this paragraph is not directed to these Defendants, no response is required or given. Otherwise, denied.

205.  To the extent this paragraph is not directed to these Defendants, no response is required or given. Otherwise, denied.

206.  Denied.

207.  Denied.

208.  Denied.

209.  Denied.

210.  Objection. This is not a short and plain statement as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Due to the lengthy, compound, and vague allegations in this paragraph, it is nearly impossible for Defendants to respond intelligently to the allegations. Accordingly, Defendants reserve the right to supplement this Answer consistent with the Rules. Subject to and without waiving the foregoing objection, to the extent this paragraph is not directed to these Defendants, no response is required or given. Otherwise, denied.

## AFFIRMATIVE DEFENSES

## Failure to Plead Fraud Claims with Particularity

1.     Plaintiffs fail to plead the fraud-based claims (Counts I, III and VI) with particularity, instead choosing to lump the defendants together and rely upon conclusory and indefinite allegations. Their amended complaint is precisely the type of pleading that Rule 9(b) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA") were designed to prevent. The amended complaint is also devoid of any specific allegations with respect to communications Ajjarapu had with any other plaintiffs besides Harsh Datta, or otherwise improperly lumps Plaintiffs together without identifying which of the Plaintiffs Ajjarapu allegedly engaged, when he engaged the unidentified individuals, or even where or how they were engaged.

Similarly, Plaintiffs' fraud claims fail because they impermissibly argue fraud by hindsight, and the corporate materials do not support allegations of individual liability. Further, the amended complaint either states in conclusory fashion that the supposed statements were false without any explanation as to why or how they were false as required under the PSLRA or even when Ajjarapu knew they were false.

## Failure to State a Claim – Count I

2.     To allege a cause of action for fraud under section 10(b) of the Exchange Act and Rule 10b-5, Plaintiffs must allege that (1) the defendant made a material misstatement or omission, (2) with scienter, (3) a connection with the purchase or sale of a security, (4) reliance on the misstatement or omission, (5) economic loss; i.e., damages, and (6) a causal connection between the material misrepresentation or omission and the loss. *FindWhat*, 658 F.3d at 1295. The heightened pleading standards of rule 9(b) and the PSLRA apply. *See Tellabs*, supra. Plaintiffs have failed to meet the heightened pleading standard of Rule 9(b) and the PSLRA. Additionally, Plaintiffs have failed to state with particularity facts giving rise to a strong inference that the Defendants acted with the required state of mind. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd., et al.*, 551 U.S. 308, 314, 321 (2007) (citing 15 U.S.C. § 78u–4(b)(2)) ("To qualify as 'strong' within the intendment of § 21D(b)(2)…an inference of scienter must be more than merely plausible or reasonable – it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent.".'"). Accordingly, Plaintiffs failed to state a cause of action for Count I against these Defendants.

## Failure to State a Claim – Count II

3.     Plaintiffs fail to state a claim against Trxade in Count II for controlling person liability under 15 U.S.C. § 78t. To properly state a claim for a

violation of 15 U.S.C. § 78t, Plaintiffs must allege: "(1) a primary violation of the securities laws; (2) that the individual defendant had the power to control the general business affairs of the corporation; and (3) that the individual defendant 'had the requisite power to directly or indirectly control or influence the specific corporate policy which resulted in primary liability.'" *MAZ Partners LP v. First Choice Healthcare Sols., Inc.*, 2019 WL 5394011 at *7 (M.D. Fla. Oct. 16, 2019), report and recommendation adopted, 2020 WL 1072582 (M.D. Fla. Feb. 14, 2020); *Albers v. Cmmw. Capital Corp.*, 2017 WL 2779906 at *13 (M.D. Fla. June 27, 2017). To establish the control or influence element, Plaintiffs must show that "defendant both had actual power or influence over the controlled person (the ability to affect management decisions) and induced or participated in the alleged illegal activity." *Rosen v. Cascade Intern., Inc.*, 21 F.3d 1520, 1525 (11th Cir. 1994) (quoting Thomas Lee Hazen, *The Law of Securities Regulation* 781–82 (2d ed. 1990)). Plaintiffs fail to assert any allegation that Trxade had power or influence over any of the other Defendants or that it induced or participated in the alleged illegal activity or fraud.

