# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JITENDRA JAIN,
MANISH ARORA,
SCARIYA KUMARAMANGALAM,
HARSH DATTA, and
BALVANT ARORA, as individuals and derivatively
on behalf of NEXGEN MEMANTINE, INC.,

        Plaintiffs,                Case No.: 8:20-cv-2263-T-33JSS

v.

NEXGEN MEMANTINE, INC.,
SUREN AJJARAPU,
ANNAPURNA GUNDLAPALLI,
GAJAN MAHENDIRAN,
NEXGEN LIFESCIENCES, LLC,
TRXADE GROUP, INC.,
G&S COAL TRADERS, LLC,

        Defendants.
_____/

## DEFENDANT ANNAPURNA GUNDLAPALLI'S
## ANSWER AND AFFIRMATIVE DEFENSES

      Defendant Annapurna Gundlapalli ("Gundlapalli") hereby files her Answer

and Affirmative Defenses to Plaintiffs' Second Amended Verified Complaint,

stating as follows:

## PARTIES AND JURISDICITON

    1.     Admitted on information and belief for jurisdictional purposes only.

    2.     Admitted on information and belief for jurisdictional purposes only.

3.     Admitted on information and belief for jurisdictional purposes only.

4.     Admitted on information and belief for jurisdictional purposes only.

5.     Admitted on information and belief for jurisdictional purposes only.

6.     This paragraph is not directed to Gundlapalli, and therefore no response is required or given.

7.     Admitted for jurisdictional purposes only.

8.     This paragraph is not directed to Gundlapalli, and therefore no response is required.

9.     This paragraph is not directed to Gundlapalli, and therefore no response is required or given. To the extent a response is required, admitted for jurisdictional purposes only.

10.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, admitted for jurisdictional purposes only.

11.     This paragraph is not directed to Gundlapalli, and therefore no response is required or given.

12.     This paragraph is not directed to Gundlapalli, and therefore no response is required or given.

13.     Admitted for jurisdictional purposes only.

14.     Admitted for jurisdictional purposes only.

# GENERAL ALLEGATIONS

## Background

15.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

16.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

17.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

18.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

19.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

20.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

21.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

22.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

23.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

24. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

25. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

26. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

27. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

28. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

29. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

30. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit A. The document speaks for itself. Otherwise, without knowledge.

31. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit A. The document speaks for itself. Otherwise, without knowledge.

32.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit A. The document speaks for itself. Otherwise, without knowledge.

33.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit B. The document speaks for itself. Otherwise, without knowledge.

34.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit B. The document speaks for itself. Otherwise, without knowledge.

35.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied as framed.

36.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibits C and D. The documents speak for themselves. Otherwise, without knowledge.

37.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph

seeks to characterize Exhibit D. The document speaks for itself. Otherwise, admitted.

38.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

39.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

40.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

41.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

42.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

43.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

44.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

45.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit E. The document speaks for itself. Otherwise, without knowledge.

46.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit F. The document speaks for itself. Otherwise, without knowledge.

47.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit E. The document speaks for itself. Otherwise, without knowledge.

48.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit E. The document speaks for itself. Otherwise, without knowledge.

49.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit G. The document speaks for itself. Otherwise, without knowledge.

50.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit G. The document speaks for itself. Otherwise, without knowledge.

51.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit G. The document speaks for itself. Otherwise, without knowledge.

52.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit H. The document speaks for itself. Otherwise, without knowledge.

53.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

54.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

a.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

b.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

c.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

d.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

e. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

f. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

g. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

h. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

i. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

55. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

56. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

57. Denied that Nexgen Memantine was a mere shell. Admitted that Gundlapalli was secretary of Nexgen Memantine. Denied that Memantine was a mere shell. Otherwise, without knowledge.

58. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph

seeks to characterize Exhibits B and H. The documents speak for themselves. Otherwise, without knowledge.

59.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

60.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit A. The document speaks for itself. Otherwise, without knowledge.

61.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit B. The document speaks for itself. Otherwise, without knowledge.

62.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

63.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit G. The document speaks for itself. Otherwise, without knowledge.

64.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph

seeks to characterize Exhibit I. The document speaks for itself. Otherwise, without knowledge.

65.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit I. The document speaks for itself. Otherwise, without knowledge.

