# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JITENDRA JAIN,
MANISH ARORA,
SCARIYA KUMARAMANGALAM,
HARSH DATTA, and
BALVANT ARORA, as individuals,
and derivatively on behalf
of NEXGEN MEMANTINE INC.,

                                          Case No.:  8:20-cv-02263-VMC-JSS

               Plaintiffs,

vs.

NEXGEN MEMANTINE INC.,
SUREN AJJARAPU,
ANNAPURNA GUNDLAPALLI,
GAJAN MAHENDIRAN,
NEXGEN LIFE SCIENCES LLC,
TRXADE GROUP, INC., and
G&S COAL TRADERS, LLC,

               Defendants.

_____/

## DEFENDANT GAJAN MAHENDIRAN'S ANSWER AND
## DEFENSES TO SECOND AMENDED VERIFIED COMPLAINT

Defendant, Gajan Mahendiran ("Dr. Mahendiran"), by counsel, files this

Answer and Defenses in response to the Second Amended Verified Complaint

filed by Jitendra Jain, Manish Arora, Scariya Kumaramangalam, Harsh Datta and

Balvant Arora, as individuals, and derivatively on behalf of Nexgen Memantine,

ACTIVE:13434955.1

Inc. (collectively "Plaintiffs") on or around May 14, 2021 (DE #165).[1]  In support,

Dr. Mahendiran alleges and states as follows:

## PARTIES AND JURISDICTION

1.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 1.

2.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 2.

3.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 3.

4.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 4.

5.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 5.

6.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 6.

7.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 7.

8.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 8.

9.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 9.

10.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 10.

11.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 11.

12.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 12.

13.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 13 for jurisdictional

purposes only.  Otherwise denied.

---

[1] In response to Plaintiffs' Amended Complaint, Dr. Mahendiran filed an Answer and Defenses, as well as a Cross-Claim against defendants Suren Ajjarapu and G&S Coal Traders, LLC, which remains the operative Cross-Claim.

ACTIVE:13434955.1

14.    Dr. Mahendiran admits Plaintiffs' Paragraph No. 14 for venue purposes only.  Otherwise denied.

## GENERAL ALLEGATIONS

15.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 15.

16.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 16.

17.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 17.

18.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 18.

19.    Dr. Mahendiran denies that he provided any misinformation to Plaintiff Investors.  Otherwise Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' paragraph 19 and accordingly denies the same.

20.    Dr. Mahendiran admits Plaintiffs' Paragraph No. 20.

21.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 21.

22.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 22.

23.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 23.

24.    Dr. Mahendiran denies the allegations of Plaintiffs' paragraph 24.

25.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 25.

26.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 26.

27.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph 27 and accordingly denies the same.

ACTIVE:13434955.1

28.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 28 and accordingly denies the same.

29.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 29.

30.     Dr. Mahendiran states that Exhibit A referenced in Plaintiffs' Paragraph No. 30 speaks for itself and denies any implications to the contrary.

31.     Dr. Mahendiran states that Exhibit A referenced in Plaintiffs' Paragraph No. 31 speaks for itself and denies any implications to the contrary.

32.     Dr. Mahendiran states that Exhibit A referenced in Plaintiffs' Paragraph No. 32 speaks for itself and denies any implications to the contrary.

33.     Dr. Mahendiran states that Exhibit B referenced in Plaintiffs' Paragraph No. 33 speaks for itself and denies any implications to the contrary.

34.     Dr. Mahendiran states that Exhibit B referenced in Plaintiffs' Paragraph No. 34 speaks for itself and denies any implications to the contrary.

35.     Dr. Mahendiran states that Exhibit B referenced in Plaintiffs' Paragraph No. 35 speaks for itself and denies any implications to the contrary.

36.     Dr. Mahendiran states that Exhibits C and D referenced in Plaintiffs' Paragraph No. 36 speaks for themselves and denies any implications to the contrary.

37.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 37.

ACTIVE:13434955.1

38.     Dr. Mahendiran states that Exhibit D referenced in Plaintiffs' Paragraph No. 38 speaks for itself and denies any implications to the contrary.

39.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 39 and accordingly denies the same.

40.     Admitted that Ajjarapu presented the TRXade Presentation. Otherwise Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 40 and accordingly denies the same.

41.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 41 as to the assertions attributed to him therein.

