# IN THE UNITED STATE DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JITENDRA JAIN,
MANISH ARORA,
SCARIYA KUMARAMANGALAM,
HARSH DATTA, BALVANT ARORA,
as individuals, and derivatively on behalf
of NEXGEN MEMANTINE INC.,
    Plaintiffs,

vs.                                         Case No.: 8:20-cv-02263-VMC-JSS

NEXGEN MEMANTINE INC.,
SUREN AJJARAPU, ANNAPURNA
GUNDLAPALLI, GAJAN MAHENDIRAN,
NEXGEN LIFESCIENCES LLC, TRXADE
GROUP, INC., and G&S COAL TRADERS, LLC,
    Defendants
_____/

SUREN AJJARAPU, ANNAPURNA
GUNDLAPALLI, NEXGEN MEMANTINE,
INC.,
    Defendants/Cross-Claim Plaintiffs/
    Cross Counter-Claim Defendants,

v.

GAJAN MAHENDIRAN,
    Defendant/Cross-Claim Defendant,
_____/

TRXADE GROUP, INC.,
    Defendant/Cross-claim Plaintiff/
    Cross Counter-claim Defendant.

v.

GAJAN MAHENDIRAN,
    Defendant/Cross-Claim Defendant.
_____/

GAJAN MAHENDIRAN,
   Defendant/Cross Counter-Claim
   Plaintiff,

v.

SUREN AJJARAPU, a Florida Resident, and
G&S COAL TRADERS, LLC, a Wyoming Limited
Liability Company,
   Defendants/Cross Counter-Claim
   Defendants.
                /

GAJAN MAHENDIRAN ,
   Defendant/Cross-Claim Defendant/
   Counter-Claim Plaintiff,

v.

TRXADE GROUP, INC.,
   Defendant/Cross Counter-Claim
   Defendant,
                /

## DEFENDANT SUREN AJJARAPU'S
## RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION

  Defendant Suren Ajjarapu's ("Ajjarapu"), through undersigned counsel, and pursuant to Rule 36 of the Federal Rules of Civil Procedure, responds to Plaintiffs' First Requests for Admission as follows:

  Ajjarapu objects to these Requests for Admission because they blatantly disregard the parameters and scope set forth in Federal Rule of Procedure 26(b). Plaintiffs seek admissions to 87 requests, without regard to whether the request or admission sought is relevant to any party's claim or defense. As set forth in Plaintiffs' Second Amended Verified Complaint ("Compl."), only 5 transfers are

alleged to be of import to the case, *see* Compl. at ¶ 82, and yet Plaintiffs seek admissions regarding 84 transfers, 79 of which are not made at issue by the pleadings. Ajjarapu objects to each of the requests that are not directed to the 5 transfers at issue in the operative complaint. The pleadings in this case establish that 1) Plaintiffs invested a total of $425,000.00 in Memantine, 2) Plaintiffs have not lost the investment, but are merely delayed by a breach of contract by an unrelated third party, and 3) the breach of contract is being pursued, so Plaintiffs may be made whole. Plaintiffs' 87 requests for admission are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Put simply, this is not good faith discovery. This is an improper attempt to create leverage by causing litigation fatigue. Subject to and without waiving the foregoing objections, Ajjarapu responds as follows:

1. [redacted]

17. Admit that on May 3, 2016, you initiated an online bank transfer of $500,000.00 from the bank account of Nexgen Memantine, Inc. to the bank account of G&S Coal Traders, LLC.

**Response:**
Admitted that within Ajjarapu's business judgment that is protected by the business judgment rule, Ajjarapu initiated the listed transaction with the knowledge and approval of Defendant Gajan Mahendiran with the belief that the transfer was ultimately for the benefit of Memantine.

18. Admit that on May 3, 2016, you initiated a wire transfer of $250,000.00 from the bank account of G&S Coal Traders, LLC to Gajan Mahendiran.

**Response:**
Admitted that within Ajjarapu's business judgment that is protected by the business judgment rule, Ajjarapu initiated the listed transaction with the knowledge and approval of Defendant Gajan Mahendiran with the belief that the transfer was ultimately for the benefit of Memantine.

19. Admit that on May 3, 2016, you initiated a separate and distinct wire transfer of $250,000.00 from the bank account of G&S Coal Traders, LLC to Gajan Mahendiran.

**Response:**
Admitted that within Ajjarapu's business judgment that is protected by the business judgment rule, Ajjarapu initiated the listed transaction with the knowledge and approval of Defendant Gajan Mahendiran with the belief that the transfer was ultimately for the benefit of Memantine.



25. Admit that on June 23, 2016, you initiated a wire transfer of $250,000.00 from the bank account of G&S Coal Traders, LLC to Gajan Mahendiran.

**Response:**
Admitted that within Ajjarapu's business judgment that is protected by the business judgment rule, Ajjarapu initiated the listed transaction with the knowledge and approval of Defendant Gajan Mahendiran with the belief that the transfer was ultimately for the benefit of Memantine.



