UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JITENDRA JAIN, MANISH ARORA,
HARSH DATTA, BALVANT ARORA
and SCARIYA
KUMARAMANGALAM,

    Plaintiffs,

v.                                      Case No: 8:20-cv-2263-VMC-JSS

NEXGEN MEMANTINE, INC.,
SUREN AJJARAPU, GAJAN
MAHENDIRAN, NEXGEN LIFE
SCIENCES LLC, G&S COAL
TRADERS, LLC, TRXADE GROUP,
INC. and G&S COAL TRADERS
LLC,

    Defendants.
_____/

## ORDER SETTING EVIDENTIARY HEARING

THIS MATTER is before the Court on Defendants Ajjarapu and Nexgen Memantine, Inc.'s Motion for Protective Order (Dkt. 189) and Plaintiffs' Motion to Compel Defendant Nexgen Memantine, Inc.'s Production of Documents (Dkt. 193) (collectively, "the Motions"). Both Motions relate to Defendants Ajjarapu and Nexgen Memantine, Inc.'s contention that certain materials requested by Plaintiffs are protected by the attorney-client privilege and shall not be disclosed. On December 21, 2021, the Court conducted a hearing on the Motions. (Dkt. 204.) However, as it

became apparent at the hearing, certain facts pertinent to resolving the Motions remain in dispute. As such, the Court finds that an evidentiary hearing is required.

District courts enjoy broad discretion in deciding how best to manage the cases before them, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997), which includes the discretion to resolve discovery matters. *Lee v. Etowah Cty. Bd. of Educ.*, 963 F.2d 1416, 1420 (11th Cir. 1992). As part of this discretion, courts may conduct an evidentiary hearing when factual disputes arise and the written record contains an inadequate basis for the court to resolve such factual disputes. *Alan v. Paxson Commc'ns Corp.*, 239 F. App'x 475, 479 (11th Cir. 2007); *CBS Broad., Inc. v. EchoStar Commc'ns Corp.*, 265 F.3d 1193, 1207 (11th Cir. 2001) (finding that "[i]n the face of two plausible interpretations of evidence submitted to demonstrate a contested issue, the district court is not at liberty to accept one construction of the evidence and reject the other without the benefit of an evidentiary hearing"); *see also MCC Mgmt. of Naples, Inc. v. Arnold & Porter, LLP*, No. 2:07-cv-387-FtM-29SPC, 2008 WL 4642835, at *3 (M.D. Fla. Oct. 20 2008) (finding an evidentiary hearing necessary where "the record was not sufficiently developed, in the papers submitted to the magistrate judge, to determine that the attorney-client privilege existed").

Here, the Motions present a factual dispute regarding Defendants Ajjarapu and Nexgen Memantine, Inc.'s assertion of the attorney-client privilege for which the written record does not resolve. The parties dispute who retained attorney Dean Kent to investigate monetary transfers made from Defendant Nexgen Memantine, Inc.'s

account and who Mr. Kent represented while conducting the investigation. *Compare* (Dkt. 189 at 6–7 ("Plaintiffs know that attorney Kent was hired by Memantine for the limited purpose of investigating the Transfers of funds from Memantine's accounts.")); *with* (Dkt. 196 at 6 ("Plaintiff Investors again assert it is unclear who hired Attorney Kent with the requisite authority on behalf of Defendant Memantine. . . . Attorney Kent represented the shareholders first, and Nexgen Memantine second- if at all.")). An evidentiary hearing is required to determine the matters at issue in the Motions concerning Defendants Ajjarapu and Nexgen Memantine, Inc.'s assertion of the attorney client privilege.

Accordingly, it is **ORDERED:**

1. The Court will hold an evidentiary hearing on Defendants Ajjarapu and Nexgen Memantine, Inc.'s Motion for Protective Order (Dkt. 189) and Plaintiffs' Motion to Compel Defendant Nexgen Memantine, Inc.'s Production of Documents (Dkt. 193).

2. The evidentiary hearing will be scheduled by separate notice and conducted via Zoom videoconferencing, unless otherwise requested by the parties.

**DONE** and **ORDERED** in Tampa, Florida, on January 20, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record