# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JITENDRA JAIN,
MANISH ARORA,
SCARIYA KUMARAMANGALAM,
HARSH DATTA, and
BALVANT ARORA, as individuals, and derivatively
on behalf of NEXGEN MEMANTINE INC.

   Plaintiffs,

v.

NEXGEN MEMANTINE INC.,
SUREN AJJARAPU,
ANNAPURNA GUNDLAPALLI,
GAJAN MAHENDIRAN,
NEXGEN LIFESCIENCES LLC,
TRXADE GROUP, INC., and
G&S COAL TRADERS, LLC

   Defendants.
_____/

Case No.: 8:20-cv-2263-T-33JSS

Derivative Action

## PLAINTIFFS' MOTION TO COMPEL PRODUCTION AND RESPONSES TO INTERROGATORIES BY DEFENDANT GAJAN MAHENDIRAN, AND MEMORANDUM OF LAW

  Plaintiffs, Jitendra Jain, Manish Arora, Scariya Kumaramangalam, Harsh Datta, and Balvant Arora (collectively, the "Plaintiff Investors"), by and through undersigned counsel and pursuant to Rule 37, file this Motion to Compel and request this Court enter an order compelling Defendant, Gajan Mahendiran ("Defendant Mahendiran"), to respond fully to Plaintiffs' Amended Second

1

Request for Production of Documents as served on December 21, 2021 and Plaintiffs' Amended Fourth Set of Interrogatories as served on December 21, 2021.

## STATEMENT OF RELEVANT FACTS

1. On December 21, 2021, Plaintiff Investors served upon Defendant Mahendiran their Amended Second Request for Production of Documents, a copy of which is attached hereto as **Exhibit A**.

2. Plaintiffs Investors' Amended Second Request for Production included twenty-six (26) requests for documents to be produced.

3. Defendant Mahendiran served his responses to Plaintiff Investors' Amended Second Request for Production on January 20, 2022, a copy of which is attached hereto as **Exhibit B.**

4. Defendant Mahendiran failed to adequately respond to the requests identified in this Motion, *infra*, either (1) using boilerplate objections followed by promises to produce, or (2) failing to produce any documents responsive to the requests or identify when such documents would be produced - or whether they would be produced at all.

5. As of the date of this filing, Defendant Mahendiran has failed to produce any documents responsive to the requests within the Amended Second Request for Production. Plaintiff Investors are unable to determine whether such responsive documents exist at all for the responses specifically identified in this Motion, *infra*.

6. On December 21, 2021, Plaintiff Investors also served upon Defendant Mahendiran their Amended Fourth Set of Interrogatories, a copy of which is attached hereto as **Exhibit C.**

7. Plaintiff Investors' Amended Fourth Set of Interrogatories included nine (9) interrogatories.

8. Defendant Mahendiran served his responses to Plaintiff Investors' Amended Fourth Set of Interrogatories on January 20, 2022, a copy of which is attached hereto as **Exhibit D.**

9. Defendant Mahendiran failed to adequately respond to the interrogatories identified in this Motion, *infra*, by failing to provide the information specifically requested.

10. As Defendant Mahendiran has failed to produce documents and respond to interrogatories, the Court should require him to pay the reasonable expenses and attorney's fees incurred by Plaintiff Investors in bringing this motion.

11. Plaintiff Investors have made a good faith attempt to obtain this discovery without court action.

12. Defendant Mahendiran has no substantial justification for failing to produce these documents or respond to these interrogatories.

WHEREFORE, Plaintiffs, Jitendra Jain, Manish Arora, Scariya Kumaramangalam, Harsh Datta, and Balvant Arora, respectfully request that this Court enter an order compelling Defendant, Gajan Mahendiran, to fully respond

to Plaintiffs' Amended Second Request for Production and Plaintiffs' Amended Fourth Set of Interrogatories, and to produce all such requested documents and information, and ordering him to pay Plaintiffs' reasonable expenses and attorney's fees.

