UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JITENDRA JAIN, MANISH ARORA,
HARSH DATTA, BALVANT ARORA
and SCARIYA
KUMARAMANGALAM,

    Plaintiffs,

v.                                          Case No: 8:20-cv-2263-VMC-JSS

NEXGEN MEMANTINE, INC.,
SUREN AJJARAPU, GAJAN
MAHENDIRAN, NEXGEN LIFE
SCIENCES LLC, G&S COAL
TRADERS, LLC, TRXADE GROUP,
INC. and G&S COAL TRADERS
LLC,

    Defendants.
_____/

**ORDER**

THIS MATTER is before the Court on Plaintiffs' Time Sensitive Motion to Compel Deposition (Dkt. 213) and non-party Nexgen Lifesciences, LLC's response (Dkt. 218); Plaintiffs' Motion to Compel Production and Responses to Interrogatories (Dkt. 219) and Defendant Mahendiran's response (Dkt. 239); the Unopposed Time-Sensitive Joint Motion to Approve Settlement Agreement (Dkt. 227); and the Time-Sensitive Joint Motion to Approve Settlement Agreement (Dkt. 229) (collectively, the "Motions"). On February 18, 2022, the court held a hearing on the Motions. Upon consideration and for the reasons stated during the hearing, it is **ORDERED**:

1. Plaintiffs' Time Sensitive Motion to Compel Deposition (Dkt. 213) is **GRANTED** to the extent that Nexgen Lifesciences shall designate one or more corporate representatives to appear for a deposition. Fed. R. Civ. P. 30(b)(6). The parties shall meet and confer to select a date and time that is mutually agreeable.

2. Plaintiffs' request for reasonable expenses is **DENIED**.

3. Plaintiffs' Motion to Compel Production and Responses to Interrogatories (Dkt. 219) is **GRANTED in part** and **DENIED in part**.

    a. With respect to Request for Production No. 10, Plaintiffs' Motion is granted to the extent that Defendant Mahendiran asserts that he will supplement his response. In the supplement, Defendant Mahendiran shall produce responsive documents in its possession, custody, or control or indicate that such documents do not exist.

    b. With respect to Request for Production No. 21, which seeks Defendant Mahendiran's personal bank statements for his "owned bank accounts," Plaintiffs' Motion is denied as the request is overbroad and not proportional to the needs of the case. *See McArdle v. City of Ocala, FL*, 451 F. Supp. 3d 1304, 1308 (M.D. Fla. 2020) ("Relevancy and proportionality are the guiding principles: 'Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'") (quoting Fed. R. Civ. P. 26(b)(1)); *Gonzalez v. GEICO Gen. Ins. Co.*, No. 8:15-cv-240-T-

30TBM, 2016 WL 7734076, at * 2 (M.D. Fla. Apr. 15, 2016) ("Although the federal rules generally allow for liberal discovery in civil matters, such is not unbounded. The Court must consider proportionality to the needs of the case."). Notwithstanding, Plaintiffs may serve an amended request on or before February 25, 2022, that is narrowly tailored in time and scope to the claims and defenses in this action. The parties shall meet and confer regarding the amended request.

c. With respect to the remaining requests, Plaintiffs' Motion is denied as moot as the parties assert that the discovery has been provided.

4. With respect to the Unopposed Time-Sensitive Joint Motion to Approve Settlement Agreement (Dkt. 227) and the Time-Sensitive Joint Motion to Approve Settlement Agreement (Dkt. 229), Plaintiffs are directed to amend their proposed consent judgment for the reasons discussed at the hearing. Plaintiffs shall file a notice of filing with the amended proposed consent judgment.

**DONE** and **ORDERED** in Tampa, Florida, on February 22, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record