UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JITENDRA JAIN,
MANISH ARORA,
SCARIYA KUMARAMANGALAM,
HARSH DATTA, and
BALVANT ARORA,

     Plaintiffs,

v.

NEXGEN MEMANTINE INC.,
SUREN AJJARAPU,
ANNAPURNA GUNDLAPALLI,
GAJAN MAHENDIRAN, and
TRXADE GROUP, INC.,

     Defendants.
_____/

Case No. 8:20-cv-2263-T 33JSS

## MOTION TO SUBSTITUTE REAL PARTY IN INTEREST UNDER RULE 21 AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, Jitendra Jain, Manish Arora, Scariya Kumaramangalam, Harsh Datta, and Balvant Arora (collectively, the "Plaintiff Investors"), by and through undersigned counsel and pursuant to Rule 21, file this Motion to Substitute Real Party in Interest, and state the following in support:

1.    Since the beginning of this case, Plaintiff Balvant Arora has not been in possession of a copy of the Subscription Agreement executed by himself and Defendant Gajan Mahendiran ("Defendant Mahendiran"). *See, e.g.*, Pl.'s 2d Am. Compl. (Doc. 165); Balvant Arora Aff., ¶¶ 11-13.

1

2. The deadline for discovery in this case was on January 31, 2022. *See* Ad. Case Management Scheduling Order (Doc. 187).

3. On April 11, 2022, it came to light that the Subscription Agreement executed by Plaintiff Balvant Arora (the "Balvant Arora Subscription Agreement") existed and was in the possession of Defendant Mahendiran. A true and correct copy of this agreement is attached as **Exhibit A.**

4. Plaintiff Investors received the Balvant Arora Subscription Agreement on April 11, 2022. A true and correct copy of the email is attached hereto as **Exhibit B.**

5. Plaintiff Investors thereafter reviewed the Balvant Arora Subscription Agreement for the first time.

6. The Balvant Arora Subscription Agreement has brought to the Plaintiff Investors' attention that, while Plaintiff Balvant Arora did execute the agreement, he did so on behalf of Krikam Investments LLC. *See* Exhibit A..

7. Krikam Investments LLC is Plaintiff Balvant Arora's self-directed Individual Retirement Account ("IRA"). Balvant Arora Aff., ¶¶ 14-16.

8. Plaintiff Balvant Arora exercises sole control over his self-directed IRA. *Id.*

9. Plaintiff Balvant Arora is the real party in interest for the claims set forth in the Second Amended Complaint (Doc. 165).

10. Defendant Mahendiran and the remaining Defendants have waived their ability to challenge Plaintiff Balvant Arora as the real party in interest. *Ocwen Loan Servicing, LLC v. Accredited Home Lenders, Inc.*, No. 6:08-cv-214-Orl-31GJK, 2009 WL 722406 (M.D. Fla. Mar. 18, 2009).

11. Even if Plaintiff Balvant Arora, as an individual, is not the real party in interest, Plaintiff Investors should be afforded an opportunity to substitute him with "Balvant Arora, on behalf of Krikam Investments LLC". Fed. R. Civ. P. 17(a)(3).

12. Furthermore, in an effort to correct the record, Plaintiff Balcant Arora acknowledges and withdraws the factual errors contained in his affidavit filed on March 7, 2022. Balvant Arora Aff., ¶¶ 5-8 (Doc. 251-9). Plaintiff Balvant Arora did not have a copy of the agreement to review, and attested to his execution of the agreement as an individual in good faith based on his memory of executing it in January 2016 and in review of the other Plaintiff Investors' agreements. *Id.* at ¶¶ 9-10. The remainder of the affidavit, to the best of Plaintiff Balvant Arora's knowledge, are true, correct, and made in good faith.

## MEMORANDUM OF LAW

### APPLICABLE LAW

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). The "real party in interest" is the party who, by substantive law, possesses the right sought to be enforced, and is not necessarily the person who will ultimately benefit from a recovery or remedy. *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-cv-947-J-34HTS, 2009 WL 10671129, at *3 (M.D. Fla. July 24, 2009) (citing *United States v. 936.71 Acres of Land*, 418 F.2d 551, 556 (5th Cir. 1969). The purpose of this rule is "to protect the defendant against a subsequent action by the party actually entitled

to recover, and to insure generally that the judgment will have its proper effect as res judicata." *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1080 (11th Cir. 2013) (quotation omitted). This rule is for the benefit of the defendant and is not jurisdictional, and so it may be deemed waived. *Id.* If a party to an action is not the real party in interest, a court may only dismiss an action for failure to prosecute in the name of the real party in interest once, "after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3).

