UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JITENDRA JAIN, MANISH ARORA,
HARSH DATTA, BALVANT ARORA
and SCARIYA
KUMARAMANGALAM,

    Plaintiffs,

v.                                            Case No: 8:20-cv-2263-VMC-JSS

NEXGEN MEMANTINE, INC.,
SUREN AJJARAPU, GAJAN
MAHENDIRAN, NEXGEN LIFE
SCIENCES LLC, G&S COAL
TRADERS, LLC, TRXADE GROUP,
INC. and G&S COAL TRADERS
LLC,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs move for entry of a final default declaratory judgment against Defendant Nexgen Memantine, Inc. pursuant to Federal Rule of Civil Procedure 55(b)(2). (Motion, Dkt. 325.) For the reasons that follow, the undersigned recommends that the Motion be denied without prejudice.

### BACKGROUND

Plaintiffs Jitendra Jain, Manish Arora, Harsh Datta, Balvant Arora, and Scariya Kumaramangalam (Plaintiffs) commenced this action by filing a complaint on September 25, 2020. (Dkt. 1.) After a series of amendments and motions to dismiss, on May 14, 2021, Plaintiffs filed their Second Amended Verified Complaint against

Defendants Suren Ajjarapu, Nexgen Memantine, Inc., Annapurna Gundlapalli, Gajan Mahendiran, Nexgen LifeSciences, LLC, Trxade Group, Inc., and G&S Coal Traders, LLC. (Dkt. 165.) The Second Amended Verified Complaint alleges a fraudulent scheme employed by Defendants Ajjarapu, Mahendiran, Gundlapalli, and Memantine, in which Plaintiffs allege that Defendants Ajjarapu and Mahendiran misrepresented and misled Plaintiffs into investing $425,000 of capital in Defendant Memantine, which was used as a shell company by Defendant Ajjarapu to embezzle Plaintiffs' funds to Defendant Mahendiran in a series of wire transfers. (*Id.*) As a result, Plaintiffs asserted direct causes of action against Defendants Ajjarapu, Gundlapalli, Mahendiran, and Memantine, and a single derivative action for breach of fiduciary duty against Defendants Ajjarapu, Gundlapalli, and Mahendiran. (*Id.*)

Plaintiffs now seek entry of default judgment against Memantine. (Dkt. 325.) Although Memantine failed to file a response in opposition, Defendant Mahendiran opposes the entry of default judgment. (Dkt. 328.)

**APPLICABLE STANDARDS**

When a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a). If the plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's request and upon an affidavit of the amount due, must enter a judgment by default. Fed. R. Civ. P. 55(b)(1). In all other cases, the party entitled to judgment must apply to the district court for a default judgment. Fed. R. Civ. P. 55(b)(2). A court may enter a default judgment against a

defendant who never appears or answers a complaint, "for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Federal Rule of Civil Procedure Rule 54(b) provides that where multiple parties are involved, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

## ANALYSIS

Plaintiffs now seek entry of default judgment against Memantine and ask the court to declare the agreements Plaintiffs signed to purchase shares in Memantine, the subscription agreements, *void ab initio*. (Dkt. 325.) Defendant Mahendiran opposes the entry of default judgment, arguing that the entry of a judgment now against Memantine, before the action against him is resolved, creates the possibility of "inconsistent judgments against multiple Defendants." (Dkt. 328 at 2.)

"A defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Essex Ins. Co. v. Moore*, No. 6:11-cv-515-Orl-19KRS, 2011 WL 3235685, at *1 (M.D. Fla. July 28, 2011) (quoting *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000)). Specifically, in cases involving more than one defendant, a judgment of liability should not be entered against a defaulting party alleged to be jointly liable with

other defendants until the matter has been adjudicated with regard to all defendants. *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."). The Eleventh Circuit Court of Appeals has extended this prohibition against logically inconsistent judgments to other cases where "defendants are similarly situated, but not jointly liable." *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984). Consequently, in this Circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Id*. (citing 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2690; 6 Moore's Federal Practice ¶ 55.06). Thus, entry of a default judgment against a defaulted party is inappropriate in a case involving multiple defendants who are jointly liable or similarly situated.

Upon consideration, the court agrees with Mahendiran that entry of a default judgment against Memantine before the action is resolved with regard to Mahendiran creates the possibility of inconsistent outcomes. While Plaintiffs do not specifically allege that Memantine and Mahendiran are jointly liable, Plaintiffs do acknowledge Memantine's "potential vicarious liability, which is dependent on Defendant Mahendiran's own liability." (Dkt. 325 at 7.) Nevertheless, the undersigned finds Memantine to be similarly situated with Mahendiran. For example, each of the remaining counts against Mahendiran are premised upon the subscription agreements between each Plaintiff and Memantine not being deemed *void ab initio*. Thus, should

Plaintiffs ultimately succeed on any count against Mahendiran, the judgment against Mahendiran would be wholly inconsistent with the declaratory judgment Plaintiffs request. *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 167 (11th Cir. 1997) (finding just reason to delay final judgment when the same operative facts served as the basis for each of the plaintiff's legal theories); *Plum Creek Tech., LLC v. Next Cloud, LLC*, No. 8:19-cv-1974-T-60CPT, 2020 WL 3052331, at *6 (M.D. Fla. Feb. 5, 2020) (delaying final default judgment because the remaining claims were predicated on intertwining facts and sought similar relief).

In sum, as Mahendiran continues to dispute the primary bases relied upon by Plaintiffs for entry of a default judgment, Plaintiffs' requested default judgment against Memantine raises the risk of inconsistent verdicts. In other words, if a jury were to find in favor of Mahendiran, granting a default against Memantine now and declaring the subscription agreements to be void may risk an inconsistent verdict. *See PNC Bank, Nat'l Ass'n v. Lucmaur, LLC*, No. 6:14-cv-248-Orl-37KRS, 2014 WL 12629787, at *1–2 (M.D. Fla. Aug. 27, 2014) (finding entering a default judgment against a defendant risked inconsistent judgments because the liability of the defendant was derivative of another defendant actively defending itself); *Bank of the Ozarks v. Arco Cmty. Outreach Coal., Inc.*, No. CV 212-017, 2013 WL 164421, at *2 (S.D. Ga. Jan. 15, 2013) (finding defendants similarly situated where the liability of guarantor defendants was derivative of another defendant's liability). This district "has been sensitive to the risk of inconsistent judgments." *Gov't Emps. Ins. Co. v. KJ Chiropractic Ctr. LLC*, No. 6:12-cv-1138-Orl, 2014 WL 5426565, at *2 (M.D. Fla. Oct. 22, 2014). Thus, to avoid

inconsistent verdicts, it is most prudent to deny Plaintiffs' Motion without prejudice and allow Plaintiffs to reassert their Motion after the claims against Mahendiran are resolved. *See Gov't Emps. Ins. Co. v. Kalin, M.D.*, No. 8:21-cv-2556-VMC-JSS, ECF Doc. 147 (M.D. Fla. June 10, 2022) (noting that "it is the Court's practice not to enter final default judgments against certain defendants while the claims against other defendants are still pending").

Accordingly, it is **RECOMMENDED** that Plaintiffs' Motion for Default Judgment (Dkt. 325) be **DENIED** without prejudice.

**IT IS SO REPORTED** in Tampa, Florida, on December 9, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Virginia M. Hernandez Covington
Counsel of Record