UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JITENDRA JAIN, MANISH ARORA,
HARSH DATTA, BALVANT ARORA
and SCARIYA
KUMARAMANGALAM,

    Plaintiffs,

v.                                              Case No: 8:20-cv-2263-JSS

GAJAN MAHENDIRAN,

    Defendant.
_____/

## ORDER

Following the jury trial in this matter, Defendant Gajan Mahendiran renewed his motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). (Renewed Motion, Dkt. 470.) On November 30, 2023, Mahendiran filed a supplement to his Renewed Motion indicating that the parties had reached an agreement to resolve this matter. (Dkt. 496.) In the supplement, Mahendiran represents that Plaintiffs no longer oppose his Renewed Motion and asks the court to vacate the judgments entered in this matter and grant judgment as a matter of law in Mahendiran's favor. (*Id.*) The court held a hearing on Mahendiran's supplement on December 5, 2023, at which counsel for all parties indicated their agreement with the relief sought in Mahendiran's supplement. (Dkt. 501.) Following the hearing and with the agreement of all parties, counsel for Mahendiran also provided the court with

a proposed order granting the requested relief. Upon consideration and for the reasons stated at the hearing, Mahendiran's Renewed Motion is granted as unopposed and the judgments entered in this action are vacated pursuant to Federal Rule of Civil Procedure 60(b).

## BACKGROUND

This matter proceeded to a jury trial before the undersigned in August 2023 on the remaining counts brought against Mahendiran in Plaintiffs' Second Amended Complaint: Count I for federal securities fraud; Count III for fraudulent securities transactions under Florida law as to liability only; Count V for breach of common law fiduciary duty; and Count VI for violations of Florida's RICO statute. *See* (Dkts. 400, 410, 411, 412, 416, 442.) At the close of Plaintiff's case, Mahendiran orally moved for judgment as a matter of law on all counts pursuant to Federal Rule of Civil Procedure 50(a). (Dkt. 409.) The court heard oral argument from both parties on Mahendiran's oral motion and took the matter under advisement. *See* Trial Tr. vol. V, 47–74. Following the presentation of Defendant's evidence, the case was submitted to the jury, which returned verdicts in Plaintiffs' favor on all counts. (Dkts. 444, 445, 446, 447, 448.) Judgments were thereafter entered in Plaintiffs' favor and against Mahendiran. (Dkts. 454, 455, 456, 457, 458.)

Following entry of the judgments, Plaintiffs filed several post-trial motions, including to correct the judgments (Dkt. 463), for treble damages pursuant to Count VI (Dkt. 464), for an award of taxable costs (Dkt. 465), for an order entitling them to

attorneys' fees (Dkt. 466), and for prejudgment and post-judgment interest (Dkt. 467). Mahendiran filed his Renewed Motion (Dkt. 470) and moved for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(5) (Dkt. 495).

On November 30, 2023, Mahendiran supplemented his Renewed Motion and indicated that the parties had reached a resolution in this matter, subject to the court's vacating the judgments entered against Mahendiran and entering judgment as a matter of law in Mahendiran's favor. (Dkt. 496.) According to the supplement, "the parties jointly request that the Court enter judgment as a matter of law in favor of Defendant Gajan Mahendiran pursuant to Rule 50 on all counts of the Second Amended Complaint pursuant to the parties' stipulation, thus rendering moot all remaining motions by the parties, which will be withdrawn as a result." (*Id.* at 3.)

## ANALYSIS

Federal Rules of Civil Procedure 60(b)(5) and 60(b)(6) provide that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment" when "(5) the judgment has been satisfied, released, or discharged . . . or applying it prospectively it is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The Supreme Court instructs that a decision to vacate a judgment for mootness by reason of a post-judgment settlement "is an equitable one, and exceptional circumstances may conceivably counsel in favor of such a course." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994); *see also* C. Wright, A. Miller & M.K. Kane, Fed. Prac. and Proc. § 2863 (3d ed.) (". . . Rule 60(b) may be

utilized to seek the vacation of a judgment on the ground that the case has been settled so that it would not be equitable to have it remain in effect."). Under the Supreme Court's equitable approach, "courts determine the propriety of granting vacatur by weighing the benefits of settlement to the parties and to the judicial system (and thus to the public as well) against the harm to the public in the form of lost precedent." *Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 828 F.3d 1331, 1336 (11th Cir. 2016). "The precise application of this approach will vary case by case," however, the benefits to the judicial system and public should not be construed narrowly, and "the public interest is also served by settlements when previously committed judicial resources are made available to deal with other matters, advancing the efficiency of the federal courts." *Id.*