Additionally, "Because a primary violation of the securities laws is an essential element of a § 20 (a) derivative claim…a plaintiff adequately pleads a § 20 (a) claim only if the primary violation is adequately pleaded." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008). Plaintiffs have failed to

47

sufficiently plead their federal securities fraud claim against Ajjarapu. Because Count II is a derivative claim against Trxade based solely on Suren Ajjarapu's alleged conduct and liability, and Plaintiffs have failed to sufficiently allege that Ajjarapu violated section 10(b) of the Exchange Act and Rule 10b-5, Count II fails to state a cause of action against Trxade upon which relief may be granted. *See Michigan Carpenters' Pension Fund v. Rayonier Adv. Materials*, Inc., 2019 WL 1429667 at *30 (M.D. Fla. Mar. 29, 2019). Accordingly, Count II against Trxade for control person liability must be dismissed as a matter of law. *See In re Galectin Therapeutics, Inc. Securities Litig.*, 843 F.3d 1257, 1276 (11th Cir. 2016) (holding that control person liability cannot exist absent a primary violation); *Edward J. Goodman Life Income Tr. v. Jabil Cir., Inc.*, 594 F.3d 783, 797 (11th Cir. 2010) (affirming dismissal of claims for controlling person liability because Plaintiffs failed to adequately plead a primary violation); *Michigan Carpenters' Pension Fund v. Rayonier Adv. Materials, Inc.*, 2019 WL 1429667, at *30 (M.D. Fla. Mar. 29, 2019) ("Because Plaintiffs fail to properly allege their § 10(b) claim for securities fraud against all Defendants, Plaintiffs' derivative § 20(a) claim against the Individual Defendants must also fail."). Consequently, Plaintiffs fail to state a claim in Count II upon which relief can be granted.

## Failure to State a Claim – Count VI

4.    Plaintiffs are attempting to turn a simple *potential* investment loss into a violation of a RICO statute that was designed to tackle organized crime. Plaintiffs fail to state a claim for violations of the Florida RICO Act. To prove a violation of the Florida RICO Act requires establishing defendant's "(1) conduct or participation in an enterprise through (2) a pattern of racketeering activity." *Morgan v. State*, 117 So. 3d 79, 81 (Fla. 2d DCA 2013). Plaintiffs must also show that the defendant engaged in "at least two incidents of racketeering conduct that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents." § 895.02(7), *Fla. Stat*.; *see also Morgan*, 117 So. 3d at 81. Importantly, the pattern of racketeering activity cannot be shown when the two incidents are a part of the same transaction. *See Evans v. State*, 985 So. 2d 1105, 1108 (Fla. 3d DCA 2007). Here, Plaintiffs fail to state a cause of action because they fail to allege that any supposed 'enterprise' furnished a vehicle for the commission of two or more predicate crimes. Plaintiffs have made no allegation, and cannot prove, that Ajjarapu has intentionally engaged in any conduct or participation in a supposed enterprise and the allegations in the complaint show that Plaintiff Investors have alleged only one instance of supposed racketeering

activity. Accordingly, Plaintiffs fail to state a claim in Count VI upon which relief can be granted.

## Failure to State a Cause of Action

5. Plaintiffs' claims fail to state a cause of action to the extent that they improperly attempt to "bootstrap" a claim for breach of fiduciary duty into a securities claim. *See Santa Fe Industries, Inc. v. Green*, 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed. 2d 480 (holding that a failure to disclose a breach of fiduciary duty is not sufficient to create liability under § 10(b).

## Failure to State a Cause of Action – Counts IX and XV

6. To state a claim for declaratory judgment, the Plaintiffs must allege: that (1) there is a bona fide, actual, present practical need for the declaration; (2) that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; (3) that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; (4) that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; (5) that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. *Syfrett v. Syfrett-Moore ex rel. Estate of*

*Syfrett*, 115 So. 1127, 1130 (Fla. 1st DCA 2013) (quoting *May v. Holley,* 59 So. 2d 636, 639 (Fla. 1952)). Here, Plaintiffs have failed to assert any of the foregoing elements necessary to sufficiently state a claim for declaratory judgment. Accordingly, Plaintiffs fail to state a claim in Counts IX and XV upon which relief can be granted.

## Failure to State a Cause of Action – Count XIV

7.      Plaintiffs have failed to sufficiently allege that appointment of a receiver is appropriate in this case. Appointment of a receiver "is an extraordinary remedy which must be exercised with caution as it is in derogation of the legal owner's fundamental right to possession of the property." *Barnett Bank of Alachua County, N.A. v. Steinberg*, 632 So. 2d 233, 234 (Fla. 1st DCA 1994). "The cases in which receivers will be appointed are ordinarily limited to those in which it appears that the appointment is necessary, either to prevent fraud or to save the property from injury or threatened loss or destruction..." *Apalachicola Northern R. Co. v. Sommers*, 79 Fla. 816, 85 So. 361, 362 (1920); *see also Plaza v. Plaza*, 78 So. 3d 4 (Fla. 3d DCA 2011). The appointment of a receiver to take charge of property in controversy, without any "definite purpose" or end in view, is improper. *Akers v. Corbett*, 190 So. 28, 30 (1939). "[A] receiver should not be appointed unless 'there is strong reason to believe that the party [requesting one] will recover.'" *Carolina Portland Cement Co. v. Baumgartner*, 128 So. 241,

248 (1930). Here, Plaintiffs have failed to allege any circumstances as described above that would make appointment of a receiver appropriate in this case.