66.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit J. The document speaks for itself. Otherwise, without knowledge.

67.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit J. The document speaks for itself. Otherwise, without knowledge.

68.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize the alleged corporate guarantee. The document speaks for itself. Otherwise, without knowledge.

69.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

70. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

    a. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit K. The document speaks for itself. Otherwise, without knowledge.

    b. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit L. The document speaks for itself. Otherwise, without knowledge.

    c. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit M. The document speaks for itself. Otherwise, without knowledge.

    d. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit N. The document speaks for itself. Otherwise, without knowledge.

    e. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

71.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

72.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

73.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

74.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

75.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

76.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

77.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

78.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

79.     Admitted.

80.     Objection. This paragraph violates Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading to state a claim for relief must contain a short and plain statement of the claim. Rather, this paragraph is so lengthy, compound,

and unclear that it is impossible to adequately respond to all the allegations therein. Accordingly, Gundlapalli reserves the right to supplement this Answer consistent with the Rules. Subject to and without waiving the foregoing objection, admitted that on November 27, 2018, the special meeting was held. Admitted that Ajjarapu presided over the meeting in Gundlapalli's stead. Admitted that Ajjarapu was acting as Gundlapalli's proxy at the special meeting only. Otherwise, without knowledge.

81. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

82. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

  a. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

  b. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

  c. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

  d. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

  e. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

83. Denied that Gundlapalli had the ability to transfer money out of Nexgen Memantine's accounts. Denied that Ajjarapu was an extension of Gundlapalli. Otherwise, without knowledge.

84. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

85. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

86. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

## COUNT I – FRAUD UNDERS SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10B-5 THEREUNDER
### (PLAINTIFF INVESTORS AGAINST SUREN AJJARAPU, GAJAN MAHENDIRAN, AND NEXGEN MEMANTINE INC.)

87. Gundlapalli reincorporates its responses contained in paragraphs 1 through 86 as though set forth fully herein.

88. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

a. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

b. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

c.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

d.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

e.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

f.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

g.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

h.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

i.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

89.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

90.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

a.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

b. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

c. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

d. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

e. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

f. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

g. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

h. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

i. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

91. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

92.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge:

a.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied;

b.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge;

c.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge;

d.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

e.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

f.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

g.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

h.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied that Ajjarapu and Mahendiran are not authorized to sell shares on behalf of Nexgen Memantine. Otherwise, without knowledge.

93.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

94.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

95.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

96.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

97.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

98.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

## COUNT II – CONTROLLING PERSON LIABILITY
## UNDER 15 U.S.C. § 78t
(PLAINTIFF INVESTORS AGAINST ANNAPURNA GUNDLAPALLI, NEXGEN LIFE SCIENCES, LLC, AND TRXADE GROUP, INC.)

99.     Gundlapalli reincorporates its responses contained in paragraphs 1 through 86 as though set forth fully herein.

100.    Denied to the extent this paragraph seeks to characterize the Articles of Incorporation. The documents speak for themselves.

101.    Admitted that on November 1, 2018, Gundlapalli notified Plaintiff Investors of a special meeting of shareholders of Memantine. Admitted that Ajjarapu

was acting as a proxy for Gundlapalli during the special meeting of shareholders only. Otherwise, denied as framed.

102.  Admitted that other than email notifications of meetings, Plaintiff Investors have never communicated directly with Gundlapalli. Otherwise, denied.

103.  This paragraph asserts a legal conclusion for which no response is required or given. Otherwise, denied as framed.

104.  Admitted that Plaintiff Investors purport to allege that Ajjarapu committed an underlying violation of securities law as a proxy of Gundlapalli. Denied that Plaintiffs have properly or sufficiently alleged same. Otherwise, denied.

105.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, admitted that Nexgen Lifesciences is an 80% shareholder of Memantine. Otherwise, denied as framed.

106.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied as framed.

107.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, admitted that Plaintiff Investors purport to allege that Mahendiran and Ajjarapu committed underlying violations of securities law. Denied that Plaintiffs have properly or sufficiently alleged same. Otherwise, denied as framed.

108. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, admitted.

109. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

110. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

111. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

112. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, admitted that Plaintiff Investors purport to attempt to allege that Ajjarapu committed an underlying violation of securities law acting as agent of Trxade Group. Denied that Plaintiffs sufficiently or properly allege same. Otherwise, without knowledge.