42.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 42 and accordingly denies the same.

43.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 43 to the extent of the representations alleged to be attributed to him and as to the remainder of Paragraph 43 Dr. Mahendiran is without sufficient information to admit or deny and accordingly denies the same.

44.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 44 to the extent of the representations alleged to be attributed to him and as to the remainder of Paragraph 44 Dr. Mahendiran is without sufficient information to admit or deny and accordingly denies the same.

ACTIVE:13434955.1

45.     Dr. Mahendiran states that Exhibit E referenced in Plaintiffs' Paragraph No. 45 speaks for itself and denies any implications to the contrary.

46.     Dr. Mahendiran states that Exhibits E and F referenced in Plaintiffs' Paragraph No. 46 speaks for itself and denies any implications to the contrary.

47.     Dr. Mahendiran states that Exhibit E referenced in Plaintiffs' Paragraph No. 47 speaks for itself and denies any implications to the contrary.

48.     Dr. Mahendiran states that Exhibit E referenced in Plaintiffs' Paragraph No. 48 speaks for itself and denies any implications to the contrary.

49.     Dr. Mahendiran states that Exhibit G referenced in Plaintiffs' Paragraph No. 49 speaks for itself and denies any implications to the contrary.

50.     Dr. Mahendiran states that Exhibit G referenced in Plaintiffs' Paragraph No. 50 speaks for itself and denies any implications to the contrary.

51.     Dr. Mahendiran states that Exhibit G referenced in Plaintiffs' Paragraph No. 51 speaks for itself and denies any implications to the contrary. Otherwise denied.

52.     Dr. Mahendiran denies the allegation in Paragraph 52 that Ajjarapu often communicated with Plaintiff Investors through Mahendiran.  Otherwise Dr. Mahendiran states that Exhibit H referenced in Plaintiffs' Paragraph No. 52 speaks for itself and denies any implications to the contrary.

53.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 53.

ACTIVE:13434955.1

54.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 54.

55.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 55.

56.     Dr. Mahendiran admits that he did not have a professional valuation of Nexgen Memantine done but is without sufficient information to admit or deny Plaintiffs' Paragraph No. 56 as to what Ajjarapu did or did not do and so he accordingly denies that portion of Plaintiffs' Paragraph No. 56.

57.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 57.

58.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 58.

59.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 59.

60.     Dr. Mahendiran states that Exhibit A referenced in Plaintiffs' Paragraph No. 60 speaks for itself and denies any implications to the contrary.

61.     Dr. Mahendiran states that Exhibit B referenced in Plaintiffs' Paragraph No. 61 speaks for itself and denies any implications to the contrary.

62.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 62.

63.     Dr. Mahendiran states that Exhibit G referenced in Plaintiffs' Paragraph No. 63 speaks for itself and denies any implications to the contrary.

64.     Dr. Mahendiran states that Exhibit I referenced in Plaintiffs' Paragraph No. 64 speaks for itself and denies any implications to the contrary.

65.     Dr. Mahendiran states that Exhibit I referenced in Plaintiffs' Paragraph No. 65 speaks for itself and denies any implications to the contrary.

ACTIVE:13434955.1

66.     Dr. Mahendiran states that Exhibit J referenced in Plaintiffs' Paragraph No. 66 speaks for itself and denies any implications to the contrary.

67.     Dr. Mahendiran states that Exhibit J referenced in Plaintiffs' Paragraph No. 67 speaks for itself and denies any implications to the contrary.

68.     Dr. Mahendiran states that the "Corporate Guarantee" referenced in Plaintiffs' Paragraph No. 68 speaks for itself and denies any implications to the contrary.

69.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 69 and accordingly denies the same.

70.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 70 and accordingly denies the same.

71.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 71 and accordingly denies the same.

72.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 72 and accordingly denies the same.

73.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 73 and accordingly denies the same.

74.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 74 to the extent of the representations alleged to be attributed to him.  Otherwise Dr. Mahendiran is

ACTIVE:13434955.1

without sufficient information to admit or deny Plaintiffs' Paragraph No. 74 and accordingly denies the same.

75.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 75.

76.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 76.

77.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 77.

78.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 78 to the extent of the representations alleged to be attributed to him.  Otherwise Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 78 and accordingly denies the same.

79.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 79 and accordingly denies the same.

80.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 80 and accordingly denies the same.