14



44.  Admit that on September 28, 2016, you initiated an online bank transfer of $200,000.00 from the bank account of Nexgen Memantine, Inc. to the bank account of Nexgen Lifesciences, LLC.

**Response:**
Admitted that within Ajjarapu's business judgment that is protected by the business judgment rule, Ajjarapu initiated the listed transaction with the knowledge and approval of Defendant Gajan Mahendiran with the belief that the transfer was ultimately for the benefit of Memantine.

45.  Admit that on September 28, 2016, you initiated an online bank transfer of $200,000.00 from the bank account of Nexgen Lifesciences, LLC to the bank account of G&S Coal Traders, LLC.

**Response:**
Admitted that within Ajjarapu's business judgment that is protected by the business judgment rule, Ajjarapu initiated the listed transaction with the knowledge and

24

approval of Defendant Gajan Mahendiran with the belief that the transfer was ultimately for the benefit of Memantine.

46.  Admit that on September 28, 2016, you initiated a wire transfer of $200,000.00 from the bank account of G&S Coal Traders, LLC to Gajan Mahendiran.

**Response:**
Admitted that within Ajjarapu's business judgment that is protected by the business judgment rule, Ajjarapu initiated the listed transaction with the knowledge and approval of Defendant Gajan Mahendiran with the belief that the transfer was ultimately for the benefit of Memantine.



25



59. Admit that on December 20, 2016, you initiated an online bank transfer of $100,000.00 from the bank account of Nexgen Memantine, Inc. to the bank account of Nexgen Lifesciences, LLC.

**Response:**
Admitted that within Ajjarapu's business judgment that is protected by the business judgment rule, Ajjarapu initiated the listed transaction with the knowledge and approval of Defendant Gajan Mahendiran with the belief that the transfer was ultimately for the benefit of Memantine.

60. Admit that on December 20, 2016, you initiated an online bank transfer of $100,000.00 from the bank account of Nexgen Lifesciences, LLC to the bank account of G&S Coal Traders, LLC.

**Response:**
Admitted that within Ajjarapu's business judgment that is protected by the business judgment rule, Ajjarapu initiated the listed transaction with the knowledge and approval of Defendant Gajan Mahendiran with the belief that the transfer was ultimately for the benefit of Memantine.

61. Admit that on December 20, 2016, you initiated a wire transfer of $100,000.00 from the bank account of G&S Coal Traders, LLC to Gajan Mahendiran.

**Response:**
Admitted that within Ajjarapu's business judgment that is protected by the business judgment rule, Ajjarapu initiated the listed transaction with the knowledge and approval of Defendant Gajan Mahendiran with the belief that the transfer was ultimately for the benefit of Memantine.





Dated: September 10, 2021.

Respectfully submitted,

*/s/ Paul Thanasides*
Paul Thanasides

                Florida Bar No. 103039
                paul@mcintyrefirm.com
                clservice@mcintyrefirm.com
                Christa Queen-Sutherland
                Florida Bar No.: 0091204
                christa@mcintyrefirm.com
                complexlit@mcintyrefirm.com
                Garrett S. Severson
                Florida Bar No.: 108259
                garrett@mcintyrefirm.com
                McIntyre Thanasides Bringgold Elliott
                   Grimaldi Guito & Matthews, P.A.
                500 E. Kennedy Blvd., Suite 200
                Tampa, FL 33602
                Telephone: 813.223.0000
                Facsimile:  813.225.1221
                ***Attorneys for Defendants Suren Ajjarapu,***
                ***Annapurna Gundlapalli, and Trxade, Inc.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 10, 2021, a true and correct copy of the foregoing document was served via email to:

Joseph F. Southron
joe@fourriverslaw.com
eservice@fourriverslaw.com
Four Rivers Law Firm
400 N. Ashley Drive, Suite 1900
Tampa, Florida 33602
Telephone: 813.773.5105
Facsimile: 813.773.5103
***Attorney for Plaintiffs***

Kenneth G.M. Mather, Esq.
kmather@gunster.com
tkennedy@gunster.com
Daniel P. Dietrich, Esq.
ddietrich@gunster.com

eservice@gunster.com
Gunster, Yoakley & Stewart, P.A.
401 E. Jackson Street, Suite 1500
Tampa, FL 33602
Telephone: 813.222.6630;
Facsimile: 813.228.6739
***Attorneys for Gajan Mahendiran***

Jason H. Baruch, Esq.
Jason.baruch@hklaw.com
Holland & Knight LLP
100 N. Tampa Street, Suite 4100
Tampa, Florida 33602
Telephone: 813.227.8000
Facsimile: 813.227.0134
***Attorney for G&S Coal Traders, LLC***

Robert V. Williams
rwilliams@burr.com
Burr & Forman, LLP
201 N Franklin St Ste 3200
Tampa, FL 33602
Telephone: 813.221.2626
Facsimile: 813.221.7335
***Attorney for Nexgen Life Sciences LLC***

                        */s/ Paul Thanasides*
                        Attorney