## MEMORANDUM OF LAW

## STANDARD OF REVIEW

Courts have consistently held that the scope of discovery under the Federal Rules of Civil Procedure is broad. Parties may obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). This phrase has been construed broadly to encompass any matter that bears on, or could reasonably bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

A party seeking discovery may move for an order compelling production if a party fails to produce documents as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Likewise, a party seeking discovery may move for an order compelling production if a party fails to answer an interrogatory submitted under Rule 33. *Id.* at (a)(3)(B)(iii). A district court has discretion over a motion to compel discovery. *See, e.g., Holloman v. Mail-Well Corp.*, 443 F.3d 832 (11th Cir. 2006) ("a district court is allowed a 'range of choices' in such matters"). "A district court may deny a motion to compel [ ] discovery if it concludes that the questions are irrelevant." *Commercial Union Ins. Co. v. Westrope*, 730 F.ed 729, 733 (11th Cir.

1984). The party resisting discovery bears the burden of establishing a lack of relevancy or undue burden in supplying the requested documents or information. *Gober v. City of Leesburg,* 197 F.R.D. 519, 521 (M.D. Fla. 2000).

If a motion to compel is granted, the court must, after giving opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P., 37(a)(5)(A).

## ARGUMENT

### Defendant Mahendiran Has Failed to Produce Documents or Make Satisfactory Objections, and Therefore Must Be Compelled to Produce Documents Responsive to Plaintiffs' Amended Second Request for Production

Since the Federal Rules of Civil Procedure were amended on December 1, 2015, Rule 34 has required a party objecting to requests for production to: (1) "state with specificity the grounds for objecting to the request, including reasons;" (2) "state whether any responsive materials are being withheld on the basis of that objection;" and (3) "[a]n objection to part of the request must specify the part and permit inspection of the rest." *Polycarpe v. Seterus, Inc.,* Case No. 6:16-cv-Orl-37TBS, 2017 WL 2257571 at *1 (M.D. Fla. May 23, 2017). These rules "leave no place for so-called 'General Objections' to interrogatories or requests for production except in those rare cases where the same objection specifically applies to every interrogatory or request." *Id.*

In addition, Courts routinely reject boilerplate objections. *Id.* at *2; *see also, e.g., Martin v. Zale Delaware, Inc.*, Case No. 808-CV-47-T-27EAJ, 2008 WL 5255555, at *2 (M.D. Fla. Dec. 15, 2008) (noting that "non-specific objections are improper"); *Riviera v. 2k Clevelander, LLC,* Case No. 16-21437-Civ, 2017 WL 5496158, at *4 (S.D. Fla. Feb. 22, 2017) ("The law in the Eleventh Circuit makes clear that boilerplate discovery objections are tantamount to no objections being raised at all and may constitute waiver of the discovery being sought"). More specifically, the Middle District of Florida has previously articulated the following boilerplate objections:

> Disappointingly, attorneys who are supposed to know better continue to preface their discovery objections with boilerplate, general objections. Defendant's counsel falls into this category. Defendant's discovery responses begin with six nonspecific "General Objections" which serve no purpose other than to waste the reader's time. Now, all of Defendant's "General Objections" are overruled.

*Polycarpe*, 2017 WL 2257571 at *2. Defendant Mahendiran's response to Plaintiff Investors' Amended Second Request for Production contains such "General Objections," and these objections should be deemed ineffective. *See* Exhibit B.

Courts also disfavor a common practice of asserting boilerplate objections to individual requests, followed by a promise to produce the requested documents "subject to and without waiving the foregoing objections." The Middle District of Florida has consistently found that "such practice leaves the requesting party uncertain as to whether the question has actually been fully answered, or only a portion has been answered." Civil Discovery Standards, 2004 A.B.A. Sec. Lit. 18;

*see also Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008); *Mayan v. Mayan*, Case No. 6:15-cv-2183-Orl-18TBS, 2017 WL 1426631, at *3 (M.D. Fla. Apr. 21, 2017) ("Courts, including this one, have explained that producing documents "notwithstanding" objections "preserves nothing and wastes the time and resources of the parties and the court"); *Zale Delaware, Inc.*, 2008 WL 5255555 at *2 ("Such an objection preserves nothing and wastes the time and resources of the parties and the court").