## ARGUMENT

### Plaintiff Balvant Arora Is The Real Party In Interest

"A real party in interest is 'the party who, by the substantive law, has the right sought to be enforced'." *Symonette v. V.A. Leasing Corp.*, 648 Fed. Appx. 787, 789-90 (11th Cir. 2016) (quoting *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 257 (5th Cir. 1980)).

> All federal actions are required to "be prosecuted in the name of the real party in interest," Fed. R. Civ. P. 17(a), "to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." Rule 17 advisory committee notes (1966).

*Steger* 318 F.3d at 1080. The identity of the real party in interest therefore depends on the circumstances surrounding a claim. Here, Plaintiff Balvant Arora has brought claims against the Defendants which largely arise out of the Defendants' solicitation of *him* to purchase stock in Nexgen Memantine, Inc., *his* decision to execute a Subscription

4

Agreement in reliance on the Defendants' representations, and the misappropriation of *his* assets. *See, e.g.,* Pl.'s 2d Am. Compl., (Doc. 165); Balvant Arora Aff. (Doc. 251-9).

It was initially believed that Plaintiff Balvant Arora had executed a Subscription Agreement as an individual and used his self-directed IRA to make the required payment. Pl.'s 2d Am. Compl., ¶ 70(e).; *see also* Defendant Mahendiran's Responses to Plaintiffs' Second Requests for Admissions (Doc. 251-3) at ¶ 1;[1] Plaintiff Balvant Arora's Verified Answers to Defendant Mahendiran's First Set of Interrogatories (Doc. 251-10) at ¶ 13; Balvant Arora Aff. ¶¶ 4-10 (Doc. 251-9).[2] On April 11, 2022, Defendant Mahendiran produced a copy of the Subscription Agreement executed by Plaintiff Balvant Arora. *See* Exhibit B. Plaintiff Investors had not seen the Balvant Arora Subscription Agreement prior to that date. The agreement produced shows that, while Plaintiff Balvant Arora did execute the contract, he did so on behalf of Krikam Investments LLC. Exhibit A. However, while this was not previously known, it should not have any real or meaningful impact on Plaintiff Balvant Arora's status as the real party in interest in this case.

Plaintiff Balvant Arora is the settlor, owner, and beneficiary of Krikam Investments LLC, a self-directed IRA that he fully controls. Balvant Arora Aff. at ¶¶ 14-16 (Doc. 251-9). Although judicial discussion of these unique entities is rare, especially in the Eleventh Circuit, some district courts, such as the United States District Court for the

---

[1] Defendant Mahendiran admitted that he "signed a Subscription Agreement with each of the Plaintiff Investors individually."
[2] Affidavit was based on Plaintiff Balvant Arora's knowledge and review of other Subscription Agreements in Plaintiff Investors' possession, and notes that Plaintiff Blavant Arora was without a copy of the agreement that he had executed (¶¶ 12-13).

Middle District of Alabama have been faced with similar questions regarding who constitutes the "real party in interest":

> The IRA is set up and structured as a "Self-Directed" IRA, making Sweet the sole decision maker on all investments and actions on behalf of the account. [citation omitted]. Equity Trust Company ("ETC") is a holding company that holds Sweet's IRA assets. ETC does not provide investment advice, money management services, or any other services related to financial investments. [citation omitted]. Instead, ETC serves as a passive custodian "acting solely as custodian to hold IRA assets . . . [with] no discretion" and no fiduciary duty. [citation omitted].
>
> . . .
>
> [A] Self-Directed IRA, like the one at issue here, is unique in that the owner or beneficiary of the IRA acts as a trustee for all intent and purposes. While the IRS and the SEC require that all IRA's be placed with a holding company that serves as a trustee or custodian of the account, it is the owner of the Self-Directed IRA who manages, directs, and controls the investments.