Upon weighing the benefits of settlement to the parties and the judicial system, against the harm to the public in the form of lost precedent, vacatur of the judgments entered in this matter is warranted. Initially, the parties have conditioned their settlement on the court's vacating of the judgments entered against Mahendiran (Dkt. 469 at 3), such that "settlement would otherwise be impossible." *Hartford Cas. Ins. Co.*, 828 F.3d at 1336. Further, the resolution of this matter through the agreement of the parties will benefit the judicial system and public interest by curtailing future litigation and obviating the need to expend further judicial resources to resolve the pending post-trial motions. *E.g.*, (Dkts. 463, 464, 465, 466, 467, 470, 495.) As explained by Mahendiran, the parties' settlement "would conclude the need for continued litigation,

including the Court's resolution of the numerous pending motions directed to the verdict, the Clerk's judgment, and motions proposing alternate judgments . . . as well as anticipated appeals, appellate mediation, remand proceedings, and evidentiary hearings on attorneys' fees." (Dkt. 496 at 1–2.) The parties' agreement also resolves Plaintiffs' claims against defaulting Defendant Nexgen Memantine, Inc., which are currently pending in a separate action. *See* (Dkt. 468); *Jain v. Nexgen Memantine, Inc.*, No. 8:23-cv-2157-VMC-JSS (M.D. Fla.). Taken together, these factors "weigh heavily" in favor of vacating the judgments in this matter. *Hartford Cas. Ins. Co.*, 828 F.3d at 1336 ("The parties' interests are best served through the voluntary disposition of this case, and further proceedings are curtailed, conserving judicial resources."); *see also Zurich Am. Ins. Co. v. S.-Owners Ins. Co.*, No. 3:15-cv-1041-J-34PDB, 2019 WL 10854446, at *2 (M.D. Fla. Aug. 6, 2019) ("Moreover, as substantial motions regarding attorney's fees and sanctions remain pending, facilitating the settlement through vacatur promotes the public interest in the efficient use of judicial resources.").

With respect to harm in the form of lost precedent, the Supreme Court cautions that "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *U.S. Bancorp Mortg. Co.*, 513 U.S. at 26; *accord Hartford Cas. Ins. Co.*, 828 F.3d at 1337. Here, the court finds that the public interest would be served by vacatur of the judgments, and the harm to the public in the form of lost precedent is minimal, as

courts have recognized that jury verdicts and decisions based on specific factual circumstances hold little or questionable precedential value. *See, e.g.*, *Henns v. Mony Life Ins. Co. of Am.*, No. 5:11-cv-55-J-37TBS, 2012 WL 13059258, at *1 (M.D. Fla. June 13, 2012) ("[T]he fact specific nature of the findings on which this Court based its summary judgment order make the benefit future litigants would derive from that decision uncertain; however, there is no question that these litigants will benefit from putting this matter to rest."); *Johnson v. Specialized Loan Servicing, LLC*, No. 3:16-cv-178-J-MCR, 2019 WL 8437149, at *3 (M.D. Fla. Sept. 25, 2019) ("Here, the slight precedential value of the Court's ruling due to the fact-specific nature of the Court's findings is just one factor in the analysis and it does not outweigh the other equitable considerations.") (citation and internal marks omitted); *Core Bus. Fin., Inc. v. K.E. Martin Dev. of Pasco, Inc.*, No. 8:19-cv-279-CEH, 2021 WL 1516192, at *2 (M.D. Fla. Apr. 16, 2021) ("The settlement of this case significantly outweighs any precedential value which the public may derive from the narrow holding in this case."); *Mayes v. City of Hammond, Ind.*, 631 F. Supp. 2d 1082, 1090 (N.D. Ind. 2008) ("[G]iven the facts concerning Mr. Hill's case, the likelihood that the judgment in this case would have any issue preclusion (or collateral estoppel) effect in any case other than this one is minimal to the extent that it should not prevent the requested vacatur."). The court therefore finds that the benefits to the parties and judicial system outweigh the harm to the public, and vacatur of the judgments in this action is warranted.

Accordingly:

1. Defendant Mahendiran's Renewed Motion for Judgment as a Matter of Law (Dkt. 470) is **GRANTED** as unopposed pursuant to his supplement thereto (Dkt. 496) and the parties' agreement.  Judgment as a matter of law is entered in favor of Mahendiran on Counts I, III, V, and VI of the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 50.

2. The Judgments entered against Mahendiran (Dkts. 454, 455, 456, 457, 458) are vacated pursuant to Federal Rules of Civil Procedure 60(b)(5) and 60(b)(6).

3. All other pending motions (Dkts. 463, 464, 465, 466, 467, 495) are denied as moot.

4. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**ORDERED** in Tampa, Florida, on December 18, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record