Additionally, unless "exceptional circumstances" exist that preclude the need or ability to provide a bond, an applicant for appointment of a receiver ordinarily must post a bond in an amount sufficient to protect the defendant from any losses sustained if it is later determined that appointment was inappropriate. *Rescom Investments, Inc. v. Strategic Consulting & Managing, Inc.*, 635 So. 2d 1061, 1062 (Fla. 2d DCA 1994). Here, Plaintiffs have filed to post a bond as would be appropriate.

## Failure to State a Cause of Action – Count XV

8.    Plaintiffs failed to state a claim upon which relief can be granted. The regulation Plaintiff cites to only provides consequences if an injunction is ordered but does not provide the substantive mechanism to order such an injunction. Plaintiffs have also failed to sufficiently allege a claim against Defendants for injunctive relief. "'A party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury.'" *J W by & through Tammy Williams v. Birmingham Bd. of Educ.*, 904 F.3d 1248, 1264 (11th Cir. 2018) (quoting *Church v. City of Huntsville*, 30 F.3d 1332 (11th Cir. 1994) )

Here, Plaintiffs have conclusively alleged that they have suffered irreparable injury, but have provided no factual allegations to support such a conclusory allegation. The only damages alleged by Plaintiffs are monetary damages, for which injunctive relief is not appropriate.

## Plaintiffs' Claims are Not Ripe

9.      Plaintiffs have not yet been damaged, and the claims are premature, because it is not yet certain that Plaintiffs will have lost their investment, since there are claims that may inure to the benefit of Memantine that could make the Plaintiffs whole. Additionally, the derivative action is not ripe.

## Puffery and Forward-Looking Statements are not Actionable

10.      Plaintiffs have failed to state a claim upon which relief can be granted because forward-looking statements or a promise to do a future act are not actionable.  The allegations also contain statements that are mere puffery and also not actionable.  For example, Exhibits B and E contain forward-looking statements and expressly provides that no such statements should be relied upon as follows:

> THIS COMPANY OVERVIEW IS NOT AN OFFER TO SELL OR
> A SOLICITATION TO BUY ANY SECURITIES OF THE
> COMPANY.    IT  CONTAINS   FORWARD   LOOKING
> STATEMENTS, IT IS ONLY A BRIEF SUMMARY, IS
> INHERENTLY  INCOMPLETE,  IS  FOR  INFORMATION
> PURPOSES ONLY, IS SUBJECT TO CHANGE, AND SHOULD
> NOT  BE  CONSIDERED  AS  PROVIDING  SUFFICIENT
> INFORMATION TO EVALUATE ANY INVESTMENT IN THE
> COMPANY.  ANY SECURITIES WHICH MAY BE OFFERED BY
> THE COMPANY SHALL BE DONE SO ONLY BY MEANS OF A

CONFIDENTIAL PRIVATE PLACEMENT MEMORANDUM AND OTHER DEFINITIVE DOCUMENTS IN COMPLIANCE WITH APPLICABLE SECURITIES LAWS.

## Assumption of Risk

11.     Plaintiffs' claims against Defendants are barred on the basis of their assumption of risk in the underlying investment.

## Safe Harbor Doctrine

12.     Plaintiffs' claims are barred in whole or in part by the safe harbor provision of the Private Securities Litigation Reform Act of 1995 because the alleged misstatements were merely forward-looking statements about future economic performance, immaterial, and accompanied by sufficient cautionary language and risk disclosures.

## No Justifiable Reliance

13.     Plaintiffs' claims are barred because no act or omission attributed to these Defendants was the actual or proximate cause of any injury allegedly suffered by Plaintiffs. The cautionary language included in the documents establishes that any reliance upon statements contained therein by Plaintiffs was not and could not have been justified. Plaintiffs cannot rely on any purported representations when they either know they are false, or the falsity is obvious.

In addition, in the Subscription Agreements, Plaintiffs represent that, among other things, "no officer, director, broker-dealer, placement agent, finder or other

person affiliated with the Company has given Participant any information or made any representations oral or written, other than as provided in the Memorandum, on which Participant has relied…."