## COUNT III – FRAUDULENT SECURITIES TRANSACTIONS UNDER FLA. STAT. §§ 517.301, 517.211
### (PLAINTIFF INVESTORS AGAINST SUREN AJJARAPU, GAJAN MAHENDIRAN, AND NEXGEN MEMANTINE)

113. Gundlapalli reincorporates its responses contained in paragraphs 1 through 86 as though set forth fully herein.

114. This paragraph is not directed to Gundlapalli, and therefore no response is required. This paragraph asserts a conclusion of law for which no response is required. To the extent a response is required, denied.

115.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

    a.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

    b.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

    c.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

    d.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

    e.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

    f.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

    g.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

    h.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

116.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

117. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

    a. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

    b. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

    c. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

    d. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

    e. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

    f. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

    g. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

    h. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

118. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

119. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

a. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied.

b. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

c. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

d. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

e. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

f. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

g. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

h. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

i. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

120.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

121.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

122.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

123.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

124.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

## COUNT V – BREACH OF COMMON LAW FIDUCIARY DUTY
(PLAINTIFF INVESTORS AGAINST SUREN AJJARAPU, GAJAN MAHENDIRAN, AND NEXGEN MEMANTINE INC.)

125.   Gundlapalli reincorporates its responses contained in paragraphs 1 through 86 as though set forth fully herein.

126.   This paragraph is not directed to Gundlapalli, and therefore no response is required. This paragraph asserts a conclusion of law for which a response is not required.

127.   This paragraph is not directed to Gundlapalli, and therefore no response is required. This paragraph asserts a conclusion of law for which a response is not required. To the extent a response is required, without knowledge.

128.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

129.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibits, A-f, I, J, and K. The documents speak for themselves. Otherwise, without knowledge.

130.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibits A-G. The documents speak for themselves. Otherwise, without knowledge.

131.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

132.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

## COUNT VI – VIOLATION OF FLORIDA RICO ACT
### (PLAINTIFF INVESTORS AGAINST SUREN AJJARAPU, GAJAN MAHENDIRAN, ANNAPURNA GUNDLAPALLI)

133.   Gundlapalli reincorporates her responses contained in paragraphs 1 through 86 as though set forth fully herein.

134.   Admitted that this count purports to be a cause of action for injunctive relief under the civil remedies provisions of Fla. Stat. § 895.05(6), and money

damages and other relief under the civil remedies granted by Fla. Stat. § 772.103, 104. Denied that Plaintiffs have sufficiently alleged same. Denied that Plaintiffs are entitled to the relief they are seeking or that Gundlapalli is otherwise liable pursuant to these statutes.

135. This paragraph is not directed to Gundlapalli, and therefore no response is required. This paragraph asserts a legal conclusion for which no response is required. To the extent a response is required, without knowledge.

136. This paragraph is not directed to Gundlapalli, and therefore no response is required. This paragraph asserts a legal conclusion for which a response is not required. To the extent a response is required, without knowledge.

137. This paragraph is not directed to Gundlapalli, and therefore no response is required. This paragraph asserts a legal conclusion for which a response is not required. To the extent a response is required, without knowledge:

     a. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

     b. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

138. This paragraph is not directed to Gundlapalli, and therefore no response is required. This paragraph asserts a legal conclusion for which a response is not required. To the extent a response is required, without knowledge.

139.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

    a.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

    b.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

    c.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

140.     This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

141.     Denied.

142.     Denied.

143.     Denied.

144.     Denied.

145.     Denied.

## COUNT IX – DECLARATORY JUDGMENT (CONTRACT *VOID AB INITIO)*
### (PLAINTIFF INVESTORS AGAINST NEXGEN MEMANTINE)

146.     Gundlapalli reincorporates her responses contained in paragraphs 1 through 86 as though set forth fully herein.

147.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

148.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibits L, M, N, and O. The documents speak for themselves.

149.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

150.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

151.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Plaintiffs' Verified Amended Complaint. The pleading speaks for itself.

    a. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Plaintiffs' Verified Amended Complaint. The pleading speaks for itself.

    b. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent

this paragraph seeks to characterize Plaintiffs' Verified Amended Complaint. The pleading speaks for itself.

c.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Plaintiffs' Verified Amended Complaint. The pleading speaks for itself.