81.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 81 and accordingly denies the same.

82.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 82 and accordingly denies the same.

83.     Dr. Mahendiran denies that he had the ability to transfer funds out of the Nexgen Memantine bank accounts as alleged in Plaintiffs' Paragraph No. 83.

ACTIVE:13434955.1

Otherwise, Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 83 and accordingly denies the same.

84.     Dr. Mahendiran admits Plaintiffs' Paragraph No. 84.

85.     Dr. Mahendiran states that Suren Ajjarapu was responsible for and caused the transfers of funds out of Nexgen Memantine and denies Plaintiffs' Paragraph No. 85 to the extent that it implies any responsibility for or causation by Dr. Mahendiran.

86.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 86 and accordingly denies the same.

<u>**COUNT I – FRAUD UNDER SECTION 10(b) OF**</u>
<u>**THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER**</u>
(PLAINTIFF INVESTORS AGAINST SUREN AJJARAPU, GAJAN
MAHENDIRAN, AND NEXGEN MEMANTINE, INC.)

87.     Plaintiffs' Paragraph No. 87 does not require a response.  To the extent a response is required, Dr. Mahendiran repeats and realleges paragraphs 1 through 86 above.

88.     Dr. Mahendiran admits that the Exhibits referenced in Plaintiffs' Paragraph No. 88 speak for themselves, but denies that he made any representations to the contrary.

89.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 89 and accordingly denies the same.

90.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 90.

ACTIVE:13434955.1

91.     Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 91 and accordingly denies the same.

92.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 92.

93.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 93.

94.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 94.

95.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 95.

96.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 96.

97.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 97.

98.     Dr. Mahendiran denies Plaintiffs' Paragraph No. 98.

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested in Plaintiffs Count I, awarding Dr. Mahendiran his costs, including a reasonable attorney's fee, and such further relief as this Court may award.

**COUNT II – CONTROLLING PERSON LIABILITY UNDER 15 U.S.C §78t**
(PLAINTIFF INVESTORS AGAINST ANNUAPURNA GUNDLAPALLI, NEXGEN LIFE SCIENCES, LLC, AND TRXADE GROUP, INC)

99.     Plaintiffs' Paragraph No. 99 does not require a response by Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and reallages paragraphs 1 through 86 above.

100.    Dr. Mahendiran admits Plaintiffs' Paragraph No. 100.

101.  Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 101 and accordingly denies the same.

102.  Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 102 and accordingly denies the same.

103.  Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 103 and accordingly denies the same.

104.  Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 104 and accordingly denies the same.

105.  Dr. Mahendiran denies Plaintiffs' Paragraph No. 105.

106.  Dr. Mahendiran denies Plaintiffs' Paragraph No. 106.

107.  Dr. Mahendiran denies Plaintiffs' Paragraph No. 107.

108.  Dr. Mahendiran admits Plaintiffs' Paragraph No. 108.

109.  Dr. Mahendiran admits Plaintiffs' allegation in Paragraph No. 109 that Ajjarapu was identified as the CEO of TRXade Group.  Otherwise denied.

110.  Dr. Mahendiran admits Plaintiffs' Paragraph No. 110.

111.  Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 111 and accordingly denies the same.

112.  Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 112 and accordingly denies the same.

ACTIVE:13434955.1

WHEREFORE, Plaintiffs' Count II does not seek a judgment against Dr. Mahendiran.

## COUNT III – FRAUDULENT  SECURITIES TRANSACTIONS UNDER FLA.STAT.§§ 517.301, 517.211
(PLAINTIFF INVESTORS AGAINST SUREN AJJARAPU, GAJAN MAHENDIRAN, AND NEXGEN MEMANTINE)

113.   Plaintiffs' Paragraph No. 113 does not require a response by Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and realleges paragraphs 1 through 86 above.

114.   Plaintiffs' Paragraph No. 114 is a legal argument and does not require a response by Dr. Mahendiran.   To the extent a response is required, Dr. Mahendiran denies any liability.

115.   Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 115 and accordingly denies the same.

116.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 116.

117.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 117.

118.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 118.

119.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 119.

120.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 120.

121.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 121.

122.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 122.

123.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 123.

ACTIVE:13434955.1

124.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 124.

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested against him in Plaintiffs Count III, awarding Dr. Mahendiran his costs, including a reasonable attorney's fee, and such further relief as this Court may award.