Here, Defendant Mahendiran has engaged in the exact practices disfavored by this Court. In addition to the "General Objections" at the beginning of his response, Defendant Mahendiran responds to nineteen (19) of Plaintiff Investors' twenty-six (26) requests for production with boilerplate objections that the requests are "overbroad and unduly burdensome". *See* Exhibit B. These objections proceed the following language:

> In accordance with the foregoing objections, Defendant will produce non-privileged documents within his possession, custody, or control that Defendant has determined in good faith are responsive to this request as they relate to the claims or defense.

Exhibit B, Responses No. 1-2, 5-6, 9-10, 13-18, 20, 22-23, and 25-26. These objections and responses make it impossible for Plaintiff Investors to determine specifically what information will be produced, withheld, or is simply not in Defendant Mahendiran's possession. At this time, Defendant Mahendiran has failed to produce any document responsive to the requests for production listed herein, *infra*, and has likewise failed to indicate whether such documents exist, are

in his possession, or when such documents will be produced, if at all. Defendant Mahendiran's discovery responses have prejudiced Plaintiff Investors and their ability to build their case, delaying discovery and the ongoing litigation.

### Defendant Mahendiran Should Be Compelled to Produce All Documents Responsive to Requests For Production No. 9 and 10

Requests No. 9 and 10 seek production of all emails and text messages between Defendant Mahendiran and co-defendant Suren Ajjarapu from 2014 through present. *See* Exhibit A. Defendant Mahendiran objected to both requests with the following boilerplate language:

> Defendant objects to this request as overbroad and unduly burdensome as it seeks "any and all" communications and is not limited to any specific communications or to the issues of this matter. In accordance with the foregoing objections, Defendant will produce non-privileged documents within his possession, custody, or control that Defendant has determined in good faith are responsive to this request as they relate to the claims or defense.

*See* Exhibit B, Responses No. 9-10. As discussed above, these responses are not only lacking in specificity (*see Zale Delaware, Inc.*, 2008 WL 5255555 at *2), but wastes the time of both the Plaintiff Investors and this Court. *See, e.g., Mayan*, 2017 WL 1426631, at *3. Defendant Mahendiran has not made any specific objection to these requests, and should therefore be found to have made no objections at all. *2k Clevelander, LLC,* 2017 WL 5496158, at *4 ("The law in the Eleventh Circuit makes clear that boilerplate discovery objections are tantamount to no objections being raised at all and may constitute waiver of the discovery being sought"). Despite claiming to produce responsive documents "notwithstanding"

8

his objections, Defendant Mahendiran failed to produce a single communication between himself and Defendant Ajjarapu in response to these requests. Defendant Mahendiran has not made Plaintiff Investors aware of any specific objections to the content of these communications or specific privileges that may apply, and he should be compelled to produce these documents and amend his inadequate responses. These communications and documents are even more necessary given Defendant Mahendiran's claims that all information he distributed or shared with Plaintiff Investors regarding Nexgen Memantine was communicated to him by Defendant Ajjarapu. *See, e.g.*, Exhibit D, Answers No. 4-9.

### Defendant Mahendiran Should Be Compelled to Fully Respond to Requests for Production No. 1-2, 5, 6, 13-18, 20, 23, 25-26

In their first request for production, Plaintiff Investors sought, among other things, the following documents:

> Request No.1: All documents and communications relating to any investment in Trxade Group, Inc. from 2014 through present.
>
> Request No. 2: All documents and communications relating to any loan made to Trxade Group, Inc. from 2014 through present.
>
> Request No. 5: All documents and communications relating to any investment in Westminster Pharmaceuticals, LLC from 2014 through present.
>
> Request No. 6: All documents and communications relating to any loan made to Westminster Pharmaceuticals, LLC from 2014 through present.
>
> Request No. 13: All communications between you and Pritesh Patel from July 2014 to present.

Request No. 14: All communications between you and Prashnat Patel from July 2014 to present.

Request No. 15: All communications between you and Vijay Patel from July 2014 to present.

Request No. 16: All communications between you and Sanjay Navidia from July 2014 to present.

Request No. 17: All communications between you and Chriag Patel from July 2014 to present.

Request No. 18: All communications between you and Annapurna Gundlapalli from November 30, 2015 to present.