*FBO David Sweet IRA v. Taylor*, 4 F. Supp. 3d 1282, 1284-85 (M.D. Ala. 2014). In *FBO David Sweet IRA*, the individual controlling the self-directed IRA, Mr. Sweet, entered into a contract to purchase property through his IRA. *Id.* at 1284. When that contract was breached, Mr. Sweet filed an action against the other contractual party. The district court found that Sweet - because he essentially controlled every aspect of the IRA and was for all purposes the trustee - was the real party in interest and was the proper plaintiff. "Any other finding would substitute form over function and substantially prejudice [the owner of the IRA] by essentially barring him from any remedy under law." *Id.* at 1285. "[W]ith Self-Directed IRA's, it is individuals - like Sweet - who do all of the contracting, while holding companies like ETC merely disperse the funds." *Id.* at 1286.

6

In another case, the United States District Court for the Northern District of Illinois came to a similar conclusion about the relationship between the settlor/beneficiary and custodian of a self-directed IRA:

> [I]t appears that Equity Trust Company is a purely passive custodian of Wagner's self-directed IRA, not a fiduciary; that Wagner has no authority to enter into transactions on behalf of Equity Trust Company itself (as opposed to his self-directed IRA that Equity Trust Company holds as a passive custodian); that Wagner alone, not Equity Trust Company, controls investments of the assets in his self-directed IRA . . .

*Equity Trust Company Custodian f/b/o Jeffery M. Wagner I.R.A. v. Windwrap, LLC*, 449 F. Supp. 3d 763, 770 (N.D. Ill. 2020). The district court in *Windwrap, LLC* came to the same conclusion as the district court in *FBO David Sweet* - that the individual who controlled the IRA was the real party in interest and the proper plaintiff. "It was Wagner who decided to invest in Winwrap, Wagner who directed the IRA to send it money, and Wafner who now seeks - through his IRA - to recover that investment. The only interests at issue are interests of Wagner or his IRA[.]" *Id.* at 772-73. Additionally, in *Deem v. Baron*, the United States District Court for the District of Utah made the same finding:

> In the New York case of *Vannest v. Sage, Rutty & Co., Inc.*, a plaintiff sued his securities broker for fraud and related activities. The broker argued that Plaintiff could not recover because it was not he who had purchased the securities, but his self-directed IRA. The court held that Plaintiff was the true purchaser and so he had standing: "Because Vannest controlled the investment decisions, he certainly was a purchaser/seller for all practical purposes. Investors in self-directed IRAs have standing as 'purchasers/sellers' to assert claims under the securities laws."
>
> . . .
>
> Since the Plaintiffs named in this action are the true and real parties in interest on every contract which form the basis of this action and since they are the ones most knowledgeable of all the facts and circumstances

7

> surrounding those contracts, and since they are also the ones for who benefit all of the transactions were performed, they are the appropriate parties to prosecute the case.

*Deem v. Baron*, No. 2:15-CV-00755-DS, 2016 WL 8230425, at *1 (D. Utah Apr. 14, 2016).

In the case at hand, Plaintiff Balvant Arora fully controls his self-directed IRA. Balvant Arora Aff., ¶¶ 14-16 (Doc. 251-9). He does not receive any advice or assistance from the holding company which acts solely as his custodian. *Id.* It was Plaintiff Balvant Arora who was solicited by Defendant Mahendiran, who executed the Subscription Agreement, whose assets were used to purchase stock in Nexgen Memantine, Inc., and who was injured as a result of the Defendants' actions. *See, e.g.,* Pl.'s 2d Am. Compl., (Doc. 165); Balvant Arora Aff. at ¶¶ 16-17 (Doc. 251-9). Additionally, neither Defendant Mahendrian or the remaining Defendants are in danger of being held liable by another party for the same damage to Plaintiff Balvant Arora should he remain as a plaintiff. *Steger* 318 F.3d at 1080. As the sole decision maker for his self-directed IRA, Plaintiff Balvant Arora is the real party in interest and is a proper plaintiff in this case, and no substitution is necessary.