## Good Faith Defense

14.　Plaintiffs' claims against Trxade are barred by the good faith defense in 15 U.S.C.A. § 78t(a), because Trxade acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violation or cause of action.

## Bespeaks Caution Doctrine

15.　Plaintiffs' claims are barred in whole or in part under the bespeaks caution doctrine because the alleged statements made by the Defendants were forward-looking statements accompanied with adequate cautionary language to disclose the specific risks associated with the proposed investment.

## Unreasonable Reliance

16.　Plaintiffs' reliance on any alleged oral misrepresentation or omission set forth in the Compliant was not reasonable under the circumstances because, *inter alia*, those alleged misrepresentations or omissions were contradicted by written documents provided to Plaintiffs by Defendants.

## Contributory Negligence

17.     Plaintiffs' claims against Defendants are barred on the basis of their own contributory negligence in failing to use due care to understand the nature of the underlying investment or read and understand the investment documents they executed.

## Statements Not Fairly Attributable to Defendants

18.     Plaintiffs' claims against Defendants are barred in whole or in part to the extent they are based on statements made by Gajan Mahendiran and others that are not fairly attributable to Defendants.

## Intervening Cause

19.     To the extent that Plaintiffs have suffered any injury or damages, such injury or damages were caused by the intervening actions undertaken by Gajan Mahendiran as alleged in the complaint.

## In Pari Delicto

20.     Defendant Harsh Datta's claims are barred by the doctrine of *in pari delcito* because he generated the "presentation" attached to the Complaint as Exhibit E without the knowledge or consent of Defendants, and delivered it to the remaining Plaintiffs without the knowledge or consent of these Defendants.

## Unclean Hands

21.     To the extent Defendant Harsh Datta seeks equitable relief against Defendants, those claims are barred by the doctrine of unclean hands because he generated the "presentation" attached to the Complaint as Exhibit E without the knowledge or consent of Defendants, and delivered it to the remaining Plaintiffs without the knowledge or consent of Defendants.

## Lack of Causation

22.     Any loss allegedly incurred by Plaintiffs in connection with their investment in Memantine was not directly or proximately caused by any alleged misstatement or omission supposedly attributable to these Defendants.

## Lack of Scienter

23.     Plaintiffs fail to allege sufficient facts to create a strong inference of scienter as any inference of scienter based upon the facts alleged in the Complaint is less compelling than opposing inferences of nonfraudulent intent.

## Laches, Waiver, and Estoppel

24.     Plaintiffs' claims are barred by the equitable doctrines of laches, waiver, and estoppel.

## Business Judgment Rule

25.     Plaintiffs' claims are barred by the business judgment rule.

## Statute of Limitations

26.    Plaintiffs' claims are barred by the applicable statute of limitations.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial on all claims and issues so triable.

Respectfully submitted this 7th day of June 2021.

> */s/ Paul Thanasides*
> Paul Thanasides
> Florida Bar No. 103039
> paul@mcintyrefirm.com
> clservice@mcintyrefirm.com
> Christa Queen-Sutherland
> Florida Bar No.: 0091204
> christa@mcintyrefirm.com
> complexlit@mcintyrefirm.com
> Garrett S. Severson
> Florida Bar No.: 108259
> garrett@mcintyrefirm.com
> McIntyre Thanasides Bringgold Elliott
>     Grimaldi Guito & Matthews, P.A.
> 500 E. Kennedy Blvd., Suite 200
> Tampa, FL 33602
> Telephone: 813.223.0000
> Facsimile:  813.225.1221
> ***Attorneys for Defendants Suren Ajjarapu,***
> ***Annapurna Gundlapalli, Nexgen***
> ***Memantine, Inc., and Trxade Group, Inc.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 7, 2021, a true and correct copy of the

foregoing document was electronically filed using the Court's CM/ECF system,

which will provide electronic notice to the following:

Joseph F. Southron
Florida Bar No. 122109
joe@fourriverslaw.com
eservice@fourriverslaw.com
Four Rivers Law Firm
400 N. Ashley Drive, Suite 1900
Tampa, Florida 33602
Telephone (813) 773-5105
Facsimile (813) 773-5103
***Attorney for Plaintiffs***

Kenneth G.M. Mather, Esq.
Florida Bar No. 619647
kmather@gunster.com
tkennedy@gunster.com
eservice@gunster.com
Gunster, Yoakley & Stewart, P.A.
401 E. Jackson Street, Suite 1500
Tampa, FL 33602
Telephone (813) 222-6630
Facsimile (813) 228-6739
***Attorneys for Gajan Mahendiran***

*/s/ Paul Thanasides*
Attorney