152.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Mahendiran's Answer. The pleading speaks for itself.

a.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Mahendiran's Answer. The pleading speaks for itself.

b.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Mahendiran's Answer. The pleading speaks for itself.

c.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent

this paragraph seeks to characterize Mahendiran's Answer. The pleading speaks for itself.

153.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Mahendiran's Answer. The pleading speaks for itself. Otherwise, without knowledge.

154.   This paragraph is not directed to Gundlapalli, and therefore no response is required. Additionally, this paragraph asserts a legal conclusion and therefore no response is required. To the extent a response is required, without knowledge.

155.   This paragraph is not directed to Gundlapalli, and therefore no response is required. Additionally, this paragraph asserts a legal conclusion and therefore no response is required. To the extent a response is required, without knowledge.

156.   This paragraph is not directed to Gundlapalli, and therefore no response is required. Additionally, this paragraph asserts a legal conclusion and therefore no response is required. To the extent a response is required, without knowledge.

157.   This paragraph is not directed to Gundlapalli, and therefore no response is required. Additionally, this paragraph asserts a legal conclusion and therefore no response is required. To the extent a response is required, without knowledge.

158.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph

seeks to characterize the Subscription Agreements. The documents speak for themselves. Otherwise, without knowledge.

     a. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibits K and O. The documents speak for themselves. Otherwise, without knowledge.

     b. This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Exhibit K. The document speaks for itself. Otherwise, without knowledge.

159.   This paragraph is not directed to Gundlapalli, and therefore no response is required. Additionally, this paragraph asserts a legal conclusion and therefore no response is required. To the extent a response is required, without knowledge.

160.   This paragraph is not directed to Gundlapalli, and therefore no response is required. Additionally, this paragraph asserts a legal conclusion and therefore no response is required. To the extent a response is required, without knowledge.

## COUNT XI – BREACH OF FIDUCIARY DUTY
**(PLAINTIFFS ON BEHALF OF NEXGEN MEMANTINE, INC. AGAINST SUREN AJJARAPU, GAJAN MAHENDIRAN, AND ANNAPURNA GUNDLAPALLI)**

161.   Gundlapalli reincorporates its responses contained in paragraphs 1 through 86 as though set forth fully herein.

162.   This paragraph asserts a legal conclusion and therefore no response is required. To the extent a response is required, admitted that Plaintiff Investors sent a demand to counsel for Nexgen Memantine on May 14, 2021. Otherwise, denied.

163.   This paragraph asserts a legal conclusion and therefore no response is required. To the extent a response is required, without knowledge.

164.   Admitted that Plaintiffs purport to bring a derivative action against Suren Ajjarapu, Gajan Mahendiran, and Annapurna Gundlapalli. Denied Gundlapalli is liable to Plaintiffs for same. Otherwise, denied.

165.   Denied.

166.   To the extent this paragraph asserts a legal conclusion, a response is not required. Admitted that Nexgen Memantine, Inc. is a Wyoming corporation with a principal place of business and offices in Florida.

167.   On information and belief, admitted.

168.   This paragraph asserts a legal conclusion and therefore a response is not required. To the extent a response is required, denied.

169.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied as framed.

170.   Denied as framed.

171.   Denied to the extent this paragraph seeks to characterize Exhibits H-K. The documents speak for themselves. Otherwise, denied.

172.   This paragraph asserts a legal conclusion and therefore no response is required. Denied to the extent this paragraph seeks to characterize Wyo. Stat. Ann. § 17-16-830. The statute speaks for itself.

173.   This paragraph asserts a legal conclusion and therefore no response is required. Denied to the extent this paragraph seeks to characterize Wyo. Stat. Ann. § 17-16-842. The statute speaks for itself.

174.   This paragraph is not directed to Gundlapalli and therefore no response is required. To the extent a response is required, without knowledge.

    a.   This paragraph is not directed to Gundlapalli and therefore no response is required. To the extent a response is required, without knowledge.

    b.   This paragraph is not directed to Gundlapalli and therefore no response is required. To the extent a response is required, without knowledge.

    c.   This paragraph is not directed to Gundlapalli and therefore no response is required. To the extent a response is required, without knowledge.

    d.   This paragraph is not directed to Gundlapalli and therefore no response is required. To the extent a response is required, without knowledge.