### COUNT V[2] – BREACH OF COMMON LAW FIDUCIARY DUTY
(PLAINTIFF INVESTORS AGAINST SUREN AJJARAPU, GAJAN MAHENDIRAN, AND NEXGEN MEMANTINE)

125.    Plaintiffs' Paragraph No. 125 does not require a response by Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and reallages paragraphs 1 through 86 above.

126.    Plaintiffs' Paragraph No. 126 is a legal argument and does not require a response by Dr. Mahendiran.   To the extent a response is required, Dr. Mahendiran denies any liability.

127.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 127.

128.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 128.

129.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 129.

130.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 130.

131.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 131.

132.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 132.

---

[2] Plaintiffs do not include a Count IV.

14

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested against him in Plaintiffs Count IV, awarding Dr. Mahendiran his costs, including a reasonable attorney's fee, and such further relief as this Court may award.

## COUNT VI – VIOLATION OF FLORIDA RICO ACT
### (PLAINTIFF INVESTORS AGAINST SUREN AJJARAPU, GAJAN MAHENDIRAN, AND ANNAPURNA GUNDLAPALLI)

133.    Plaintiffs' Paragraph No. 133 does not require a response by Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and realleges paragraphs 1 through 86 above.

134.    Plaintiffs' Paragraph No. 134 is a legal argument and does not require a response by Dr. Mahendiran.   To the extent a response is required, Dr. Mahendiran denies any liability.

135.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 135.

136.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 136.

137.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 137.

138.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 138.

139.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 139.

140.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 140.

141.    Dr. Mahendiran denies the existence of an "enterprise," and is otherwise without sufficient information to admit or deny Plaintiffs' Paragraph

No. 141 and accordingly denies the same.

142.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 142 and accordingly denies the same.

143.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 143 and accordingly denies the same.

144.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 144.

145.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 145.

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested against him in Plaintiffs Count VI, awarding Dr. Mahendiran his costs, including a reasonable attorney's fee, and such further relief as this Court may award.

### COUNT IX[3] – DECLARATORY JUDGMENT (CONTRACT VOID AB INITIO)
(PLAINTIFF INVESTORS AGAINST NEXGEN MEMANTINE)

146.    Plaintiffs' Paragraph No. 146 does not require a response by Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and reallages paragraphs 1 through 86 above.

147.    Dr. Mahendiran states that Exhibits L, M, N, and O referenced in Plaintiffs' Paragraph No. 147 speak for themselves and denies any implications to the contrary.

---

[3] Plaintiffs do not include Counts VII or VIII.

ACTIVE:13434955.1

148.    Dr. Mahendiran states that Exhibits L, M, N, and O referenced in Plaintiffs' Paragraph No. 148 speak for themselves and denies any implications to the contrary.

149.    Dr. Mahendiran states that Exhibits L, M, N, and O referenced in Plaintiffs' Paragraph No. 149 speak for themselves and denies any implications to the contrary.

150.    Plaintiffs' Paragraph No. 150 misstates or mischaracterizes the defenses raised by him in prior pleadings.

151.    Dr. Mahendiran admits that Plaintiff Investors made numerous allegations concerning Dr. Mahendiran in the Verified Amended Complaint as referenced, in part, in Plaintiffs' Paragraph No. 151.

152.    Plaintiffs' Paragraph No. 152 misstates or mischaracterizes Dr. Mahendiran's defenses or responses raised by him in prior pleadings.

153.    Plaintiffs' Paragraph No. 153 misstates or mischaracterizes Dr. Mahendiran's defenses raised by him in prior pleadings.

154.    Plaintiffs' Paragraph No. 154 states a legal conclusion and does not require a response by Dr. Mahendiran.

155.    Plaintiffs' Paragraph No. 155 states a legal conclusion and does not require a response by Dr. Mahendiran.

ACTIVE:13434955.1

156.    Plaintiffs' Paragraph No. 156 states a legal conclusion and does not require a response by Dr. Mahendiran.

157.    Plaintiffs' Paragraph No. 157 states a legal conclusion and does not require a response by Dr. Mahendiran.

158.    Plaintiffs' Paragraph No. 158 states a legal conclusion and does not require a response by Dr. Mahendiran.

159.    Plaintiffs' Paragraph No. 159 states a legal conclusion and does not require a response by Dr. Mahendiran.

160.    Plaintiffs' Paragraph No. 160 states a legal conclusion and does not require a response by Dr. Mahendiran.

WHEREFORE, Plaintiffs' Count IX does not seek relief against Dr. Mahendiran.