Request No. 20: All communications between you and Binoy Jani relating to G&S Coal Traders LLC, Westminster Pharmaceuticals, LLC, Nexgen LifeSciences, LLC, or Nexgen Memantine, Inc., from July 2014 to present.

Request No. 23: Please provide all documents and communications sent to, exchanged with, or received from the Food and Drug Administration related to memantine or Nexgen Memantine, Inc.

Request No. 25: Please provide copies of all documents and communications sent to, exchanged with, or received from the Food and Drug Administration relating to the API facility based out of India, as described in your October 28, 2016 email to Harsh Datta and Manish Arora.

Request No. 26: Please provide copies of all documents and communications sent to, exchanged with, or received from the Food and Drug Administration relating to the "finished dose facility" as described in your October 28, 2016 email to Harsh Datta and Manish Arora.

See Exhibit A. Defendant Mahendiran objected that each of these requests were "overbroad and unduly burdensome" as they were "not limited to any specific communications or to the issues in this matter," without providing the necessary

10

specifics to make such objections more than boilerplate. *See* Exhibit B, Responses No. 1-2, 5, 6, 13-18, 20, 23, 25-26. Defendant Mahendiran followed these by then responding that he would produce documents "in accordance with the ongoing objections." *Id.* No documents have been provided thus far to the Plaintiff Investors for these requests, and it is impossible for Plaintiff Investors to currently know whether the requested documents exist, are protected by privilege or other doctrine, are in Defendant Mahendiran's possession, or will ever be produced.

The information and documents sought in each of the foregoing requests are reasonably tailored to the issues of this case, including (a) Defendant Mahendiran's potential use of Plaintiff Investors' and other investors' investments in Nexgen Memantine to make his own personal investment in Trxade Group, Inc., and subsequently in Westminster Pharmaceuticals, LLC; (b) Defendant Mahendiran's potential communications with other investors in Nexgen Memantine, Inc.; (c) Defendant Mahendiran's potential communications with co-defendant Annapurna Gundlapalli, who is also listed as a director and officer of Nexgen Memantine, Inc. during the time period relevant to this case; and (d) documents and communications pertaining to representations of material facts that Defendant Mahendiran personally made to the Plaintiff Investors while soliciting investments in Nexgen Memantine, Inc. and representations made after he had personally received money from Nexgen Memantine, Inc.

Furthermore, the documents and information sought in the foregoing requests are reasonably expected to lead to admissible or other discoverable

11

evidence. The communications requested via the above requests are between parties to the case, and will show the truth or falsity of the Defendants' alleged material misrepresentations, scienter of the defendants when making them, and further assist in determining the use of the Plaintiff Investors' funds. For e.g., in Nexgen Memantine's corporate rep deposition, Defendant Ajjarapu testified that Defendant Mahendiran requested Defendant Nexgen Memantine "loan" him the Plaintiff Investors' funds so he could put those funds to use by making further loans/payments to Nexgen Life Sciences LLC and Defendant Trxade Group Inc., for the purpose of procuring a different drug molecule (not the memantine molecule) called Crestor, a generic rosuvastatin drug.  Defendant Ajjarapu testified he agreed to make this loan to Defendant Mahendiran, and did make the loan, for the purpose of "protecting the investor funds." (transcript requested)

However, Defendant Mahedniran took the money and no one has ever seen it again. Plaintiff Investors' forensic accounting report has traced the funds directly out of Nexgen Memantine, Inc., through two intermediary accounts controlled by Defendant Ajjarapu and Mahendiran, and into a personal Well Fargo account owned by Defendant Mahendiran, who now refuses to reveal records of account so the tracing of funds can continue, or produce any documents with the parties involved in the transactions.