### Defendants Have Waived Any Challenge to Plaintiff Balvant Arora as the Real Party in Interest

Rule 17(a) "is for the benefit of a defendant . . . and may be deemed waived." *Steger*, 318 F.3d at 1080. (citing *Audio-Visual Mktg. Corp. v. Omni Corp.*, 545 F.2d 715, 719 (10th Cir. 1976); *Fox v. McGrath*, 152 F.2d 616, 618 (2d Cir. 1985) ("the real-party-in-interest defense . . . is not jurisdictional, but is, indeed, freely waivable.")). The Federal Rules of Civil Procedure do not specify when a real party in interest defense is to be considered

8

waived. However, this Court has previously dealt with such a situation. In *Ocwen Loan Servicing, LLC v. Accredited Home Lenders, Inc.*, No. 6:08-cv-214-Orl-31GJK, 2009 WL 722406 (M.D. Fla. Mar. 18, 2009), the Middle District of Florida found that the defendant, Accredited Home Lenders, Inc. ("AHL") had waived any defense or challenge that the plaintiff was not the real party in interest. This Court noted that: (i) AHL had filed its answer; (ii) first raised initial concerns about the plaintiff's standing in a motion for summary judgment; (iii) and held all of the pertinent contracts needed as grounds for its defense at least since its answer had been filed. *Ocwen Loan Servicing*, 2009 WL 722406, at *2. Where the potential defense or challenge that the plaintiff was not the real party at issue was based on the contract, rather than information gained through factual discovery, AHL was unable to "provide any explanation for its failure to raise this issue" until filing its motion for summary judgment months later. *Id.*

The situation at hand is similar to that of *Ocwen Loan Servicing*. Here, Defendant Mahendiran filed his Answer to the Second Amended Complaint on June 7, 2021. Doc. 174. It was not until February 14, 2022 in a motion for summary judgment that Defendant Mahendiran raised concerns about Krikam Investments LLC being the real party in interest rather than Plaintiff Datta.[3] Doc. 235. While it is unknown at this time for how long Defendant Mahendiran was in possession of the Balvant Arora Subscription Agreement prior to April 11, 2022, the record suggests that he was in possession of the

---

[3] Notably, Defendant Mahendiran did not introduce the Balvant Arora Subscription Agreement in support of his challenge to Plaintiff Balvant Arora's standing, but instead relied only on deposition testimony and the check used to pay Nexgen Memantine for Plaintiff Balvant Arora's stocks. *See* Def.'s Mot. Sum. Judg. at ¶¶ 21-22 (Doc. 235).

9

agreement since before the outset of this case,[4] or at the very least when he filed his motion for summary judgment on February 14, 2022.

### If Plaintiff Balvant Arora As An Individual Is Not the Real Party In Interest, Plaintiff Investors Should Have an Opportunity to Add The Real Party In Interest

As discussed above, the scarce caselaw on self-directed IRAs and real parties in interest suggests that the owner of the self-directed IRA or the self-directed IRA itself is the real party in interest. *FBO David Sweet IRA*, 4 F. Supp. 3d at 1284-85; *Windwrap*, 449 F. Supp. 3d at 770; *Deem*, 2016 WL 8230425, at *1-2. However, these cases focus on the relationship between the custodian of the self-directed IRA and the owner. The concern raised by Defendant Mahendiran in his motion for summary judgment is whether Plaintiff Balvant Arora, as an individual, or Krikam Investments LLC is the real party in interest. Def.'s Mot. Sum. Judg. (Doc. 235).

If this Court finds that Krikam Investments LLC is the real party in interest, as opposed to Plaintiff Balvant Arora as an individual, then it must afford Plaintiff Investors an opportunity to make such a substitution before dismissing any claims currently attributed to Plaintiff Balvant Arora.

> When the real party in interest is not named, Rule 17(a)(3) requires the court to provide an opportunity to substitute in the correct party before the court dismisses the case, provided that the substitution is made within a reasonable time after the objection. The Advisory Committee's comments make clear though, that while the rule was added "in the interests of

---

[4] Balvant Arora signed the Subscription Agreement and mailed it to Nexgen Memantine's address in Tampa, Florida. Balvant Arora Aff. ¶ 11. The agreement states that it is "subject to acceptance by the Company". Exhibit A. Defendant Mahendiran signed the agreement on behalf of Nexgen Memantine, accepting the terms of the agreement as executed by Plaintiff Balvant Arora. *Id.* It can therefore be reasonably expected that Defendant Mahendiran was the last party in possession of the Balvant Arora Subscription Agreement, and was in possession of such at the outset of this case.