175.   This paragraph is not directed to Gundlapalli and therefore no response is required. To the extent a response is required, without knowledge.

176.   Denied.

    a.   Denied.

b.  Denied.

c.  Denied.

177.  This paragraph is not directed to Gundlapalli and therefore no response is required. To the extent a response is required, without knowledge.

    a.  This paragraph is not directed to Gundlapalli and therefore no response is required. To the extent a response is required, without knowledge.

    b.  This paragraph is not directed to Gundlapalli and therefore no response is required. To the extent a response is required, without knowledge.

178.  This paragraph is not directed to Gundlapalli and therefore no response is required. Additionally, this paragraph asserts a legal conclusion and therefore no response is required. To the extent a response is required, without knowledge.

179.  This paragraph is not directed to Gundlapalli and therefore no response is required. To the extent a response is required, without knowledge.

180.  Denied.

181.  Denied.

## <u>COUNT XIII – BREACH OF ORAL CONTRACT</u>
### (PLAINTIFF INVESTORS AGAINST NEXGEN LIFESCIENCES, LLC)

182.  Gundlapalli reincorporates its responses contained in paragraphs 1 through 86 as though set forth fully herein.

183.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

184.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

185.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Ajjarapu's Verified Complaint. The Pleading speaks for itself. Otherwise, without knowledge.

186.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied to the extent this paragraph seeks to characterize Ajjarapu's Verified Complaint. The Pleading speaks for itself. Otherwise, without knowledge.

187.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

188.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

189.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

190.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

191.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

192.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

193.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

194.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, admitted that Plaintiffs purport to seek to pierce the corporate veil. Denied that Plaintiffs have any right to same.

## COUNT XIV – APPOINTMENT OF RECEIVER
### (PLAINTIFF INVESTORS AGAINST NEXGEN MEMANTINE, INC.)

195.  Gundlapalli reincorporates its responses contained in paragraphs 1 through 86 as though set forth fully herein.

196.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, admitted that this claim purports to request the appointment of an equitable receiver to assume control of the operations of Nexgen Memantine. Denied that Plaintiffs have sufficiently alleged same. Denied that Plaintiffs are entitled to the requested relief.

197.  This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, admitted that this claim purports to be for the appointment of an equitable receiver to assume control of the operations of Nexgen Memantine. Denied that Plaintiffs have sufficiently alleged same. Denied that Plaintiffs are entitled to the requested relief. Otherwise, denied.

198.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied.

199.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied.

200.   This paragraph is not directed to Gundlapalli, and therefore no response is required. Additionally, this paragraph asserts a legal conclusion for which no response is required. To the extent a response is required, denied.

201.   Denied.

202.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied.

## COUNT XV – "BAD ACTOR" INJUNCTION
(PLAINTIFFS INVESTORS AGAINST GAJAN MAHENDIRAN AND SUREN AJJARAPU)

203.   Gundlapalli reincorporates its responses contained in paragraphs 1 through 86 as though set forth fully herein.

204.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

205.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, without knowledge.

206.   This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, admitted that this claim purports to

seek a declaration that Defendants Mahendiran and Ajjarapu are "bad actors" for the purposes of 17 C.F.R. § 230.506(d)(1)(ii), and seeks an injunction against Mahendiran and Ajjarapu. Denied that Plaintiffs have sufficiently alleged same. Denied that Plaintiffs are entitled to such relief. Otherwise, without knowledge.

207.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied.

208.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied.

209.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied.

210.    This paragraph is not directed to Gundlapalli, and therefore no response is required. To the extent a response is required, denied.