## COUNT XI[4] – BREACH OF FIDUCIARY DUTY
(PLAINTIFFS ON BEHALF OF NEXGEN MEMANTINE INC. AGAINST SUREN AJJARAPU, GAJAN MAHENDIRAN AND ANNAPURNA GUNDLAPALLI)

161.    Plaintiffs' Paragraph No. 161 does not require a response by Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and realleges paragraphs 1 through 86 above.

162.    Plaintiffs' Paragraph No. 162 is a legal argument and does not require

---

[4] Plaintiffs do not include a Count X.

ACTIVE:13434955.1

a response by Dr. Mahendiran.   To the extent a response is required, Dr. Mahendiran denies any liability.

163.   Plaintiffs' Paragraph No. 163 is a legal argument and does not require a response by Dr. Mahendiran.   To the extent a response is required, Dr. Mahendiran denies any liability.

164.   Plaintiffs' Paragraph No. 164 is a legal argument and does not require a response by Dr. Mahendiran.   To the extent a response is required, Dr. Mahendiran denies any liability.

165.   Plaintiffs' Paragraph No. 165 is a legal argument and does not require a response by Dr. Mahendiran.   To the extent a response is required, Dr. Mahendiran denies any liability.

166.   Dr. Mahendiran admits Plaintiffs' Paragraph No. 166.

167.   Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 167 and accordingly denies the same.

168.   Based upon Plaintiffs' Paragraph 162, their claim, if any, is not ripe and so Plaintiffs claim of having standing is incorrect and denied.

169.   Dr. Mahendiran denies Plaintiffs' Paragraph 169.

170.   Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph 170 and accordingly denies the same.

ACTIVE:13434955.1

171.   Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph 171 and accordingly denies the same.

172.   Plaintiffs' Paragraph 172 contains statements of law and does not require a response by Dr. Mahendiran.

173.   Plaintiffs' Paragraph 173 contains statements of law and does not require a response by Dr. Mahendiran.

174.   Dr. Mahendiran denies Plaintiffs' Paragraphs 174.

175.   Dr. Mahendiran denies Plaintiffs' Paragraphs 175.

176.   Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph 176 and accordingly denies the same.

177.   Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph 177 and accordingly denies the same.

178.   Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph 178 and accordingly denies the same.

179.   Dr. Mahendiran denies Plaintiffs' Paragraph 179.

180.   Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph 180 and accordingly denies the same.

181.   Dr. Mahendiran denies Plaintiffs' Paragraph 180.

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested against him in Plaintiffs Count XI, awarding Dr. Mahendiran his

ACTIVE:13434955.1

costs, including a reasonable attorney's fee, and such further relief as this Court may award.

## COUNT XIII[5] – BREACH OF ORAL CONTRACT
(PLAINTIFF INVESTORS AGAINST NEXGEN LIFESCIENCES LLC)

182.   Plaintiffs' Paragraph No. 182 does not require a response by Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and reallages paragraphs 1 through 86 above.

183.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 183.

184.   Dr. Mahendiran admits that he and his wife own at least an undivided Fifty percent (50%) of Nexgen LifeSciences, but disputes Plaintiffs' characterization or conclusion in Paragraph 184 that any guarantee was made to Plaintiffs.

185.   Dr. Mahendiran denies the legal conclusion set forth in Plaintiffs' Paragraph No. 185 that was based solely upon a partial statement in a pleading filed by Defendant Ajjarapu.

186.   Docket Entry No. 32, paragraphs 23-24 speak for themselves, are probative of nothing and Dr. Mahendiran denies that such allegations of Defendant Ajjarapu are conclusory of anything.

187.   Dr. Mahendiran denies Plaintiffs' Paragraph 187.

---

[5] Plaintiffs do not include a Count XII.

ACTIVE:13434955.1

188.   Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 188 and accordingly denies the same.

189.   Dr. Mahendiran denies Plaintiffs' Paragraph 189.

190.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 190.