**Defendant Mahendiran Should Be Compelled to Produce All Documents Responsive to Requests No. 19, 21, and 22**

12

Request No. 19 seeks financial statements of Westminster Pharmaceuticals, LLC from January 1, 2017 to present. *See* Exhibit A. Plaintiff Investors also stipulated in that Request to execute a confidentiality agreement. *Id.* Defendant Mahendiran objected to the request, claiming that the information was not relevant to the current case, that no confidentiality agreement had yet been proposed or provided to him, and because Westminster Pharmaceuticals, LLC is not a party to the proceedings. *See* Exhibit B, Response No. 19. Westminster Pharmaceuticals, LLC is a former subsidiary of Trxade Group, Inc., and was received by Defendant Mahendiran from Trxade Group, Inc. in exchange for forgiveness of a "loan" made by Defendant Mahendiran. Plaintiff Investors have alleged that this "loan" was made by Defendant Mahendiran using the funds invested in Nexgen Memantine, Inc. Additionally, it is believed that Westminster Pharmaceuticals received further funding from January 1, 2017 to present that originated from Nexgen Memantine, Inc. Plaintiff Investors are willing to stipulate a confidentiality agreement to receive these documents. Defendant Mahendiran's response is again followed by the same boilerplate statement that he will produce non-privileged documents within his possession "in accordance with the foregoing objections". *Id.*

Request No. 21 seeks bank statements for Defendant Mahendiran's owned bank accounts, as identified in Interrogatory No. 3 of Plaintiff Investors' Amended Fourth Set of Interrogatories, *infra*, from January 2015 through present. *See* Exhibit A. Defendant Mahendiran objected to this request as being "overbroad and

13

unduly burdensome" as it "seeks information on joint bank accounts of a person not subject to this litigation and is unnecessarily intrusive, invasive, and unduly burdensome." *See* Exhibit B, Response No. 21. At the very crux of this case is Defendant Mahendiran's personal receipt of funds invested into Nexgen Memantine, Inc. by Plaintiff Investors and other investors. The bank statements of this account, and other accounts owned by Defendant Mahendiran, are certainly relevant to the issues of this case and are discoverable. Defendant Mahendiran's objection lacks any merit, and is an obvious attempt to delay discovery and this litigation.

Furthermore, the bank account information sought in the foregoing requests is reasonably expected to be relevant and admissible at trial. The bank records requested via the above requests will show the truth or falsity of the Defendants' alleged material misrepresentations, scienter of the defendants when making them, and further assist in determining the use of the Plaintiff Investors' funds. For e.g., in Nexgen Memantine's corporate rep deposition, Defendant Ajjarapu testified that Defendant Mahendiran requested Defendant Nexgen Memantine "loan" him the Plaintiff Investors' funds so he could put those funds to use by making further loans/payments to Nexgen Life Sciences LLC and Defendant Trxade Group Inc., for the purpose of procuring a different drug molecule (not the memantine molecule) called Crestor, a generic rosuvastatin drug. Defendant Ajjarapu testified he agreed to make this loan to Defendant Mahendiran, and did

make the loan, for the purpose of "protecting the investor funds." (transcript requested).

However, Defendant Mahedniran took the money and no one has ever seen it again. Plaintiff Investors' forensic accounting report has traced the funds directly out of Nexgen Memantine, Inc., through two intermediary accounts controlled by Defendant Ajjarapu and Mahendiran, and into a personal Well Fargo account owned by Defendant Mahendiran, who now refuses to reveal records of account so the tracing of funds can continue, or produce any documents with the parties involved in the transactions.

Request No. 22 seeks exemplar samples of Defendant Mahendiran's handwriting and signature, being original and dated as close to January 13, 2016 and February 20, 2016 as possible. *See* Exhibit A. These are the dates on which Defendant Mahendiran executed the Subscription Agreements with the Plaintiff Investors, and the issue of Defendant Mahendiran's handwriting is not only relevant, but pertinent to potential defenses available to him. Defendant Mahendiran's response is again followed by the same boilerplate statement that he will produce non-privileged documents within his possession "in accordance with the foregoing objections". *See* Exhibit B, Response No. 22..

### Defendant Mahendiran Should Be Compelled to Produce All Documents Responsive to Requests Not Specifically Objected To

Defendant Mahendiran made no objections to producing the documents described in Requests 3, 4, 7, 8, 11, and 12, although he did assert that the

15

documents may be potentially duplicative. *See* Exhibit B. Regardless, Defendant Mahendiran responded that he would produce the requested documents, but at this time has made no such production. These responses should therefore also be considered inadequate under Fed. R. Civ. P. 37(a)(3)(B)(iv).