10

> justice," "[t]he provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." Fed. R. Civ. P. 17, Advisory Comm. Notes, 1966 Amend. Accordingly, "most courts have interpreted . . . Rule 17(a) as being applicable only when the plaintiff brought the action [in the name of the wrong party] as a result of an understandable mistake, because the determination of the correct party to bring the action is difficult." *Weiburg v. GTE Sw. Inc.*, 272 F.3d 302, 308 (5th Cir. 2001) (citing cases).

*In re Engle Cases*, 767 F.3d 1082, 1109 (11th Cir. 2014). This Court has the authority to add or drop a party from this case in the interests of justice. Fed. R. Civ. P. 21. As discussed in this memorandum, judicial discussion of self-directed IRAs and real parties in interest is scarce.. Plaintiff Balvant Arora believed in good faith that he had executed the Subscription Agreement as an individual and paid the funds with his self-directed IRA. He did not have a copy of the executed Subscription Agreement (Balvant Arora Aff., ¶¶ 10-14), which he did not have an opportunity to review until April 11, 2022 (*see* Exhibit B).

Furthermore, Eleventh Circuit precedent supports the substitution of Plaintiff Balvant Arora as an individual with Balvant Arora on behalf of Krikam Investments LLC if this Court finds that such a substitution is necessary. The Middle District of Florida has previously noted this precedent:

> [T]he United States Court of Appeals for the Eleventh Circuit has held that a district court "does not exceed its power when it takes jurisdiction over a controversy, even if not brought by the real party in interest, as long as there exists a substantial identity of interest between the original plaintiff and the true party in interest, and as long as the pleadings set forth the facts upon which the real party in interest would base its invocation of the court's jurisdiction in its own right." *Delta Coal Program v. Libman*, 743 F.2d 852, 856 (11th Cir. 1984).

11

*Ocwen Loan Servicing,* 2009 WL 722406, at *5. If Plaintiff Balvant Arora, as an individual, is not the real party in interest, Plaintiff Investors should be afforded an opportunity to substitute him with "Balvant Arora on behalf of Krikam Investments LLC." There exists a "substantial identity of interest" between Plaintiff Balvant Arora and Krikam Investments LLC, the self-directed IRA that he controls. *Id.* The facts upon which this Court's jurisdiction has been invoked for Plaintiff Balvant Arora's claims would be the same basis for claims made on behalf of Krikam Investments LLC. *Id.* There is not a single factual allegation in the Second Amended Complaint that would be pled in a materially different manner if this action were to be brought by Balvant Arora f/b/o Krikam Investments LLC. Substitution would therefore be akin to a clerical matter and would not prejudice any of the Defendants.

## CONCLUSION

Where it is almost indistinguishable as to whether Plaintiff Balvant Arora as an individual or on behalf of Krikam Investments LLC is the real party in interest, this Court should find that Plaintiff Balvant Arora in his individual capacity is the real party in interest for the claims in Plaintiff Investors' Second Amended Complaint. Even if Plaintiff Balvant Arora is not the real party in interest, the Defendants have waived their ability to challenge his status. However, if this Court finds that he is not the real party in interest and that substitution is necessary in the interests of justice under Fed. R. Civ. P. 21, Plaintiff Investors should be afforded an opportunity to make the appropriate substitution.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned counsel met and conferred with opposing counsel on this Motion on April 18, 2022, via email, who does not agree on the relief sought in this motion.

Dated: April 18, 2022.

        Respectfully submitted,

        */s/ Joseph F. Southron*
        Joseph F. Southron, Esq.
        Florida Bar No. 122109
        **FOUR RIVERS LAW FIRM**
        Email: joe@fourriverslaw.com
        Email: eservice@fourriverslaw.com
        400 N. Ashley Dr., Suite 1720
        Tampa, Florida 33602
        Telephone: (813) 773-5105
        Facsimile: (813) 773-5103
        Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify on April 18, 2022, a true and correct copy of the forgoing was filed with the Court via CM/ECF system.

        /s/ Joseph Southron
        Joseph F. Southron
        For the Firm