## **AFFIRMATIVE DEFENSES**

## **Failure to State a Claim – Count II**

1.    Plaintiffs fail to state a claim against Gundlapalli in Count II for controlling person liability under 15 U.S.C. § 78t. To properly state a claim for a violation of 15 U.S.C. § 78t, Plaintiffs must allege: "(1) a primary violation of the securities laws; (2) that the individual defendant had the power to control the general business affairs of the corporation; and (3) that the individual defendant 'had the requisite power to directly or indirectly control or influence the specific corporate

policy which resulted in primary liability.'" *MAZ Partners LP v. First Choice Healthcare Sols., Inc.*, 2019 WL 5394011 at *7 (M.D. Fla. Oct. 16, 2019), report and recommendation adopted, 2020 WL 1072582 (M.D. Fla. Feb. 14, 2020); *Albers v. Cmmw. Capital Corp.*, 2017 WL 2779906 at *13 (M.D. Fla. June 27, 2017). To establish the control or influence element, Plaintiffs must show that "defendant both had actual power or influence over the controlled person (the ability to affect management decisions) and induced or participated in the alleged illegal activity." *Rosen v. Cascade Intern., Inc.*, 21 F.3d 1520, 1525 (11th Cir. 1994) (quoting Thomas Lee Hazen, *The Law of Securities Regulation* 781–82 (2d ed. 1990)). Plaintiffs fail to assert any allegation that Gundlapalli had actual power or influence over an alleged controlled person or that she induced or participated in the alleged illegal activity or fraud.

Additionally, "Because a primary violation of the securities laws is an essential element of a § 20 (a) derivative claim…a plaintiff adequately pleads a § 20 (a) claim only if the primary violation is adequately pleaded." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008). Plaintiffs have failed to sufficiently plead the primary federal securities fraud claim. Because Count II is a derivative claim against Gundlapalli based solely on a supposed agent's alleged conduct and liability, and Plaintiffs have failed to sufficiently allege that the supposed agent violated section 10(b) of the Exchange Act and Rule 10b-5, Count

II fails to state a cause of action against Gundlapalli upon which relief may be granted. *See Michigan Carpenters' Pension Fund v. Rayonier Adv. Materials*, Inc., 2019 WL 1429667 at *30 (M.D. Fla. Mar. 29, 2019). Accordingly, Count II against Trxade for controlling person liability must be dismissed as a matter of law. *See In re Galectin Therapeutics, Inc. Securities Litig.*, 843 F.3d 1257, 1276 (11th Cir. 2016) (holding that controlling person liability cannot exist absent a primary violation); *Edward J. Goodman Life Income Tr. v. Jabil Cir., Inc.*, 594 F.3d 783, 797 (11th Cir. 2010) (affirming dismissal of claims for controlling person liability because Plaintiffs failed to adequately plead a primary violation); *Michigan Carpenters' Pension Fund v. Rayonier Adv. Materials, Inc.*, 2019 WL 1429667, at *30 (M.D. Fla. Mar. 29, 2019) ("Because Plaintiffs fail to properly allege their § 10(b) claim for securities fraud against all Defendants, Plaintiffs' derivative § 20(a) claim against the Individual Defendants must also fail."). Consequently, Plaintiffs fail to state a claim in Count II upon which relief can be granted.

## <u>Failure to State a Claim – Count VI</u>

2. Plaintiffs fail to state a claim against Gundlapalli in Count VI for violations of the Florida RICO Act. To prove a violation of the Florida RICO Act requires establishing defendant's "(1) conduct or participation in an enterprise through (2) a pattern of racketeering activity." *Morgan v. State*, 117 So. 3d 79, 81

(Fla. 2d DCA 2013). Plaintiffs are attempting to turn a simple potential[1] investment loss into a racketeering claim designed to tackle organized crime. Plaintiffs fail to state a cause of action because they fail to allege that any supposed 'enterprise' furnished a vehicle for the commission of two or more predicate crimes. Plaintiffs must also show that Gundlapalli intended to participate in the alleged enterprise. *See Bowden v. State*, 402 So. 2d 1173, 1175 (Fla. 1981); *Mathis v. State*, 208 So. 3d 158, 163–64 (Fla. 5th DCA 2016) (finding "no evidence that the Legislature intended to remove knowledge or mens rea as an element of the offense outlined in section 895.03(3)"). Additionally, for the "pattern of racketeering activity" element to be met, it must be shown that the defendant engaged in "at least two incidents of racketeering conduct that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents." § 895.02(7), *Fla. Stat.*; *see also Morgan*, 117 So. 3d at 81. Importantly, the pattern of racketeering activity cannot be shown when the two incidents are a part of the same transaction. *See Evans v. State*, 985 So. 2d 1105, 1108 (Fla. 3d DCA 2007). Here, Plaintiffs have made no allegation, and cannot make such an allegation, that Gundlapalli has intentionally engaged in any conduct or participation in the alleged enterprise and the allegations

---

[1] The loss is not yet assured, since there are claims that may inure to the benefit of Memantine that could make the Plaintiffs whole.

in the complaint show that the alleged racketeering activity is related to the same transaction. Accordingly, Plaintiffs fail to state a claim in Count VI upon which relief can be granted.