191.   Dr. Mahendiran admits Plaintiffs' Paragraph 191.

192.   Dr. Mahendiran denies Plaintiffs' Paragraph 192.

193.   Dr. Mahendiran denies Plaintiffs' Paragraph 193.

194.   Plaintiffs' Paragraph 194 states a legal conclusion that is denied by Dr. Mahendiran.

WHEREFORE, Plaintiffs' Count XIII does not seek a judgment against Dr. Mahendiran.

## COUNT XIV – APPOINTMENT OF RECEIVER
(PLAINTIFF INVESTORS AGAINST NEXGEN MEMANTINE INC.)

195.   Plaintiffs' Paragraph No. 195 does not require a response by Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and realleges paragraphs 1 through 86 above.

196.   Plaintiffs' Paragraph 196 contains a statement of a legal conclusion which Dr. Mahendiran denies.

197.   Plaintiffs' Paragraph 197 contains a statement of a legal conclusion that is incomplete and which Dr. Mahendiran denies.

198.   Dr. Mahendiran denies Plaintiffs' Paragraph No. 198.

199.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 199.

200.    Dr. Mahendiran admits Plaintiffs' Paragraph No. 200.

201.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 201.

202.    Dr. Mahendiran is without sufficient information to admit or deny Plaintiffs' Paragraph No. 202 and accordingly denies the same.

WHEREFORE, Plaintiffs' Count XIV does not seek a judgment against Dr. Mahendiran.

## COUNT XV – "BAD ACTOR" INJUNCTION
### (PLAINTIFF INVESTORS AGAINST GAJAN MAHENDIRAN AND SUREN AJJARAPU)

203.    Plaintiffs' Paragraph No. 203 does not require a response by Dr. Mahendiran.  To the extent a response is required, Dr. Mahendiran repeats and reallages paragraphs 1 through 86 above.

204.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 204.

205.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 205.

206.    Plaintiffs' Paragraph No. 206 contains statement of legal conclusions by Plaintiffs to which Dr. Mahendiran disagrees.

207.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 207.

208.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 208.

209.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 209.

210.    Dr. Mahendiran denies Plaintiffs' Paragraph No. 210.

ACTIVE:13434955.1

WHEREFORE, Dr. Mahendiran prays for an order of this Court denying the relief requested against him in Plaintiffs Count XV, awarding Dr. Mahendiran his costs, including a reasonable attorney's fee, and such further relief as this Court may award.

## **GENERAL DENIAL**

All allegations not specifically addressed are denied.

## **DEFENSES**

### **FIRST DEFENSE**
### **(Failure to State A Claim Upon Which Relief Can Be Granted)**

For the reasons explained below, which are not exclusive, Plaintiffs have failed to state a claim upon which relief can be granted.

Plaintiffs fail to plead the fraud-based claims (Counts I, III and VI) with particularity, instead choosing to lump the defendants together and rely upon conclusory and indefinite allegations.  Their amended complaint is precisely the type of pleading that Rule 9(b) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA") were designed to prevent.  The amended complaint is also devoid of any specific allegations with respect to communications Dr. Mahendiran had with any other plaintiffs besides Harsh Datta, or otherwise improperly lumps Plaintiffs together without identifying which of the Plaintiffs Dr. Mahendiran

24

allegedly engaged, when he engaged the unidentified individuals, or even where or how they were engaged.

Similarly, Plaintiffs' fraud claims fail because they impermissibly argue fraud by hindsight, and the corporate materials do not support allegations of individual liability.  Further, the amended complaint either states in conclusory fashion that the supposed statements were false without any explanation as to why or how they were false as required under the PSLRA or even when Dr. Mahendiran knew they were false.

Plaintiffs fail to plead a claim for violation of the Florida RICO Act (Count VI) because the Count includes legal conclusions or merely tracks the boilerplate language of the statute.  The claim fails to provide any factual support to make the assertions plausible, including the allegations of an enterprise and the purported racketeering acts.  The allegations are insufficient to maintain the RICO claims under the heightened pleading standard which is applicable because of Plaintiffs' assertions of fraud that purportedly support the claim.  See also the other bases of this First Defense, as well as the Second, Third, Fourth and Fifth Defenses.

Plaintiffs fail to plead a derivative claim for breach of fiduciary duty (Count XI) because they have failed to comply with the applicable Wyoming statutory requirements.  Further, the claim itself asserts that it is not ripe.