### Defendant Mahendiran Has Failed to Adequately Respond to Plaintiff Investors' Amended Fourth Set of Interrogatories

Defendant Mahendiran's responses to Plaintiff Investors' Amended Fourth Set of Interrogatories is insufficient as a matter of law. Rule 33 requires that "[e]ach interrogatory must . . . be answered separately and fully in writing *under oath*." Fed. R. Civ. P. 33(b)(3) (emphasis added). Despite this requirement, Defendant Mahendiran served upon Plaintiff Investors unverified responses to their interrogatories. "The purpose of verifying interrogatory responses is to have the party attest to the truth of the responses." *Knights Armament Co. v. Optical Systems Technology, Inc.*, 254 F.R.D. 463, 467 (M.D. Fla. 2008). When unverified interrogatory responses have been served, it is appropriate to compel verified responses. *See, e.g., Hutchinson v. I.C. System, Inc.*, Case No. 3:09-cv-24-J-25MCR, 2010 WL 556759, at *2 (M.D. Fla. Feb. 11, 2010) (directing the responding party to serve verified interrogatory responses in accordance with Rule 33(b)(3)).

### Defendant Mahendiran Should Be Compelled to Adequately Respond to Interrogatory No. 3

Interrogatory No. 3 requested a list of "all personal bank accounts owned by [Defendant Mahendiran] from 2014 to present, including the name and address of

16

each bank at which you own an account, the account number, and the date the account was created." *See* Exhibit A. Defendant Mahendiran's answer was simply "Wells Fargo." *See* Exhibit B, Answer No. 3. Defendant Mahendiran's response is wholly and apparently inadequate under Rule 33(b)(3), which requires full responses. Defendant Mahendiran made no objections to Interrogatory No. 3 - he simply refused to answer it completely, despite having access to the requested information. "The answers to interrogatories must be responsive, full, complete, and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control." *Essex Builders Grp., Inc. v. Amerisure Ins. Co.,* 230 F.R.D. 682, 685 (M.D. Fla. 2005)*; see also Mayfair House Association, Inc. v. QBE Insurance Corp.*, Case No. 09-80359-Civ-Hurley/Hopkins, 2010 WL 11505162, at *4 (S.D. Fla. April 23, 2010) (finding that an interrogatory response was insufficient where the responding party failed to answer the interrogatory in the specific manner requested). Therefore, he should be compelled to provide all of the information requested by the interrogatory, and any objections he may have been able to make should be deemed waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

## Local Rule 3.01(g) Certificate

Counsel for Plaintiff Investors and Defendant Mahendiran met and conferred by telephone conference on the relief sought in this motion on Monday, January 24th. The parties were not able to agree on the relief sought by this

17

motion. Defendant Mahendiran's counsel said some documents would be produced by Wednesday, January 26th, however as of this filing, no documents have been produced. If any documents are produced that moot any issues raised in this motion, counsel for Plaintiffs will notify the Court of which issues have been resolved between the parties.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an order compelling Defendant, Gajan Mahendiran, to fully respond to Plaintiffs' Amended Second Request for Production and Plaintiffs' Amended Fourth Set of Interrogatories, and to produce all such requested documents and information, and, upon a later opportunity to be heard, require Defendant Mahendiran, his counsel, or both to pay Plaintiffs' reasonable expenses incurred in making the motion, including attorney's fees pursuant to Rule 37(a)(5), and any further relief as this Court deems fair and just.

Dated: January 27, 2022.      Respectfully submitted,

/s/ Joseph F. Southron
Joseph F. Southron, Esq.
Florida Bar No. 122109
Nicholas T. Lumley, Esq.
Florida Bar No. 1022390
Counsel for Plaintiffs
**FOUR RIVERS LAW FIRM**
400 N. Ashley Drive, Suite 1720
Tampa, Florida 33602
Tel. (813) 773-5105
Fax (813) 773-5103
joe@fourriverslaw.com
nick@fourriverslaw.com
eservice@fourriverslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify on January 27, 2022, a true and correct copy of the forgoing was filed with the Court via CM/ECF system.

/s/ Joseph Southron
Joseph F. Southron
Florida Bar No.: 122109