## Failure to State a Claim – Count XI

3.     To state a cause of action for breach of fiduciary duty, Plaintiffs are required to sufficiently allege (1) the existence of a duty, (2) breach of that duty, and (3) damages flowing from the breach. Plaintiffs allege that Gundlapalli breached her fiduciary duty as officer and director by failing to oversee Ajjarapu and Mahendiran during the solicitation period, failing to manage Ajjarapu, and failing to act regarding withdrawals Mahendiran made. However, Plaintiffs fail to allege that Gundlapalli had any duty to do such acts or that she had such oversight authority or responsibilities in her role with Memantine. Accordingly, Plaintiffs fail to state a cause of action upon which relief should be granted.

## Assumption of Risk

4.     Plaintiffs' claims against Gundlapalli are barred on the basis of their assumption of risk in the underlying investment.

## Safe Harbor Doctrine

5.     Plaintiffs' claims are barred in whole or in part by the safe harbor provision of the Private Securities Litigation Reform Act of 1995 because the alleged

statements were forward-looking statements about future economic performance, immaterial, and accompanied by sufficient cautionary language and risk disclosures.

## Good Faith Defense

6.     Plaintiffs' claims against Gundlapalli are barred by the good faith defense in 15 U.S.C.A. § 78t(a), because Gundlapalli acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violation or cause of action.

## Bespeaks Caution Doctrine

7.     Plaintiffs' claims are barred in whole or in part under the bespeaks caution doctrine because the alleged statements supposedly made by Ajjarrapu or Gundlapalli (collectively, the "Defendants") were forward-looking statements accompanied with adequate cautionary language to disclose the specific risks associated with the proposed investment.

## Puffery and Forward-Looking Statements are not Actionable

8.     Plaintiffs have failed to state a claim upon which relief can be granted because forward-looking statements or a promise to do a future act are not actionable.  The allegations also contain statements that are mere puffery and also not actionable.  For example, Exhibits B and E contain forward-looking statements and expressly provides that no such statements should be relied upon as follows:

THIS COMPANY OVERVIEW IS NOT AN OFFER TO SELL OR A SOLICITATION TO BUY ANY SECURITIES OF THE COMPANY.

IT CONTAINS FORWARD LOOKING STATEMENTS, IT IS ONLY A BRIEF SUMMARY, IS INHERENTLY INCOMPLETE, IS FOR INFORMATION PURPOSES ONLY, IS SUBJECT TO CHANGE, AND SHOULD NOT BE CONSIDERED AS PROVIDING SUFFICIENT INFORMATION TO EVALUATE ANY INVESTMENT IN THE COMPANY. ANY SECURITIES WHICH MAY BE OFFERED BY THE COMPANY SHALL BE DONE SO ONLY BY MEANS OF A CONFIDENTIAL PRIVATE PLACEMENT MEMORANDUM AND OTHER DEFINITIVE DOCUMENTS IN COMPLIANCE WITH APPLICABLE SECURITIES LAWS.

## Unreasonable Reliance

9. Plaintiffs' reliance on any alleged oral misrepresentation or omission set forth in the Compliant was not reasonable under the circumstances because, *inter alia*, those alleged misrepresentations or omissions were contradicted by written documents provided to Plaintiffs by Defendants. The cautionary language included in the documents establishes that any reliance upon statements contained therein by Plaintiffs was not and could not have been justified. Plaintiffs cannot rely on any purported representations when they either know they are false, or the falsity is obvious.

In addition, in the Subscription Agreements, Plaintiffs represent that, among other things, "no officer, director, broker-dealer, placement agent, finder or other person affiliated with the Company has given Participant any information or made any representations oral or written, other than as provided in the Memorandum, on which Participant has relied…."

### Contributory Negligence

10.     Plaintiffs' claims against Gundlapalli are barred because of their own contributory negligence in failing to use due care to understand the nature of the underlying investment or read and understand the investment documents they executed.