Plaintiffs' Count XV for a "bad actor" injunction fails to assert a recognizable cause of action. To the extent that Count XV is for declaratory relief, Plaintiffs have not alleged the necessary elements to support such a claim. Further, Plaintiffs have failed to sufficiently allege a claim for injunctive relief.

### SECOND DEFENSE
### (No Scienter/Good Faith)

Plaintiffs have failed to state a claim upon which relief can be granted because Dr. Mahendiran acted in good faith at all times during the relevant period, based on, among other things, reasonable reliance upon the work, opinions, information, representations, and advice of others upon whom he was entitled to rely. Dr. Mahendiran made no material misrepresentations or omissions, was not a participant in any alleged wrongful conduct, did not directly or indirectly induce the act or acts alleged, and the amended complaint fails to plead facts giving rise to a strong inference of scienter. In addition, general conclusory allegations do not suffice to satisfy the stringent test of pleading scienter under the PSLRA.

### THIRD DEFENSE
### (Exhibits Control)

In support of their claims, Plaintiffs rely on certain exhibits attached to the amended complaint. When the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern. For example, the email attached as Exhibit A, was sent to only one of the Plaintiffs (Harsh Datta), not all Plaintiffs.

Further, Harsh Datta is listed on the Nexgen Memantine presentation attached as Exhibit E as the point of contact regarding the investment at issue.

Exhibit C to the amended complaint is also an e-mail from Dr. Mahendiran to Harsh Datta, but it contains no statements complained of by Plaintiffs as it simply references a "presentation for TRXade (Suren's company)."

## FOURTH DEFENSE
## (Puffery and Forward-Looking Statements are not Actionable)

Plaintiffs have failed to state a claim upon which relief can be granted because forward-looking statements or a promise to do a future act are not actionable. The allegations also contain statements that are mere puffery and also not actionable. For example, Exhibits B and E contain forward-looking statements and expressly provides that no such statements should be relied upon as follows:

> THIS COMPANY OVERVIEW IS NOT AN OFFER TO SELL OR A SOLICITATION TO BUY ANY SECURITIES OF THE COMPANY. IT CONTAINS FORWARD LOOKING STATEMENTS, IT IS ONLY A BRIEF SUMMARY, IS INHERENTLY INCOMPLETE, IS FOR INFORMATION PURPOSES ONLY, IS SUBJECT TO CHANGE, AND SHOULD NOT BE CONSIDERED AS PROVIDING SUFFICIENT INFORMATION TO EVALUATE ANY INVESTMENT IN THE COMPANY. ANY SECURITIES WHICH MAY BE OFFERED BY THE COMPANY SHALL BE DONE SO ONLY BY MEANS OF A CONFIDENTIAL PRIVATE PLACEMENT MEMORANDUM AND OTHER DEFINITIVE DOCUMENTS IN COMPLIANCE WITH APPLICABLE SECURITIES LAWS.

Further, the claims are barred by the safe harbor provision of the PSLRA because the alleged misstatements are forward-looking statements about future

27

economic performance, are immaterial, and are accompanied by sufficient cautionary language and risk disclosures.

## FIFTH DEFENSE
## (There is no Justifiable Reliance)

Plaintiffs' claims are barred because no act or omission attributed to Dr. Mahendiran was the actual or proximate cause of any injury allegedly suffered by Plaintiffs. The cautionary language included in the documents establishes that any reliance upon statements contained therein by Plaintiffs was not and could not have been justified. Plaintiffs cannot rely on any purported representations when they either know they are false, or the falsity is obvious.

In addition, in the Subscription Agreements, Plaintiffs represent that, among other things, "no officer, director, broker-dealer, placement agent, finder or other person affiliated with the Company has given Participant any information or made any representations oral or written, other than as provided in the Memorandum, on which Participant has relied…."

## SIXTH DEFENSE
## (Lack of Supplemental Jurisdiction)

Given that Plaintiffs have inadequately pled their federal securities laws claim, which would provide subject matter jurisdiction, this Court should decline to exercise its discretion to entertain any remaining state law claims, which are best addressed by state courts. 28 U.S.C. § 1367(c)(3) ("The district courts may

28

decline to exercise supplemental jurisdiction over a claim under subsection (a) . . .

if the district court has dismissed all claims over which it has original jurisdiction

. . . .”).