### Statements Not Fairly Attributable to Defendants

11.     Plaintiffs' claims against Gundlapalli are barred in whole or in part to the extent they are based on statements made by Gajan Mahendiran and others that are not fairly attributable to Gundlapalli or the other Defendants.

### Intervening Cause

12.     To the extent that Plaintiffs have suffered any injury or damages, such injury or damages were caused by the intervening actions undertaken by Gajan Mahendiran and/or Plaintiff Harsh Datta, who prepared the "presentation" attached to the Complaint as Exhibit E without the knowledge or consent of Defendants, and delivered it to the remaining Plaintiffs without the knowledge or consent of Defendants.

### In Pari Delicto

13.     Defendant Harsh Datta's claims are barred by the doctrine of *in pari delcito* because he was an active and voluntary participant in the conduct alleged in the Complaint because he generated the "presentation" attached to the Complaint as

Exhibit E without the knowledge or consent of Defendants, and delivered it to the remaining Plaintiffs without the knowledge or consent of Defendants.

## Unclean Hands

14.     To the extent Defendant Harsh Datta seeks equitable relief against Defendants, those claims are barred by the doctrine of unclean hands because he was an active and voluntary participant in the conduct alleged in the Complaint because he generated the "presentation" attached to the Complaint as Exhibit E without the knowledge or consent of Defendants, and delivered it to the remaining Plaintiffs without the knowledge or consent of Defendants.

## Lack of Causation

15.     Any loss allegedly incurred by Plaintiffs in connection with their investment in Memantine was not directly or proximately caused by any alleged misstatement or omission alleged in the Complaint.

## Lack of Scienter

16.     Plaintiffs fail to allege sufficient facts to create a strong inference of scienter as any inference of scienter based upon the facts alleged in the Complaint is less compelling than opposing inferences of nonfraudulent intent.

## Laches, Waiver, and Estoppel

17.     Plaintiffs' claims are barred by the equitable doctrines of laches, waiver, and estoppel.

## Business Judgment Rule

18.    Plaintiffs' claims are barred by the business judgment rule.

## Statute of Limitations

19.    Plaintiffs' claims are barred by the applicable statute of limitations.

## Claims are Premature / Not Ripe

20.    Plaintiffs have not yet been damages and the claims are premature because it is not yet certain that Plaintiffs will have lost their investment, since there are claims that may inure to the benefit of Memantine that could make the Plaintiffs whole. Additionally, Plaintiffs derivative action is not ripe.

Respectfully submitted this 7th day of June 2021.

*/s/ Paul Thanasides*
Paul Thanasides
Florida Bar No. 103039
paul@mcintyrefirm.com
clservice@mcintyrefirm.com
Christa Queen-Sutherland
Florida Bar No.: 0091204
christa@mcintyrefirm.com
complexlit@mcintyrefirm.com
Garrett S. Severson
Florida Bar No.: 108259
garrett@mcintyrefirm.com
McIntyre Thanasides Bringgold Elliott
    Grimaldi Guito & Matthews, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602
Telephone: 813.223.0000
Facsimile:  813.225.1221
***Attorneys for Defendants Suren Ajjarapu,***
***Annapurna Gundlapalli, Nexgen***

*Memantine, Inc., and Trxade Group, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on June 7, 2021, a true and correct copy of the

foregoing document was electronically filed using the Court's CM/ECF system,

which will provide electronic notice to the following:

Joseph F. Southron
Florida Bar No. 122109
joe@fourriverslaw.com
eservice@fourriverslaw.com
Four Rivers Law Firm
400 N. Ashley Drive, Suite 1900
Tampa, Florida 33602
Telephone (813) 773-5105
Facsimile (813) 773-5103
*Attorney for Plaintiffs*

Kenneth G.M. Mather, Esq.
Florida Bar No. 619647
kmather@gunster.com
tkennedy@gunster.com
eservice@gunster.com
Gunster, Yoakley & Stewart, P.A.
401 E. Jackson Street, Suite 1500
Tampa, FL 33602
Telephone (813) 228-9080
Facsimile (813) 228-6739
*Attorneys for Gajan Mahendiran*

<u>*/s/ Paul Thanasides*</u>
Attorney