## SEVENTH DEFENSE
### (Estoppel)

Plaintiffs are sophisticated and accredited investors who understand the

risks associated with investing.  To the extent that Plaintiffs can satisfy their

burden to evidence Dr. Mahendiran’s involvement in this matter, Plaintiffs are

estopped from passing liability off onto Dr. Mahendiran.  Plaintiffs made a

number of representations as to material facts, which are contrary to Plaintiffs’

later-asserted position, and which were relied on by Dr. Mahendiran who

detrimentally changed his position in reliance on Plaintiffs’ representations.  In

addition, Harsh Datta communicated with Plaintiffs, and was a point of contact

(see, for example, Exhibit E), and accordingly Plaintiffs are estopped from

attributing any statements made by Harsh Datta on to Dr. Mahendiran.

## EIGHTH DEFENSE
### (Intervening or Superseding Causes)

Dr. Mahendiran maintains that he did not engage in any wrongful acts as

alleged in this matter.  However, to the extent that Plaintiffs can prove any

improper activity with respect to their investments, Plaintiffs may not recover

from Dr. Mahendiran any losses caused by intervening or superseding acts of

ACTIVE:13434955.1

others, including defendant Suren Ajjarapu and Plaintiff Harsh Datta.  By way of example, both Suren Ajjarapu and Harsh Datta disseminated statements and information in connection with the investments at issue, and Harsh Datta invited the plaintiffs to contact him for further information.  See Exhibit E to the amended complaint.

## NINTH DEFENSE
### (Due Diligence)

Plaintiffs conducted, or were permitted to conduct, their own diligence on the investments and their claims are barred by their failure to investigate.

## TENTH DEFENSE
### (*In Pari Delicto*)

Plaintiffs' claims are barred by the doctrine of *in pari delicto*.  By way of example, Harsh Datta generated the presentation included as Exhibit E to the Complaint, and delivered it to the other Plaintiffs.

## ELEVENTH DEFENSE
### (Assumption of Risk)

Plaintiffs' claims are barred because they knowingly assumed all risks associated with the investments.

## TWELFTH DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred by the applicable statute of limitations.

ACTIVE:13434955.1

## THIRTEENTH DEFENSE
### (Unclean Hands)

Plaintiffs' claims are barred by the doctrine of unclean hands.  By way of example, Harsh Datta generated the presentation included as Exhibit E to the Complaint, and delivered it to the other Plaintiffs.

## FOURTEENTH DEFENSE
### (Failure to Mitigate)

Plaintiffs have failed to mitigate their purported damages.

## FIFTEENTH DEFENSE
### (Lack of Jurisdiction)

This Court lacks jurisdiction with respect to Count XI for breach of fiduciary duty, which Plaintiffs admit in paragraph 162 that the claim is not ripe.

## SIXTEENTH DEFENSE
### (Derivative and Direct Claims)

Plaintiffs are barred from bringing both derivative and direct claims in this matter (for example, Counts V and XI).

## SEVENTEENTH DEFENSE
### (Laches, Ratification and Waiver)

Plaintiffs' claims are barred by the doctrines of laches, ratification and waiver.

## EIGHTEENTH DEFENSE
### (Business Judgment Rule)

Plaintiffs' claims are barred by the business judgment rule.

ACTIVE:13434955.1

## RESERVATION OF DEFENSES

Dr. Mahendiran gives notice that he intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further proceedings of this case, and reserves the right to amend this answer and assert such defenses.

## DEMAND FOR JURY TRIAL

Dr. Mahendiran demands a jury trial on all claims and issues so triable.

By: */s/ Kenneth G.M. Mather*
      Kenneth G.M. Mather, Esq.
      Florida Bar No. 619647
      Daniel P. Dietrich, Esq.
      Florida Bar No. 0934461
      **Gunster, Yoakley & Stewart, P.A.**
      401 E. Jackson Street, Suite 1500
      Tampa, Florida 33602
      (813) 222-6630; Fax No.: (813) 228-6739
      Email:    kmather@gunster.com
                ddietrich@gunster.com
                tkennedy@gunter.com
                eservice@gunster.com

      *Attorneys for Defendant, Gajan Mahendiran*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2021, a true and correct copy of the foregoing was filed with the Court via CM/ECF which will send a notice of electronic filing to the parties of record.

By: */s/ Kenneth G.M. Mather*
      Kenneth G.M. Mather, Esq.

32